UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MILTON ADLER, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A.,<br><br>Defendant. | No. _____<br><br>**COMPLAINT** |

JUDGE BRICCETTI

13 CV 4866

Plaintiff Milton Adler, by his attorneys, Meiselman, Packman, Nealon, Scialabba & Baker .C., as and for his Class Action Complaint, alleges, with personal knowledge as to his own actions, and upon information and belief as to those of others, as follows:

### Nature Of This Case

1.  This action seeks to redress Defendant Bank of America, N.A.'s ("Bank of America") systematic failure to timely present to the county clerks of New York State proof that mortgages have been satisfied.

2.  N.Y. Real Prop. Acts. Law § 1921 and N.Y. Real Prop. Law § 275 require that mortgagees like Bank of America present to the proper county clerk a satisfaction of mortgage when a mortgagor has paid the entire principle and interest due on a mortgage. The statute provides that a mortgagee who fails to do so within 30 days is liable to the mortgagor for $500; a mortgagee who fails to do so for more than 60 days is liable to the mortgagor for $1000; and a mortgagee who presents a mortgage satisfaction more than 90 days late is liable to the mortgagor for $1500.

3.      Bank of America, the mortgage holder for tens of thousands of homes in New York, systematically fails to timely file mortgage satisfactions, and it is liable to all mortgagees in New York for whom it failed to timely present a satisfaction of mortgage.

## Jurisdiction

4.      Jurisdiction in this civil action is authorized pursuant to 28 U.S.C. § 1332(d), as minimal diversity exists, there are more than 100 Class members, and the amount in controversy is in excess of $5 million.

## Parties

5.      Plaintiff Milton Adler resides in the borough of Manhattan in New York City, New York.

6.      Defendant Bank of America, N.A. is a full-service interstate bank that operates throughout the United States, including in New York State.  The bank, headquartered in Charlotte, North Carolina, is a subsidiary of Bank of America Corporation, which is the largest banking company in the U.S.  Bank of America Corporation is a bank-holding company that is incorporated in Delaware and is also headquartered in Charlotte, North Carolina.

## Operative Facts

7.      One of the unfortunate consequences of the consolidation of the banking industry is that lenders are increasingly located far from the communities in which they offer and provide mortgages.  As a result, banks frequently fail to comply with their obligations to timely file mortgage satisfactions.  Indeed, mortgage satisfactions are often filed months, if not years, after they are due, and sometimes not at all.

8.      This is no mere procedural peccadillo.  Title companies continue to work with buyers and lenders to provide clear title reports in spite of these "open" mortgages created by

2

mortgagees who fail to timely present mortgage satisfactions.  However, there is a real possibility that a large loss by a title company as a result of the widespread failure of banks to timely present mortgage satisfactions may disrupt the entire system for transferring residential property in New York State.  The failure to timely present a mortgage satisfaction can also frustrate landowners who need a marketable title to complete a property sale.

9.      To address lenders' failure to execute and present mortgage satisfactions in a timely manner, the New York Legislature amended N.Y. Real Prop. Acts. Law § 1921 and N.Y. Real Prop. Law § 275 to impose a progressively higher liability upon mortgagees in favor of mortgagors where the mortgage satisfaction is not presented for recording within 30 days.  Such liabilities will amount to $500 after 30 days,  $1,000 after 60 days,  and $1,500 after 90 days.

10.     Plaintiff obtained a mortgage from BNY Mortgage Corporation LLC for his property located at 953-D Heritage Hills in Somers, New York.  That mortgage was subsequently assigned to Seattle Mortgage, and then in 2007 to Bank of America, N.A.  <u>See</u> Exhibit A.

11.     On July 11, 2012, Plaintiff sold the Somers property to Lorraine Serrao, and he used the proceeds from that sale to satisfy all principle, interest and other amounts due to Defendant.  The Bargain and Sale Deed evidencing this sale and the transfer of the deed to Ms. Serrao was recorded on July 18, 2012 in the Office of the Westchester County Clerk.  <u>See</u> Exhibit B.

12.     Bank of America, N.A. was the holder of the mortgage of record on Mr. Adler's real property in Somers, N.Y. at the time he paid the authorized principal, interest and any other amount due under the mortgage.

3.      The Satisfaction of Mortgage was not recorded until August 27, 2012, more than

thirty days after Plaintiff paid to Defendant all principle, interest and other amounts due under

the mortgage.  See Exhibit A.

4.      Plaintiff is not alone.  In fact, based on a review of county records, Bank of

America appears to have failed to timely file mortgage satisfactions in thousands, if not tens of

thousands, of instances.

<u>**Class Action Allegations**</u>

5.      Plaintiff brings this action on his own behalf and additionally, pursuant to Rule 23

of the Federal Rules of Civil Procedure, on behalf of a Class of:

> All persons who were the mortgagor party to a mortgage held by Bank of
> America, N.A. secured by real property located in New York State for which the
> principle, interest and all other amounts due or otherwise owed was completely
> paid after July 12, 2007 but Defendant failed to present a certificate of discharge
> or satisfaction of mortgage within 30 days to the recording officer of the county
> where the mortgage was recorded.  Excluded from the Class is Defendant; any
> parent, subsidiary, or affiliate of Defendant; any entity in which Defendant has or
> had a controlling interest, or which Defendant otherwise controls or controlled;
> and any officer, director, employee, legal representative, predecessor, successor,
> or assignee of Defendant.

6.      This action is brought as a class action for the following reasons:

a.      The Class consists of thousands, if not tens of thousands, of persons and is

therefore so numerous that joinder of all members, whether otherwise required or

permitted, is impracticable;

b.      There are questions of law or fact common to the Class which

predominate over any questions affecting only individual members, including:

i.      whether Defendant failed to timely present certificates of discharge

or satisfactions of mortgage;

4

       ii.        whether Defendant violated N.Y. Real Prop. Acts. Law § 1921; and

       iii.       whether Defendant violated N.Y. Real Prop. Law § 275;

    c.    The claims asserted by Plaintiff are typical of the claims of the members of the Class;

    d.    Plaintiff will fairly and adequately protect the interests of the Class, and Plaintiff has retained attorneys experienced in class and complex litigation;

    e.    Prosecuting separate actions by individual Class members would create a risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for Defendant;

    f.    Defendant has acted on grounds that apply generally to the Class, namely failing to ensure that satisfactions of mortgages are timely presented; and

    g.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy, for at least the following reasons:

       i.        Absent a class action, Class members as a practical matter will be unable to obtain redress and Defendant's violations of its legal obligations will continue without remedy;

       ii.        It would be a substantial hardship for most individual members of the Class if they were forced to prosecute individual actions;

       iii.       When the liability of Defendant has been adjudicated, the Court will be able to determine the claims of all members of the Class;

       iv.       A class action will permit an orderly and expeditious administration of Class claims and foster economies of time, effort, and expense;

v.      The lawsuit presents no difficulties that would impede its

management by the Court as a class action, particularly as Defendant can identify

all Class members using its computerized records; and

vi.      Defendant has acted on grounds generally applicable to Class

members, making class-wide monetary relief appropriate.

## FIRST CAUSE OF ACTION
### (Violation of N.Y. Real Prop. Acts. Law § 1921)

17.     Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1-16 above

as if fully set forth herein.

18.     N.Y. Real Prop. Acts. Law § 1921 provides that:

After payment of authorized principal, interest and any other amounts due
hereunder or otherwise owed by law has actually been made . . . a mortgagee of
real property situate in this state, unless otherwise requested in writing by the
mortgagor or the assignee of such mortgage, must execute and acknowledge
before a proper officer, in like manner as to entitle a conveyance to be recorded, a
satisfaction of mortgage, and thereupon within thirty days arrange to have the
satisfaction of mortgage: (a) presented for recording to the recording officer of the
county where the mortgage is recorded, or (b) if so requested by the mortgagor or
the mortgagor's designee, to the mortgagor or the mortgagor's designee. Failure by
a mortgagee to present a certificate of discharge for recording shall result in the
mortgagee being liable to the mortgagor in the amount of five hundred dollars if
he or she fails to present such certificate within thirty days, shall result in the
mortgagee being liable to the mortgagor in the amount of one thousand dollars if
he or she fails to present a certificate of discharge for recording within sixty days
or shall result in the mortgagee being liable to the mortgagor in the amount of one
thousand five hundred dollars if he or she fails to present a certificate of discharge
for recording within ninety days.

19.     Defendant systematically fails to timely present certificates of discharge, as

required by N.Y. Real Prop. Acts. Law § 1921.

20.     By reason of the foregoing, Defendant has violated N.Y. Real Prop. Acts. Law §

1921. Defendant is liable to Plaintiff and the other members of the Class for the statutory

damages that are due.

6

## SECOND CAUSE OF ACTION
### (Violation of N.Y. Real Prop. Law § 275)

21.     Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1-16 above as if fully set forth herein.

22.     N.Y. Real Prop. Law § 275 provides that:

Whenever a mortgage upon real property is due and payable, and the full amount of principal and interest due on the mortgage is paid, a certificate of discharge of mortgage shall be given to the mortgagor or person designated by him or her, signed by the person or persons specified in section three hundred twenty-one of this chapter. The person signing the certificate shall, within thirty days thereafter, arrange to have the certificate presented for recording to the recording officer of the county where the mortgage is recorded. Failure by a mortgagee to present a certificate of discharge for recording shall result in the mortgagee being liable to the mortgagor in the amount of five hundred dollars if he or she fails to present such certificate within thirty days, shall result in the mortgagee being liable to the mortgagor in the amount of one thousand dollars if he or she fails to present a certificate of discharge for recording within sixty days and shall result in the mortgagee being liable to the mortgagor in the amount of one thousand five hundred dollars if he or she fails to present a certificate of discharge for recording within ninety days.

23.     Defendant systematically fails to timely present certificates of discharge, as required by N.Y. Real Prop. Law § 275.

24.     By reason of the foregoing, Defendant has violated N.Y. Real Prop. Law § 275. Defendant is liable to Plaintiff and the other members of the Class for the statutory damages that are due.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendant as follows:

1. Certifying this action as a class action, with a Class as defined above;

2. On Plaintiff's First Cause of Action, awarding against Defendant statutory damages that Plaintiff and the other members of the Class are due as a result of Defendant's actions;

3. On Plaintiff's Second Cause of Action, awarding against Defendant statutory damages that Plaintiff and the other members of the Class are due as a result of Defendant's actions;

4. Awarding Plaintiff and the Class such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Federal Rule of Civil Procedure Rule 38, Plaintiff hereby demands a trial by jury.

Dated:    July 12, 2013
          White Plains, New York

MEISELMAN, PACKMAN, NEALON
SCIALABBA & BAKER P.C.

By: _____
    D. Greg Blankinship
    Todd S. Garber
    Jeremiah Frei-Pearson
    1311 Mamaroneck Avenue
    White Plains, New York 10605
    (914) 517-5000

8



*522293190STM001X*

| The Office of the Westchester County Clerk: This page is part of the instrument; the County Clerk will rely on the information provided on this page for purposes of indexing this instrument. To the best of submitter's knowledge, information contained on this Recording and Endorsement Cover Page is consistent with the information contained in the attached document. |
|---|

# Westchester County Recording & Endorsement Page

## Submitter Information

| | | | |
|---|---|---|---|
| Name: | RECONTRUST COMPANY N.A. | Phone: | 480-224-6507 |
| Address 1: | 2575 WEST CHANDLER BLVD. | Fax: | |
| Address 2: | MS: AZ1-804-02-11 | Email: | GWENDOLYN.ALBINO@RECONTRUS |
| City/State/Zip: | CHANDLER AZ 85224 | Reference for Submitter: | ADLER FRANCES |

## Document Details

| | | | |
|---|---|---|---|
| Control Number | **522293190** | Document Type: | **Satisfaction of Mortgage (STM)** |
| Package ID: | 20120816000083001003 | Document Page Count: **2** | Total Page Count: **3** |

## Parties

☐ Additional Parties on Continuation page

| | 1st PARTY | | | 2nd PARTY | |
|---|---|---|---|---|---|
| 1: | ADLER FRANCES | - Individual | 1: | BNY MORTGAGE CO LLC | - Other |
| 2: | ADLER MILTON | - Individual | 2: | | |

## Property

☐ Additional Properties on Continuation page

| | | |
|---|---|---|
| Street Address: | | Tax Designation: |
| City/Town: | | Village: |

## Cross- References

☐ Additional Cross-Refs on Continuation page

| | | | |
|---|---|---|---|
| 1: 431970455 | 2: | 3: | 4: |

## Supporting Documents

| Recording Fees | | Mortgage Taxes | |
|---|---|---|---|
| Statutory Recording Fee: | $40.00 | Document Date: | |
| Page Fee: | $15.00 | Mortgage Amount: | |
| Cross-Reference Fee: | $1.50 | | |
| Mortgage Affidavit Filing Fee: | $0.00 | Basic: | $0.00 |
| RP-5217 Filing Fee: | $0.00 | Westchester: | $0.00 |
| TP-584 Filing Fee: | $0.00 | Additional: | $0.00 |
| Total Recording Fees Paid: | $56.50 | MTA: | $0.00 |
| **Transfer Taxes** | | Special: | $0.00 |
| Consideration: | $0.00 | Yonkers: | $0.00 |
| Transfer Tax: | $0.00 | Total Mortgage Tax: | **$0.00** |
| Mansion Tax: | $0.00 | | |
| Transfer Tax Number: | | Dwelling Type: | Exempt: ☐ |
| | | Serial #: | |

| RECORDED IN THE OFFICE OF THE WESTCHESTER COUNTY CLERK | Record and Return To |
|---|---|
| Recorded: 08/27/2012 at 04:08 PM<br>Control Number: **522293190**<br>Witness my hand and official seal<br><br>Timothy C.Idoni<br>Westchester County Clerk | ☐ Pick-up at County Clerk's office<br><br><br>RECONTRUST COMPANY, N.A.<br>2575 W. CHANDLER BLVD<br>MS: AZ1-804-02-11<br>CHANDLER, AZ 85224 |

## SATISFACTION OF MORTGAGE

KNOW     LL MEN BY THESE PRESENTS,
that         Bank of America, N.A.
            2575 W. Chandler Blvd., Mail Stop: AZ 1-804-02-11, Chandler, AZ 85224

the follo   ng Mortgage has been paid or has otherwise been satisfied or discharged and does hereby consent that the
same be    scharged of record.

A certain   adenture of Mortgage bearing the date 03/07/2003 made and executed by FRANCES ADLER and
MILTO!     DLER to BNY MORTGAGE COMPANY LLC and recorded in the Office of the Clerk of the County of
Westche    r, New York on 07/29/2003 in Liber N/A of Mortgages at Page N/A as Document Number 431970455 for
the amot    of $280,749.00 and has not been assigned Assigned from BNY MORTGAGE COMPANY LLC to
SEATTI     MORTGAGE by Assignment dated 03/07/2003 and recorded in the Office of the Clerk of the County of
Westche    r, New York on 07/29/2003 in Liber N/A at Page N/A as Document Number 431970460 Assigned from
SEATTI     MORTGAGE COMPANY to BANK OF AMERICA, N.A. by Assignment dated 07/10/2007 and
recorded    the Office of the Clerk of the County of Westchester, New York on 08/02/2007 in Liber N/A at Page N/A
as Docur   at Number 472070660

Section     13,  Block 20,  Lot 19.9534 ,  Unit

County o    'own: Westchester
Street Ac   ess: 953-D HERITAGE HILLS, SOMERS NY 10589

Interim A  ignment(s):

| From |  | To |  | Recording Information |
|------|--|----|--|----------------------|
|      |  |    |  |                      |
|      |  |    |  |                      |

Which m    gage has not been further assigned of record.

Dated:    7/20/12

                                        Bank of America, N.A.

                                        Andrea S. Long,  Assistant Vice President

                                        DOCID#00068D110025432992005N
                                        Document Prepared By:
                                        Kandace Dowe

**NIFORM FORM CERTIFICATE OF ACKNOWLEDGMENT**
(Outside of New York State)

Attached   Satisfaction of Mortgage
Date: ____ . 20 . 12
2 pages in  uding this page

STATE C  North Carolina, COUNTY OF Guilford )

On the ___ 20 day of _____ in
the year __ 2012 before me, the undersigned,
personally  appeared Andrea S. Long, Assistant Vice
President,  ersonally known to me or proved to me on the
basis of sa  factory evidence to be the individual whose
name is su  cribed to the within instrument and
acknowle  d to me that he/she executed the same in
his/her cap  ity and that by his/her signature on the
instrumen  he individual, or the person upon behalf of
which the  dividual acted, executed the instrument.

Notary Pu  c

L. GAIL ISLEY
NOTARY PUBLIC
ALAMANCE COUNTY
NORTH CAROLINA
MY COMMISSION EXPIRES MAY 26, 2015

Satisfactio  f Mortgage
Title No.

TO

Mail Recorded Satisfaction To:
MILTON ADLER

35 PARK AVE
NEW YORK NY 10016

Reserve thi  pace for recording office

The Office of the Westchester County Clerk This page is part of the instrument; the County Clerk will rely on the information provided on this page for purposes of indexing this instrument. To the best of the submitter's knowledge the information contained on this Recording and Endorsement Cover Page is consistent with the information contained in the attached document.



*521733035DED005T*

## Westchester County Recording & Endorsement Page

### Submitter Information

| | | | |
|---|---|---|---|
| Name: | Land Transfer Ltd. (pick up by Larry Hanley) | Phone: | 914-684-9835 |
| Address 1: | 188 E. Post Road | Fax: | 914-684-9802 |
| Address 2: | Suite #200 | Email: | landtransferltd@yahoo.com |
| City/State/Zip: | White Plains NY 10601 | Reference for Submitter: | LT8779 |

### Document Details

| | | | | | |
|---|---|---|---|---|---|
| Control Number | **521733035** | Document Type: | **Deed (DED)** | | |
| Package ID: | 20120621000180010001 | Document Page Count: | **3** | Total Page Count: | **4** |

### Parties

☐ Additional Parties on Continuation page

| | 1st PARTY | | | 2nd PARTY | |
|---|---|---|---|---|---|
| 1: | ADLER MILTON | - Individual | 1: | SERRAO LORRAINE K | - Individual |
| 2: | | | 2: | | |

### Property

☐ Additional Properties on Continuation page

| | | |
|---|---|---|
| Street Address: | 953D HERITAGE HILLS 953D | Tax Designation: 6.13-20-19.9534 |
| City/Town: | SOMERS | Village: |

### Cross- References

☐ Additional Cross-Refs on Continuation page

| | | | |
|---|---|---|---|
| 1: | 2: | 3: | 4: |

### Supporting Documents

| | |
|---|---|
| 1: RP-5217 | 2: TP-584 |

### Recording Fees

| | |
|---|---|
| Statutory Recording Fee: | $40.00 |
| Page Fee: | $20.00 |
| Cross-Reference Fee: | $0.00 |
| Mortgage Affidavit Filing Fee: | $0.00 |
| RP-5217 Filing Fee: | $125.00 |
| TP-584 Filing Fee: | $5.00 |
| Total Recording Fees Paid: | **$190.00** |

### Transfer Taxes

| | |
|---|---|
| Consideration: | $330,000.00 |
| Transfer Tax: | $1,320.00 |
| Mansion Tax: | $0.00 |
| Transfer Tax Number: | 43368 |

### Mortgage Taxes

| | |
|---|---|
| Document Date: | |
| Mortgage Amount: | |
| Basic: | $0.00 |
| Westchester: | $0.00 |
| Additional: | $0.00 |
| MTA: | $0.00 |
| Special: | $0.00 |
| Yonkers: | $0.00 |
| Total Mortgage Tax: | $0.00 |
| Dwelling Type: | Exempt: ☐ |
| Serial #: | |

RECORDED IN THE OFFICE OF THE WESTCHESTER COUNTY CLERK

| | |
|---|---|
| Recorded: | 07/18/2012 at 11:07 AM |
| Control Number: | **521733035** |

Witness my hand and official seal

Timothy C.Idoni
Westchester County Clerk

### Record and Return To

☐ Pick-up at County Clerk's office

GEORGE S. BELLANTONI, ESQ.
56 GREENRIDGE AVENUE

WHITE PLAINS, NY 10605

— Bargain and Sale Deed, with Covenant against Grantor's Acts — Individual or Corporation (Single Sheet)

CONS∣  ⋅ YOUR LAWYER BEFORE SIGNING THIS INSTRUMENT—THIS INSTRUMENT SHOULD BE USED BY LAWYERS ONLY.

THI∣  NDENTURE, made the  *11*ᵗʰ  day of July  , in the year 2012

BET∣  EEN

MIL∣  N ADLER, RESIDING AT 35 PARK AVENUE, NEW YORK, NEW YORK  10016

party  the first part, and

LOR∣  INE K. SERRAO, RESIDING AT 23 ORCHARD DRIVE, ARMONK. NEW YORK  10504

party ⋅  the second part,

WIT∣  SSETH, that the party of the first part, in consideration of  ten

dollars

paid ∣  the party of the second part, does hereby grant and release unto the party of the second part, the heirs
or suc∣  sors and assigns of the party of the second part forever,

ALL∣  d certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate,
lying ∣  ∣ being in the

SEE ∣  SCRIPTION ANNEXED HERETO AS SCHEDULE "A"

This unit is intended to be used for Residential use only.

Bea∣  and Intended to be the same premises conveyed by deed, dated
Oc∣  ∣8er 30, 2006, Recorded January 10, 2007 in Control # 463410621

TOGE∣  iER with all right, title and interest, if any, of the party of the first part in and to any streets and roads
abuttin∣  he above described premises to the center lines thereof; TOGETHER with the appurtenances and all
the esta∣  and rights of the party of the first part in and to said premises; TO HAVE AND TO HOLD the premises
herein∣  ented unto the party of the second part, the heirs or successors and assigns of the party of the second
part for∣  er.

AND ∣  party of the first part covenants that the party of the first part has not done or suffered anything whereby
the said∣  'remises have been encumbered in any way whatever, except as aforesaid.
AND ∣  party of the first part, in compliance with Section 13 of the Lien Law, covenants that the party of the
first pa∣  vill receive the consideration for this conveyance and will hold the right to receive such consideration as
a trust f∣  d to be applied first for the purpose of paying the cost of the improvement and will apply the same first
to the p∣  ment of the cost of the improvement before using any part of the total of the same for any other purpose.
The wo∣  "party" shall be construed as if it read "parties" whenever the sense of this indenture so requires.

IN WT∣  ESS WHEREOF, the party of the first part has duly executed this deed the day and year first above
written.

IN PRE∣  NCE OF∣

_milton adler_
MILTON ADLER
by Denise Jaffe, agent
by Denise Jaffe, as agent

# LAND TRANSFER LIMITED

### Title No. LT8779

### SCHEDULE A

THE UNIT known as Unit No. 953D·(hereinafter called the "Unit") in the Declaration establishing a plan for Condominium ownership of said Building and the land on which it is erected (hereinafter called the "Property") made by the Grantor under the Condominium Act of the State of New York (Article 9-B of the Real Property Law of the State of New York) dated May 21, 1985, and recorded in the Office of the Clerk of Westchester County, Division of Land Records, on the 24th day of May 1985 in Liber 8109 of conveyances at page 138 (hereinafter called the "Declaration") and also designated as Tax Lot No. 19.9534, Section 6.13, Block 20 on the Tax Rolls of the Assessor of the Town of Somers and further designated and shown on the Floor Plans certified by Drexel E. Yeager dated the 23rd day of April 1985 and filed in the Office of the Clerk of Westchester County, Division of Land Records, on May 24, 1985 as Map No. 21943. The land on which the Building containing the Unit is located (and on which the other buildings forming a part of Heritage Hills of Westchester Condominium 19 are located) is described as follows:

All that certain plot, piece or parcel of land, situate, lying and being in the Town of Somers, County of Westchester and State of New York, known as Condominium 19 and shown on a certain map entitled, "Map of Condominium Number Nineteen, Heritage Hills of Westchester, Town of Somers, Westchester County, New York", said map filed in the Division of Land Records, on July 23, 1984 as Map No. 21653.

TOGETHER with an undivided 1.045 percent interest in the common elements of the Property as defined in the Declaration (hereinafter called the "Common Elements").

Policy insures ingress and egress over the interior roads of the Condominium to the nearest public highway.

FOR
CONVEYANCI 3 TOGETHER with all the right, title and interest of the party of the first part, of, in and to
ONLY the land lying in the street in front of and adjoining said premises.

**ACKNOWLEDGMENT TAKEN IN NEW YORK STATE**

State of New York   County of Westchester   , ss:

On the 11st day of July , in the year 2012 , before me the undersigned, personally appeared Denise Jaffe personally known to me or proved to me on the basis of satisfactory evidence, to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that (he) (she) (they) executed the same in (his) (her) (their) capacity(ies), and that by (his) (her) (their) signature(s) on the instrument, the individual(s) or the person upon behalf of which the individual(s) acted, executed the instrument.

*Antonia A Smith*

```
┌─────────────────────────────────────┐
│        ANTONIA A. SMITH              │
│   Notary Public, State of New York   │
│     Registration #01SM6083333        │
│   Qualified in Westchester County    │
│  Commission Expires Nov. 12, 20 14   │
└─────────────────────────────────────┘
```

**ACKNOWLEDGMENT TAKEN IN NEW YORK STATE**

State of    County of    , ss:

On the    day    , in the year 20    , before me the undersigned, personally appeared    personally known to me or proved to me on the basis of satisfactory evidence, to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that (he) (she) (they) executed the same in (his) (her) (their) capacity(ies), and that by (his) (her) (their) signature(s) on the instrument, the individual(s) or the person upon behalf of which the individual(s) acted, executed the instrument.

**ACKNOWLEDGMENT BY SUBSCRIBING WITNESS TAKEN IN NEW YORK STATE**

State of    County of    , ss:

On the    day    , in the year 20    , before me the undersigned, personally appeared    the subscribing witness to the foregoing instrument, with whom I am personally acquainted, who being by me duly sworn, did depose and say, that (he) (she) (they) reside(s) in    that (he) (she) (they) know(s)    to be the individual described in and who executed the foregoing instrument; that said subscribing witness was present and saw said    execute the same; and that said    witness at the same time subscribed (his) (her) (their) name(s) as a witness thereto.

**ACKNOWLEDGMENT TAKEN OUTSIDE NEW YORK STATE**

* State of County of    , ss:
* (or insert District of Columbia, Territory, Possession or Foreign Country)

On the    day    , in the year 20    , before me the undersigned, personally appeared    personally known to me or proved to me on the basis of satisfactory evidence, to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that (he) (she) (they) executed the same in (his) (her) (their) capacity(ies), and that by (his) (her) (their) signature(s) on the instrument, the individual(s) or the person upon behalf of which the individual(s) acted, executed the instrument.

---

**BARGAIN AND SALE DEED**

Title No. LT8779

MiLTON ADLER .
To
LORRAINE K. CERRAO

Section:   6.13

Block:   2D

Lot:   19-9534

County or Town: SOMERS

**RETURN BY MAIL TO**

GEORGE S. BELLANTONI, ESQ.
56 GREENRIDGE AVENUE
WHITE PLAINS, NY 10605

Distributed By **Chicago Title Insurance Company**

