UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

MILTON ADLER,
on behalf of himself
and all others similarly situated,

    Plaintiff,

  -against-

BANK OF AMERICA, N.A.,

    Defendant.

---

Civil Action No. 13-cv-4866 (VB)

**MEMORANDUM OF LAW IN SUPPORT
OF PLAINTIFF'S MOTION TO SUBSTITUTE**

{00268222 }

## PRELIMINARY STATEMENT

Ms. Denise Jaffe and Mr. Daniel Adler, the co-executors of deceased Plaintiff Mr. Milton Adler's Estate, by and through their attorneys, hereby submit this Memorandum of Law in Support of Their Motion to Substitute themselves for Mr. Milton Adler pursuant to Rule 25 of the Federal Rules of Civil Procedure.

## STATEMENT OF FACTS

On July 12, 2013, Plaintiff Milton Adler filed a class action complaint against Defendant Bank of America, N.A. ("BANA"), alleging that Defendant failed to present a Satisfaction of Mortgage in a timely manner as required under N.Y. Real Prop. Acts. Law § 1921 and N.Y. Real Prop. Law § 275.  Dkt. No. 1.  On September 30, 2013, Defendant filed a motion to dismiss Plaintiff's claims.  Dkt. No. 21.  After the parties fully briefed Defendant's motion, the Court entered an Order denying Defendant's motion to dismiss on July 17, 2014.  Dkt. No. 39.  Plaintiff's Counsel attempted to contact Mr. Adler to notify him of the Court's denial of Defendant's motion to dismiss.  Declaration of D. Greg Blankinship ("Blankinship Dec."), at ¶ 2.  However, Plaintiff's Counsel was unable to reach Mr. Adler.  *Id*.  On July 26, 2014, Plaintiff's Counsel visited Plaintiff's apartment located in New York City.  *Id*. at ¶ 3.  Plaintiff's Counsel learned from the doorman that Mr. Milton Adler had passed away.  *Id*.  Plaintiff's Counsel thereafter diligently tried to contact Mr. Adler's estate.  *Id*.

On August 25, 2014, the Court held the Initial Case Management and Scheduling Conference in this matter as well as in *Whittenburg v. Bank of America, N.A*., No. 14-0947.  Plaintiff's Counsel notified the Court of Plaintiff Milton Adler's passing and Plaintiff's Counsel's attempts to reach Milton Adler's estate.

On September 22, 2014, Plaintiff's Counsel spoke to Milton Adler's daughter, Denise Jaffe, who agreed to continue the case on her father's behalf, with her brother Daniel Adler, as co-executors of Mr. Milton Adler's estate.  Blankinship Dec. at ¶ 4.

## ARGUMENT

### I.   STANDARD OF REVIEW

Rule 25(a)(1) of the Federal Rules of Civil Procedure provides for substitution of parties in the event of the death of a party and provides as follows:

> *Substitution if the Claim Is Not Extinguished*.  If a party dies and the claim is not extinguished, the court may order substitution of the proper party.  A motion for substitution may be made by any party or by the defendant's successor or representative.  If the motion is not made within 90 days after service of a statement noting the death, the action by or against decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1).  The Second Circuit has held that "[a] motion to substitute made within the prescribed time will ordinarily be granted, but under the permissive language of [Rule 25(a)(1)] . . . it may be denied by the court in the exercise of a sound discretion if . . . circumstances have arisen rendering it unfair to allow substitution."  *Saylor v. Bastedo*, 623 F.2d 230, 236 (2d Cir. 1980).  When determining a motion to substitute a party, this Court must decide whether (1) the motion is timely; (2) the movant's claims have not been extinguished by the death; and (3) the movant proposes a proper party for substitution.  *See Roe v. City of New York*, No. 00-9062, 2003 WL 22715832, at *1 (S.D.N.Y. Nov. 19, 2003).

### II.   PLAINTIFF'S MOTION FOR SUBSTITUTION IS TIMELY

Plaintiff files this motion for substitution concurrently with the filing of statement of death.  Therefore, Plaintiff is within the 90 day period of filing a motion for substitution.  *See Perlow v. Commissioner of Social Sec.*, No. 10- 1661, 2010 WL 4699871, at * 1 (E.D.N.Y. Nov.

10 2010) ("[S]ince the death certificate . . . and the motion for substitution were contemporaneously filed, the motion is timely.").

### III.   PLAINTIFF'S CLAIM HAS NOT BEEN EXTINGUISHED

The Second Circuit has held that a claim survives an injured party's death "if applicable state law creates a right of survival." *Barrett v. U.S.*, 689 F.2d 324, 331 (2d Cir. 1982); *see also Johnson v. Morgenthau*, 160 F.3d 897, 898 (2d Cir. 1998).   N.Y. Est. Powers & Trusts Law § 11-3.1 states as follows:

> Any action, other than an action for injury to person or property, may be maintained by and against a personal representative in all cases and in such manner as such action might have been maintained by or against his decedent.

N.Y. Est. Powers & Trusts Law § 11-3.1.   Therefore, Ms. Denise Jaffe and Mr. Daniel Adler, the co-executors of deceased Plaintiff Mr. Milton Adler's Estate, can plainly maintain this action against Defendant.  *See, e.g.*, *Karoon v. Franklin, Weinrib, Rudell & Vassallo, P.C.*, No. 09-6362 DLC, 2010 WL 2143671, at *7 (S.D.N.Y. May 27, 2010) aff'd, 426 F. App'x 20 (2d Cir. 2011) ("A decedent's executor or administrator can maintain a cause of action for breach of contract that the decedent would have had.") (citing N.Y. Est. Powers & Trusts § 11–3.1); *Weinstein v. Hohenstein*, 69 N.Y.2d 1017, 517 N.Y.S.2d 907, 511 N.E.2d 51 (1987) (decedent's death did not bar her estate from maintaining an action relating to cooperative conversion); *Glacius v. Fogel*, 88 N.Y. 434, 434 (1882) (where a mortgagor is dead, his personal representatives may be made parties to an action to foreclose the mortgage).

### IV.   DENISE JAFFE AND DANIEL ADLER ARE PROPER PARTIES FOR SUBSTITUTION

A "proper party" for substitution is either a "representative of the deceased party's estate" or a "successor of the deceased party." *Garcia v. City of New York*, No. 08-2152, 2009 WL 261365, at *1 (E.D.N.Y. Feb. 4, 2009) (citations and internal quotation marks omitted).   A

"representative" is "a person who has received letters to administer the estate of the decedent, usually the appointed administrator or executor of the decedent's estate." *Id*. (citations omitted). A "successor' is a distributee of the decedent's estate where the estate has been distributed, without being filed for probate, at the time the motion for substitution is made. *Id*. (citations omitted).

Denise Jaffe and Daniel Adler are co-executors of Plaintiff Milton Adler's estate as well as the distributee of the estate. Therefore, they are proper parties for substitution.

## CONCLUSION

For the reasons set forth above, Ms. Denise Jaffe and Mr. Daniel Adler's Motion for Substitution should be granted, and Ms. Denise Jaffe and Mr. Daniel Adler, in their capacity as co-executors of Plaintiff Milton Adler's estate, should be substituted as Plaintiffs in this action.

DATED:  October 30, 2014

**FINKELSTEIN, BLANKINSHIP,
FREI-PEARSON & GARBER, LLP**

By:*/s/ D. Greg Blankinship*
D. Greg Blankinship
1311 Mamaroneck Avenue, Suite 220
White Plains, New York 10605
Tel: (914) 298-3281
Fax: (914) 824-1561
gblankinship@fbfglaw.com

Attorneys for Plaintiff