UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

_____

DENISE JAFFE and DANIEL ADLER,
in their capacity as Co-executors
of Milton Adler's estate, on behalf of themselves
and all others similarly situated,

                   Plaintiffs,

                   Civil Action No. 13-cv-4866 (VB)

    -against-

BANK OF AMERICA, N.A.,

                   Defendant.
_____

## RULE 26(f) INITIAL REPORT

Plaintiffs Denise Jaffe and Daniel Adler, in their capacity as co-executors of Milton Adler's estate, and Defendant Bank of America, N.A. (together, "the parties") by their respective undersigned counsel, jointly submit to the Court this Rule 26(f) Initial Report and proposed Civil Case Discovery Plan and Scheduling Order, pursuant to the Court's Initial Pretrial Case Management Procedures for cases designated for inclusion in the Pilot Project Regarding Case Management Techniques for Complex Civil Cases in the Southern District of New York ("Pilot Project").

1. **Possible limitations on document preservation (including electronically stored information)**

   None.

2. **Appropriateness of initial disclosures pursuant to Rule 26(a)(1)**

   The parties shall exchange initial disclosures no later than May 29, 2015.

3.  **Possibility of a stay or limitation of discovery pending a dispositive motion**

    There is no pending dispositive motion.

4.  **Possibility of communication/coordination between the Magistrate Judge and District Judge with respect to pretrial matter**

    The parties agree that communication between the Magistrate Judge and District Judge with respect to discovery matters would be appropriate.

5.  **Preliminary issues that are likely to arise that will require court intervention**

    The parties are not aware of any preliminary issues that are likely to arise that will require court intervention.

6.  **Discovery issues that are envisioned and how discovery disputes will be resolved**

    The parties do not have any discovery issues envisioned.

7.  **Proposed discovery including:**

    a.  **Limitations on types of discovery beyond those in the Rules (i.e., waiver of interrogatories, requests for admission, expert depositions)**

        The parties have agreed that requests for admission shall be limited to thirty served by Plaintiffs and thirty served by Defendant. For purposes of this limitation, each distinct subpart will be treated as a separate request for admission.

        The parties have also agreed that solely for purposes of discovery, discovery in this case should be consolidated with the discovery proceedings in *Whittenburg v. Bank of America, N.A.*, Case No. 14-cv-00947 and *Zweig v. Mortgage Electronic Registration Systems, Inc.*, Case No. 14-cv-00647.

    b.  **Limitations on scope of discovery**

        Three years statute of limitations applies pursuant to CPLR 214(2).

        Discovery shall not include discovery concerning commercial mortgages.

    c.  **Limitations on timing and sequence of discovery**

        Expert discovery is to follow fact discovery.

    d.  **Limitations on restoration of electronically-stored information**

Information will not be restored beyond the applicable statute of limitations.

e. **Agreement to allow depositions of trial witnesses named if not already deposed**

The parties agree to allow depositions of trial witnesses named if not already deposed.

f. **Preservation depositions**

None.

g. **Foreign discovery and issues anticipated**

None.

8. **Schedule (as appropriate and possibly excluding public agency cases) including:**

a. **Date(s) for completion of discovery**

Fact discovery shall be completed by September 3, 2015.

Expert discovery shall be completed by December 3, 2015.

b. **Date(s) for dispositive motions**

The parties agree that motions for summary judgment shall be filed by thirty days after the later of (i) a ruling on Plaintiffs' class certification motion and (ii) the completion of fact discovery.

Plaintiffs' Motion for Class Certification shall be filed by July 3, 2015.

c. **Date(s) for exchange for expert reports**

The parties propose the following:
Plaintiffs' expert report shall be served by October 2, 2015.
Defendant's expert report shall be served by November 3, 2015.
Expert depositions shall be held by November 17, 2015.
Rebuttal expert reports shall be served by December 3, 2015.

d. **Date(s) for exchange of witness lists**

The parties propose that witness lists shall be served with the Final Joint Trial Report.

e. **Date(s) for Joint Preliminary Trial Reports and Final Joint Trial Reports**

Joint Preliminary Trial Reports and Final Joint Trial Reports shall be filed no later than one month after the latter of the date on which the Court issues an order on (i) class certification and (ii) any summary judgment motions.

### f. Date for Case Management Conference

Case Management Conference is to be held two months after the latter of the date on which the Court issues an order on (i) class certification and (ii) any summary judgment motion.

## 9. Issues to be tried

The parties cannot at this time meaningfully determine the factual or legal issues to be tried.

## 10. Bifurcation

There will be no bifurcation of class discovery and merits discovery.

## 11. Class certification issues

None at this time.

## 12. ADR/mediation

The parties cannot at this time meaningfully determine whether the parties will attend an ADR/mediation session or not.

## 13. Possibility of consent to trial before a Magistrate Judge

The parties do not consent to trial before a Magistrate Judge.

## 14. Pleadings, including sufficiency and amendments, and the likelihood and timing of amendments

Plaintiffs do not anticipate any amendments to Plaintiffs' current complaint.

## 15. Joinder of additional parties, and the likelihood and timing of joinder of additional parties

The parties do not at this time anticipate that there will be a need for the joinder of additional parties.

## 16. Expert witnesses (including necessity or waiver of expert depositions)

The parties cannot at this time state whether expert witnesses will be necessary. Should the parties agree that expert witnesses will be necessary, the parties agree that expert depositions of such witnesses will be necessary.

**17. Damages (computation issues and timing of damages discovery)**

None.

**18. Final pretrial order (including possibility of waiver of order)**

The parties cannot at this time meaningfully determine the final pretrial order or the possibility of waiver of order.

**19. Possible trial-ready date**

If a trial is required, the parties contemplate being ready to try this case approximately four months after the latter of the date on which the Court issues its decision (i) on class certification and (ii) any summary judgment motion.

**20. Court logistics and mechanics (e.g., communication with the court, streamlined motion practice, pre-motion conferences, etc.)**

The parties will rely on applicable local rules and this Court's Individual Practices.

**21. The need for additional meet and confer sessions, to continue to discuss issues raised at the initial conference among counsel.**

The parties are amenable to holding additional meet and confer sessions as the need arises.

Dated:  May 11, 2015

| FINKELSTEIN, BLANKINSHIP, FREI-PEARSON & GARBER, LLP | BRYAN CAVE LLP |
|---|---|
| By: /s/ D. Greg Blankinship<br>D. Greg Blankinship<br>1311 Mamaroneck Avenue<br>White Plains, New York 10605<br>Tel: (914) 298-3281<br>Fax: (914) 824-1561<br>gblankinship@fbfglaw.com<br><br>*Attorneys for Plaintiffs* | By: /s/ Christine B. Cesare<br>Christine B. Cesare<br>Scott H. Kaiser<br>1290 Avenue of the Americas<br>New York, New York 10104<br>Tel: (212) 541-2000<br>Fax: (212) 541-4630<br>cbcesare@bryancave.com<br>scott.kaiser@bryancave.com<br><br>*Attorneys for Defendant* |