EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DENISE JAFFE and DANIEL ADLER, in their capacity as co-executors of Milton Adler's estate, on behalf of themselves and all others similarly situated, | Civil Action No. 13-cv-4866 (VB) |
| Plaintiffs, | |
| v. | |
| BANK OF AMERICA, N.A., | |
| Defendant. | |
| DERECK WHITTENBURG and JACQUELINE WHITTENBURG, on behalf of themselves and all others similarly situated, | Civil Action No. 14-cv-0947 (VB) |
| Plaintiffs, | |
| v. | |
| BANK OF AMERICA, N.A., | |
| Defendant. | |

## STIPULATION AND AGREEMENT OF SETTLEMENT

D. Gregory Blankinship
**FINKELSTEIN, BLANKINSHIP,**
**FREI-PEARSON & GARBER, LLP**
1311 Mamaroneck Avenue, Suite 220
White Plains, NY 10605
Tel: (914) 298-3281
gblankinship@fbfglaw.com

*Counsel for Plaintiffs, individually and on behalf of the proposed settlement class*

Christine B. Cesare
**Bryan Cave LLP**
1290 Avenue of the Americas
New York, NY
Tel: 212-541-2000
cbcesare@bryancave.com

*Counsel for Defendant*

{00275685 }

# TABLE OF CONTENTS

Page

Section 1.   RECITALS ................................................................................. 1

Section 2.   DEFINED TERMS ...................................................................... 4

Section 3.   THE SETTLEMENT CONSIDERATION........................................ 13

Section 4.   ADMINISTRATION OF THE SETTLEMENT ................................ 15

A.   Identification Of Class Members ........................................ 16

B.   Creation Of A Settlement Website ..................................... 17

C.   Additional Obligations Of The Settlement Administrator..................................... 18

Section 5.   PROOF OF CLAIM SUBMISSION, EVALUATION AND Claim PAYMENT DISTRIBUTION PROCESS ........................................ 21

A.   Proof Of Claim Submission................................................. 21

B.   Proof Of Claim Evaluation Process .................................... 24

C.   Claim Payment Distribution Process .................................. 26

Section 6.   CLASS CERTIFICATION............................................................. 30

Section 7.   CLASS SETTLEMENT PROVISIONS............................................ 31

A.   Preliminary Approval Order ................................................ 31

B.   Notice To The Class............................................................ 31

C.   Exclusions From The Class ................................................. 32

D.   Objections To The Settlement ............................................. 34

E.   Settlement Hearing............................................................. 35

Section 8.   SETTLEMENT FEES, COSTS AND EXPENSES ............................. 36

A.   Class Counsel Fees ............................................................ 36

B.   Service Awards .................................................................. 38

C.   Fees and Costs of Settlement Administrator........................ 39

Section 9.   RELEASES................................................................................. 39

Section 10.   TERMINATION........................................................................... 41

Section 11.   NO ADMISSION OF WRONGDOING ............................................ 42

Section 12.   MISCELLANEOUS ..................................................................... 44

This Stipulation and Agreement of Settlement (the "Agreement") is entered into as of January ___, 2016 in the above-captioned related actions between, on the one hand, Plaintiffs Denise Jaffe, Daniel Adler, Dereck Whittenburg and Jacqueline Whittenburg, individually and on behalf of the other Class Members and, on the other hand, Defendant Bank of America, N.A. ("Bank of America" or "Defendant"), on behalf of itself and for the benefit of the other Released Parties, as more fully set forth below (all capitalized terms used herein and not otherwise defined in the text shall have the meanings ascribed to them in Section 2), subject to approval of the United States District Court for the Southern District of New York pursuant to Rule 23(e) of the Federal Rules of Civil Procedure.

## SECTION 1.        RECITALS

1.1    On July 12, 2013, Milton Adler filed a putative class action complaint, docketed as 13-cv-04866, against Bank of America in the United States District Court for the Southern District of New York.  An amended complaint was filed on September 12, 2013 (the "Adler Action").   Bank of America moved to dismiss the amended complaint on September 30, 2013, which the Court denied following full briefing on July 17, 2014.  Bank of America filed its answer on July 31, 2014.  After Mr. Adler passed away, the co-executors of his estate, Denise Jaffe and Daniel Adler, were substituted as plaintiffs on March 24, 2015.

1.2    On February 14, 2014, Dereck Whittenburg filed a putative class action complaint, docketed as 14-cv-00947, against Bank of America in the United States District Court for the Southern District of New York.  Mr. Whittenburg amended the complaint on May 16, 2014 to add Jacqueline Whittenburg as an additional plaintiff (the "Whittenburg Action").  Bank of America moved to dismiss the amended complaint on June 9, 2014, which Plaintiffs opposed on July 9, 2014.  By stipulation of the parties, the motion was withdrawn without prejudice on July 24, 2014.  On August 5, 2014, Bank of America filed an Answer.

{00275685 }

1.3    The Adler Action and Whittenburg Action (collectively "Actions") are pending before Judge Vincent L. Briccetti.  Both actions seek to redress the purported violations by Bank of America of New York Real Property Actions and Proceedings Law § 1921 and New York Real Property Law § 275, and as such, were accordingly deemed related cases.

1.4    Bank of America denies any wrongdoing whatsoever, and this Agreement shall in no event be construed or deemed to be evidence of an admission or concession on the part of Bank of America or any other Released Party with respect to any claim or of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Bank of America has asserted.  The Settling Parties recognize, however, that the Actions have been filed by Plaintiffs and defended by Bank of America in good faith and in compliance with Federal Rule of Civil Procedure 11, that the Actions are being voluntarily settled after advice of counsel, and that the terms of the Settlement are fair, reasonable and adequate.  This Agreement shall not be construed or deemed to be a concession by the Plaintiffs of any infirmity in the claims asserted in the Actions.

1.5    The parties engaged in extensive motion practice.  Aside from the motion to dismiss each case, in the Adler Action, the parties fully briefed Plaintiffs' motion to substitute a party following the death of Milton Adler.  In the Whittenburg Action, the parties fully briefed Plaintiffs' motion to compel incidental to a discovery dispute concerning the applicable statute of limitations.  In both Actions, the parties also fully addressed by letter Bank of America's motion to compel the production of plaintiff solicitation letters, and fully briefed (but did not file) Plaintiffs' motion for class certification.

2

{00275685 }
\\NY - 080945/001224 - 4406976 v6

1.6     The discovery obtained in the Actions was substantial, which aided the parties' investigation and informed their understanding of the claims and the underlying events and transactions alleged in the Complaints and the Amended Complaints.  The parties served and responded to numerous sets of interrogatories and document requests, which resulted in the production of over 5,200 pages of documents from parties and non-parties, including data covering thousands of mortgage satisfactions and records from four New York County Clerks.   Eleven witnesses were deposed, including seven Bank of America employees and the four plaintiffs.  Class Counsel have analyzed the evidence obtained during pretrial discovery and have researched the applicable law with respect to the claims of Plaintiffs and the other Class Members against Bank of America and the potential defenses thereto.

1.7     Although the parties vigorously litigated their respective Actions, they did not foreclose settlement negotiations.   On October 22, 2015, they engaged in an eleven-hour mediation session before JAMS Mediator David Geronemus, Esq.  It was only after extended arm's length negotiations under the auspices of Mr. Geronemus that the Settling Parties reached an agreement in principle with respect to a compromise and settlement of the claims raised in the Actions against Bank of America and the other Released Parties, the essential terms of which were set forth in a memorandum of understanding.

1.8     Based upon their investigation and pretrial discovery as set forth above, Plaintiffs and Class Counsel have concluded that the terms and conditions of the Settlement and this Agreement are fair, reasonable and adequate to the Class Members, and in their best interests, and have agreed to settle the claims raised in the Actions against Bank of America and other Released Parties, pursuant to the terms and provisions of this Agreement, after

considering (i) the cash consideration that Class Members will receive from the Settlement, (ii) the attendant risks of litigation, including in particular the risks of establishing liability and certifying the Class for trial purposes, and (iii) the desirability of permitting the Settlement to be consummated as provided by the terms of this Agreement.

1.9     NOW THEREFORE, without any admission or concession on the part of Plaintiffs of any lack of merit of the Actions whatsoever, and without any admission or concession of any liability or wrongdoing or lack of merit in the defenses whatsoever by Bank of America and other Released Parties, it is hereby STIPULATED AND AGREED, by and among the Settling Parties to this Agreement, through their respective undersigned attorneys, subject to approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the parties hereto from the Settlement, that all Settled Claims against the Released Parties and all Plaintiffs' Settled Claims against Bank of America shall be compromised, settled, released and dismissed with prejudice, upon and subject to the following terms and conditions.

## SECTION 2.     DEFINED TERMS

As used in this Agreement, the following terms shall have the meanings set forth below:

2.1     **"Approved Claimant"** means a Settlement Class Member who submits a Proof of Claim to the Settlement Administrator which is determined by the Settlement Administrator to be timely, complete and valid pursuant to the requirements and procedures set forth in this Agreement.

2.2     **"Authorized Claimant"** means an Approved Claimant who, pursuant to the requirements and procedures set forth in this Agreement, has been determined to be entitled to receive a Claim Payment.

2.3    **"Claim Payment"** means the payment an Authorized Claimant will receive from Bank of America, the amount of which will depend on the Claim Payment Group into which the Authorized Claimant's Mortgaged Property is classified, as more fully set forth in Section 3.1 of this Agreement.

2.4    **"Claim Period Close Date"** means the date, as set by the Court in the Preliminary Approval Order, by which a Settlement Class Member must have submitted, whether by mail or through the Settlement Website, a Proof of Claim to the Settlement Administrator in order to be considered eligible to receive a Claim Payment.

2.5    **"Claimant"** means a Settlement Class Member who submits a Proof of Claim to the Settlement Administrator to seek entitlement to a Claim Payment.

2.6    **"Class"** means all persons and/or entities who were the mortgagor party to a residential mortgage on real property located in New York State serviced by Bank of America for which all authorized principal, interest and all other amounts due or otherwise owed by law was completely paid between July 12, 2010 and November 27, 2015, but Bank of America failed to present a certificate of discharge or satisfaction of mortgage within 30 days to the recording officer of the county where the mortgage was recorded.  Serviced means that Bank of America acted as (a) the entity to which payments under the residential mortgage were required to be made or (b) such entity's personal representative, agent, successor or assign. Excluded from the Class are: (i) individuals who are partners, associates, officers, directors, or employees of Bank of America; (ii) all judges or magistrates of the United States or any state and their spouses; (iii) all individuals who timely and properly request to be excluded from the class, i.e. opt out; (iv) all persons who have previously released Bank of America from claims covered by this Settlement; and (v) all persons who

{00275685 }
\\NY - 080945/001224 - 4406976 v6

have already received payment from Bank of America for alleged violation of New York Real Property Actions and Proceedings Law § 1921 and/or New York Real Property Law § 275 with respect to a loan on a Mortgaged Property (unless that person is a member of the Settlement Class by virtue of a different loan on his or her Mortgaged Property as to which he or she has received no such payment).

2.7    **"Class Counsel"** means Plaintiffs' Counsel.

2.8    **"Class Member"** means all persons or entities who are members of the Class. When more than one person is a co-mortgagor to a mortgage falling within the Class, those persons collectively shall be treated as only one Class Member.

2.9    **"Class Notice"** means the Notice of Pendency of Class Actions and Proposed Settlement, Settlement Hearing, and Motions by Class Counsel for Award of Class Counsel Fees and by Class Representatives for Award of Service Awards, substantially in the form attached hereto as Exhibit 1 to Exhibit A, which will be available to Class Members pursuant to the terms of this Agreement and consistent with the terms of the Preliminary Approval Order.

2.10    **"Class Representatives"** means the four named Plaintiffs: Denise Jaffe, Daniel Adler, Dereck Whittenburg, and Jacqueline Whittenburg.

2.11    **"Court"** means the United States District Court for the Southern District of New York.

2.12    **"Defendant's Counsel"** means the law firm of Bryan Cave LLP.

2.13    **"Effective Date"** means the first business day after which all of the following events have occurred:

      (a)    the Court has entered the Preliminary Approval Order;

(b)     the Court has approved the Settlement, following notice to the Class and conducting the Settlement Hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure;

(c)     the time to exercise all termination rights or options provided in this Agreement have expired or otherwise been waived;

(d)     the Court has entered the Judgment dismissing all claims in the Actions with prejudice and that Judgment has become Final.

2.14     **"Final"** when referring to an order or judgment means: (i) that the time for appeal or appellate review of the order or judgment has expired without any appeal having been filed, and no motion or other pleading has been filed with the Court to set aside or in any way alter the judgment and/or orders of the Court finally approving the Settlement; (ii) if there has been an appeal, (a) that the appeal has been decided without causing a material change in the order or judgment; or (b) that the order or judgment has been upheld on appeal and is no longer subject to appellate review by further appeal or writ of certiorari; or (iii) no party with the right to do so has terminated the Agreement.

2.15     **"IRS Form W-9"** means the version of Form W-9 applicable to payments, if any, to be made under Section 8 of this Agreement that is approved by the Internal Revenue Service for use during the period when such payments, if any, are to be made.

2.16     **"IRS Form 1099"** means the version of Form 1099 applicable to Distribution Checks to be issued by the Settlement Administrator that is approved by the Internal Revenue Service for use during the period when Distribution Checks will be issued under this Agreement.

7

2.17   **"Judgment"** means the proposed order and judgment, substantially in the form attached to this Agreement as Exhibit B, to be entered in these Actions pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, approving, among other things, the Settlement after the Court has conducted the Settlement Hearing.

2.18   **"Last Known Mailing Address"** means the last known mailing address for a Mortgagor Party reflected in Bank of America's reasonably accessible electronic files related to the servicing of residential mortgages.

2.19   **"Mortgagor Party"** means such person and/or entity who was a mortgagor on a Mortgaged Property.   Co-mortgagors on a Mortgaged Property are treated as one Mortgagor Party.  The term Mortgagor Party is equal in scope and synonymous in meaning to the term Class Member.

2.20   **"Mortgaged Property"** means real property located in New York State on which there was recorded a residential mortgage serviced by Bank of America, for which all authorized principal, interest and all other amounts due or otherwise owed by law on the residential mortgage was completely paid between July 12, 2010 and November 27, 2015, but Bank of America failed to present a certificate of discharge or satisfaction of mortgage within 30 days to the recording officer of the county where the mortgage was recorded.  For purposes of this definition, serviced means that Bank of America acted as (a) the entity to which payments under the residential mortgage were required to be made or (b) such entity's personal representative, agent, successor or assign.

2.21   **"Note"** means any written evidence of indebtedness and is equal in scope and synonymous in meaning to the term "Note" as defined in New York Real Property Actions and Proceedings Law § 1921(9)(e).

{00275685 }
\\NY - 080945/001224 - 4406976 v6

2.22    **"Plaintiffs' Counsel"** means the law firm of Finkelstein, Blankinship, Frei-Pearson & Garber, LLP.

2.23    **"Plaintiffs' Settled Claims"** means any and all claims, debts, demands, rights or causes of action or liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class, derivative or individual in nature, including both known claims and Unknown Claims, from the beginning of time to the date of this Agreement, that Plaintiffs had, have or may have against the Released Parties.

2.24    **"Postcard Notice"** means the notice, substantially in the form attached hereto as Exhibit 2 to Exhibit A, which is to be sent to Class Members in the manner and at such time as set forth in the Preliminary Approval Order.  The Postcard Notice shall include an identification number unique to each Class Member which will permit certain information to automatically populate the On-Line Proof of Claim.

2.25    **"Preliminary Approval Order"** means the order or orders of the Court that, among other things, preliminarily approves the terms and condition of this Agreement, conditionally certifies the Class, and directs notice to the Class, substantially in the form attached to this Agreement as Exhibit A. The date that such an order is entered is the "Preliminary Approval Date."

2.26    **"Proof of Claim"** means the form, substantially in the form attached hereto as Exhibit 3 to Exhibit A, that a Claimant must complete, consistent with the requirements and

procedures set forth in this Agreement, to be entitled to a Claim Payment.  A Proof of Claim may be submitted in paper form or on-line through the Settlement Website (an "On-Line Proof of Claim").

2.27    **"Released Parties"** means: Bank of America, N.A., for itself and as successor by merger to BAC Home Loans Servicing, L.P.; all lenders or other originators who originated the loans that were secured by the security instruments that are the subject of the Class Members' claims in the Actions; all past and present servicers and subservicers of the loans that were secured by the security instruments that are the subject of the Class Members' claims in the Actions; all past and present assignees or holders of either the security instruments that are the subject of the Class Members' claims in the Actions or the loans that were secured by the security instruments that are the subject of the Class Members' claims in the Actions; all past and present investors, owners, beneficiaries, trusts, trustees, loan servicers, loan subservicers, and other people or entities with an interest with respect to the security instruments that are the subject of the Class Members' claims in the Actions, and/or the loans secured by the security instruments that are the subject of the Class Members' claims in the Actions, including but not limited to, the Federal National Mortgage Association, Federal Home Loan Mortgage Corporation, Government National Mortgage Association, any mortgage-backed securities trust, Mortgage Electronic Registration Systems, Inc.; and all past, present and future predecessors, successors, assigns, parents, subsidiaries, divisions, owners, affiliates (including but not limited to Bank of America Corporation and ReconTrust Company, N.A.), shareholders, officers, directors, attorneys, vendors, accountants, agents (alleged or actual), representatives, legal representatives, administrators, trustees, beneficiaries, assigns, principles, partners, members, managers,

independent auditors, affiliates, controlled persons, controlling persons, insurers, advisors, investment advisors and employees of each of the entities or persons described above.

2.28    **"Satisfaction"** means all authorized principal, interest and all other amounts due or otherwise owed by law by a Mortgagor Party on a residential mortgage on real property located in New York State serviced by Bank of America was completely paid between July 12, 2010 and November 27, 2015.

2.29    **"Serviced"** means, with respect to any Mortgaged Property, that Bank of America acted as (a) the entity to whom payments under the residential mortgage were required to be made or (b) such entity's personal representative, agent, successor or assign.

2.30    **"Settled Claims"** means any and all claims, debts, demands, rights or causes of action or liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class, derivative or individual in nature, including both known claims and Unknown Claims, (i) that have been asserted in these Actions by the Settlement Class Members or any of them against any of the Released Parties, or (ii) that arise out of, are based upon or relate in any way to any rights, duties, obligations, remedies or relief set forth under New York Real Property Actions and Proceedings Law § 1921 and/or New York Real Property Law § 275; or (iii) that arise out of, are based upon or relate in any way to the presentation of certificates of discharge or satisfactions of mortgage with respect to Mortgaged Property.

{00275685 }
\\NY - 080945/001224 - 4406976 v6

2.31    **"Settlement"** means the proposed settlement into which the Settling Parties have entered to resolve the Actions as embodied in this Agreement and the exhibits attached hereto.

2.32    **"Settlement Administrator"** means Epiq Systems Class Action and Claims Solutions or such other bona fide person or entity in the business of class action administration as may be selected by Defendant, subject to agreement by Class Counsel, which agreement shall not be unreasonably withheld, and appointed by the Court.

2.33    **"Settlement Class"** means all Class Members who have not timely and properly requested exclusion from the Class pursuant to the procedures set forth in the Preliminary Approval Order.

2.34    **"Settlement Class Member"** means those Class Members falling within the definition of the Settlement Class.

2.35    **"Settlement Hearing"** means the hearing by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider, among other things, final approval of the Settlement as set forth in the Preliminary Approval Order.

2.36    **"Settlement Notices"** means the Class Notice and Postcard Notice, collectively.

2.37    **"Settlement Website"** means that certain website to be created by the Settlement Administrator, www.**NYLienSettlement**.com, which will contain various relevant information and documents concerning the Actions, this Agreement and the Settlement, as more fully described in Section 4.B to this Agreement.

2.38    **"Unknown Claims"** means any and all Settled Claims which any of the Plaintiffs or other Class Member does not know or suspect to exist in his, her or its favor at

12

the time of the release of the Released Parties which if known by him, her or it might have affected his, her or its decision(s) with respect to the Settlement. With respect to any and all Settled Claims, the Settling Parties stipulate and agree that upon the Effective Date, the Plaintiffs shall each, for themselves and all persons claiming by, through, or on behalf of them, expressly waive, and each other Class Member shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, that is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

Plaintiffs acknowledge, and all other Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Settled Claims is separately bargained for and is a material element of the Settlement and this Agreement.

2.39 As used herein, the plural of any of the above defined terms includes the singular thereof and the singular of any defined term includes the plural thereof as the case may be.

## SECTION 3.          THE SETTLEMENT CONSIDERATION

3.1 Bank of America, through the Settlement Administrator, will pay to each Authorized Claimant, as identified in the Distribution Schedule and as determined through the procedures set forth in this Agreement, one of the following Claim Payments:

(a) Authorized Claimants for whom a certificate of discharge or satisfaction of mortgage for a Mortgaged Property was presented to a recording officer for the first time more

than 30 days, but less than 61 days, after Satisfaction will receive $260 (a "Claim Payment Group A");

   (b)  Authorized Claimants for whom a certificate of discharge or satisfaction of mortgage for a Mortgaged Property was presented to a recording officer for the first time more than 60 days, but less than 91 days, after Satisfaction will receive $520 (a "Claim Payment Group B");

   (c)  Authorized Claimants for whom a certificate of discharge or satisfaction of mortgage for a Mortgaged Property was presented to a recording officer for the first time more than 90 days after Satisfaction will receive $780 (a "Claim Payment Group C");

   (d)  Authorized Claimants for whom a certificate of discharge or satisfaction of mortgage for a Mortgaged Property was presented to a recording officer but was rejected and subsequently re-presented more than 30 days but less than 61 days after Satisfaction will receive $180 (a "Claim Payment Group D");

   (e)  Authorized Claimants for whom a certificate of discharge or satisfaction of mortgage for a Mortgaged Property was presented to a recording officer but was rejected and subsequently re-presented more than 60 days but less than 91 days after Satisfaction will receive $360 (a "Claim Payment Group E"); and

   (f)  Authorized Claimants for whom a certificate of discharge or satisfaction of mortgage for a Mortgaged Property was presented to a recording officer but was rejected and subsequently re-presented more than 90 days after Satisfaction will receive $540 (a "Claim Payment Group F").

   (g)  If an Authorized Claimant is eligible for multiple Claim Payment Groups for the same Mortgaged Property, the Authorized Claimant is entitled to only one payment and

{00275685 }
\\NY - 080945/001224 - 4406976 v6

will be eligible for that Payment Group which affords the greatest benefit as determined by the Settlement Administrator.

3.2     To the extent that an Authorized Claimant consists of more than one Mortgagor Party for a Mortgaged Property, then the Authorized Claimant shall be (a) entitled to only one Claim Payment, the amount of which shall be determined based on the criteria set forth in Section 3.1 and which amount shall be embodied in one Distribution Check made payable to all Mortgagor Parties constituting the Authorized Claimant; (b) solely responsible for the allocation, if any, of the Claim Payment between and among the Mortgagor Parties to the Mortgaged Property; and (c) solely responsible for taking all steps necessary to negotiate any Distribution Check made payable to more than one Mortgagor Party, including but not limited to all costs associated with taking such steps. Delivery of a Distribution Check to one of several Mortgagor Parties comprising an Authorized Claimant on a Mortgaged Property shall be deemed final and conclusive of Bank of America's obligations under this Agreement and the Settlement to all such Mortgagor Parties.

3.3     Apart from Bank of America, none of the Released Parties shall have any obligation to make any payments to any Authorized Claimant under the terms of this Agreement. Bank of America shall have no obligation to make any other or further payments to any Authorized Claimant beyond those set forth in Section 3.1, hereof, except to the extent specifically set forth in Section 8.B, hereof.

**SECTION 4.**          **ADMINISTRATION OF THE SETTLEMENT**

4.1     The Settlement Administrator shall be retained by Bank of America, subject to approval of Class Counsel who shall not unreasonably withhold such approval. The Settlement Administrator shall discharge its duties under joint direction and supervision of Bank of America and Class Counsel, and subject to the jurisdiction of the Court.

{00275685 }
\\NY - 080945/001224 - 4406976 v6

## A.    Identification Of Class Members

4.2    Class Members shall be identified by Bank of America, and Authorized Claimants determined under the procedures set forth herein, provided that, if the Settlement Administrator determines, pursuant to the procedures set forth herein, that a Class Member's current mailing address is different from the Last Known Mailing Address, then such current mailing address shall be employed for all communications with the Class Member.

4.3    No later than fourteen (14) business days after the Court enters the Preliminary Approval Order, Bank of America shall deliver to the Settlement Administrator an electronic file, in a format to be agreed upon by Bank of America and the Settlement Administrator, containing the following related data with respect to each Class Member (the "Class Members E-File"):

(a)    The name(s) of the Mortgagor Party for each Mortgaged Property;

(b)    The address of the Mortgaged Property;

(c)    The Last Known Mailing Address(es) of the Mortgagor Party; and

(d)    The Claim Payment Group applicable to the Mortgaged Property. Each Mortgaged Property will be appropriately assigned a Claim Payment ranging from Claim Payment Group A through Group F.

4.4    Upon receipt of the Class Members E-File, the Settlement Administrator will at a minimum conduct a search on the National Change of Address Database of the names of all Mortgagor Parties to determine if the Last Known Mailing Address appears to remain valid.  The Settlement Administrator will, if appropriate, revise the Last Known Mailing Address based on the results of its search and the Last Known Mailing Address or the revised address, as appropriate, shall be deemed the "Current Address" of the Mortgagor Party for purposes of the Settlement Administrator mailing the Postcard Notice.

4.5     In the event that a Postcard Notice for a Mortgagor Party is returned to the Settlement Administrator as undeliverable, the Settlement Administrator shall conduct a one-time skip trace search of the Mortgagor Party to determine if an address other than the Current Address is appropriate.   Based on the results of its search, the Settlement Administrator will, if appropriate, revise the Current Address of the Mortgagor Party (the "Revised Current Address") and re-send, by mail, first class postage pre-paid, the Postcard Notice to the Mortgagor Party at the Revised Current Address.

4.6     Notwithstanding the identification of the Last Known Mailing Address, Current Address and Revised Current Address, the current mailing address set forth on a Proof of Claim submitted by a Claimant who is determined, pursuant to the procedures set forth herein, to be an Authorized Claimant shall be used by the Settlement Administrator for purposes of preparing the Distribution Schedule and distributing the Distribution Checks.

**B.     Creation Of A Settlement Website**

4.7     Pursuant to the schedule set forth in the Preliminary Approval Order, the Settlement Administrator shall establish the Settlement Website (the name of which shall be mutually agreed upon by Bank of America and Class Counsel), which shall contain the following information and possess the following functionality:

(a)     Permit Class Members to view and print documents relevant to the Settlement, including this Agreement, the Class Notice, the Proof of Claim and the Preliminary Approval Order;

(b)     Permit Class Members to complete and submit an On-Line Proof of Claim;

(c)     Permit Class Members to automatically populate and provide an updated current address on the On-Line Proof of Claim using the unique identification number contained

on the Postcard Notice. In addition, entry of the unique identification number into the On-Line Proof of Claim will permit Class Members to view the amount of the Claim Payment associated with the Mortgaged Property assigned to the unique identification number;

(d)    Contain a "frequently asked questions" section setting forth, among other things, procedures for completing and submitting a Proof of Claim on-line or manually (including Proof of Claims for Mortgaged Properties involving more than one Mortgagor Party); procedures for requesting exclusion from the Class pursuant to the terms of the Preliminary Approval Order; procedures for objecting to the Settlement pursuant to the terms of the Preliminary Approval Order; the scheduled date for the Settlement Hearing; and deadlines relevant to the Settlement as established in the Preliminary Approval Order, including the dates for seeking exclusion from the Class, objecting to the Settlement, and filing a Proof of Claim.

4.8    The Settlement Website shall not include any advertising and shall not bear or include Bank of America's logos, trademarks, service marks or any other symbols associated with its businesses.

4.9    The Settlement Administrator shall maintain the Settlement Website and ensure that it remains accessible to Class Members as set forth in Paragraph 5.24 below, at which time the Settlement Administrator shall cease operation of the Settlement Website and promptly transfer ownership of the Settlement Website's uniform resource identifier to Bank of America.

C.    **Additional Obligations Of The Settlement Administrator**

4.10    The Settlement Administrator shall be responsible for the following additional duties:

(a)    maintaining a toll-free automated telephone "help line" to assist Class Members (i) without access to the Settlement Website or who prefer not to use the Settlement

Website, to obtain, by first class mail, postage pre-paid, or electronic mail, copies of relevant documents posted on the Settlement Website, including this Agreement, the Class Notice, the Preliminary Approval Order and Proof of Claim; (ii) by addressing questions regarding the content and operation of the Settlement Website; and (iii) to the extent the Class Member requires assistance beyond the scope of services offered by the Settlement Administrator, by referring the Class Member to Class Counsel;

     (b)    preparing the Postcard Notice, which shall contain, as to each Class Member, a unique identifying number associated with one Mortgaged Property that will permit the Class Member to employ the automatic population feature of the On-Line Proof of Claim (in the event a Mortgaged Property is associated with more than one Mortgagor Party, the same unique identifying number for that Mortgaged Property shall be employed on all Postcard Notices sent to Class Members associated with that Mortgaged Property);

     (c)    printing and timely disseminating to Class Members the Postcard Notice pursuant to the schedule set forth in the Preliminary Approval Order;

     (d)    establishing a post office box for receipt of Proof of Claims and requests for exclusions from the Class submitted by Claimants and Class Members, respectively, through the mail;

     (e)    training its employees and agents to fully, accurately and without bias (i) apply the requirements set forth herein for approving or rejecting a Proof of Claim, (ii) communicate with Class Members, Class Counsel and Bank of America's Counsel concerning all matters relevant to the administration of the Settlement, and (iii) perform all other functions required of the Settlement Administrator under this Agreement;

(f)      determining the timeliness, completeness and validity of Proof of Claims submitted by Settlement Class Members pursuant to the procedures set forth herein and resolving any disputes regarding the foregoing;

(g)      recording and retaining all requests for exclusion from the Class submitted by Class Members, including maintaining the original mailing envelope in which such exclusion requests were mailed;

(h)      promptly furnishing to Class Counsel and Defendant's Counsel copies of any requests for exclusion from the Class submitted by Class Members and any other written or electronic communications from Settlement Class Members requested by Class Counsel or Defendant's Counsel;

(i)      recording and retaining all objections to the proposed Settlement that Class Members may erroneously send to the Settlement Administrator, including maintaining the original mailing envelope in which such objections were mailed, and promptly furnishing to Class Counsel and Defendant's Counsel copies of any such objections;

(j)      performing any tax reporting or other duties required by federal, state, or local law, including but not limited to with respect to Distribution Checks, issuing an IRS Form 1099 to the Authorized Claimant and to the Internal Revenue Service;

(k)      maintaining adequate records of all its activities, including the dates of each mailing of the Postcard Notice; the date when the Settlement Website became publicly accessible; returned mail from Class Members or Settlement Class Members; and other communications and attempted written or electronic communications with Settlement Class Members;

{00275685 }
\\NY – 080945/001224 – 4406976 v6

(l)      retaining in an accessible manner all communications with Class Members and Settlement Class Members;

(m)      preparing all reports, schedules and declarations which are described herein as the responsibility of the Settlement Administrator;

(n)      preparing reports, schedules and declarations as requested by Class Counsel or Defendant's Counsel concerning the activities and/or responsibilities of the Settlement Administrator as identified herein;

(o)      preparing and mailing Distribution Checks to Authorized Claimants pursuant to the procedures set forth herein;

(p)      referring to Class Counsel all inquiries by Settlement Class Members regarding matters not specified herein as within the scope of the Settlement Administrator's responsibilities;

(q)      performing such other tasks as Class Counsel and Defendant's Counsel mutually request; and

(r)      confirming in writing its completion of the administration of the Settlement.

**SECTION 5.**          **PROOF OF CLAIM SUBMISSION, EVALUATION AND CLAIM PAYMENT DISTRIBUTION PROCESS**

**A.      Proof Of Claim Submission**

5.1      Subject to the other provisions of this Agreement, a Claimant, to be eligible to receive a Claim Payment, must timely submit a fully completed and valid Proof of Claim executed under penalty of perjury.   A Proof of Claim may be submitted either (a) electronically through the Settlement Website or (b) by mailing, by first class mail, postage pre-paid, a paper copy of the Proof of Claim to the Settlement Administrator at the address

set forth in the instructions on the Proof of Claim.  To be deemed timely, the Proof of Claim (a) if submitted electronically through the Settlement Website, must be submitted no later than the Claim Period Close Date or (b) if submitted by mail, postmarked no later than the Claim Period Close Date.

5.2     A Claimant shall certify that he, she or it is a member of the Class and that no prior claim has been submitted or paid for the same Mortgaged Property.  Moreover, if a Claimant believes he, she or it has been assigned to the wrong Claim Payment Group, he, she, or it shall so indicate and provide information to support assignment to a different Claim Payment Group.  The Settlement Administrator shall give any such Claimant an opportunity to do so online and by mail.

5.3     If an Authorized Claimant consists of more than one Mortgagor Party for a Mortgaged Property, all Mortgagor Parties shall jointly submit a single Proof of Claim.  If joint submission is not possible (*e.g.*, due to death or legal incapacity of one of the Mortgagor Parties), the submitting Mortgagor Party shall certify under penalty of perjury that joint submission is not possible due to legal incapacity of a co-Mortgagor Party or that he, she, or it is authorized to submit a Proof of Claim on behalf of all Mortgagor Parties.  In the event a Class Member is unable to execute a Proof of Claim form and there is no person previously authorized by law, such as a trustee, guardian or person acting under a power of attorney, to act on behalf of such a Class Member with respect to a claim or right such as those in the Actions, a statement signed under penalty of perjury explaining the reason(s) the Class Member is unable to execute the Proof of Claim (e.g., death, divorce, overseas military service) may be attached to and submitted with the Proof of Claim.  In the event and only in the event of the submission of such statement with a Proof of Claim otherwise meeting all the

criteria for an otherwise valid Proof of Claim except for the execution requirement, the Settlement Administrator shall have discretion to treat the Proof of Claim as valid. In no case shall the Settling Parties, their respective counsel, and the Settlement Administrator be held responsible for paying an otherwise valid claim under these circumstances.

5.4    No Class Member may assign or delegate to any individual or entity the right to receive a Claim Payment or to submit a Proof of Claim on behalf of the Class Member.  If a Class Member nonetheless purports to assign or delegate such right and an otherwise valid Proof of Claim is timely submitted on behalf of that Class Member, the Settlement Administrator shall pay any Claim Payment directly to the Class Member and not to the Class Member's designated assignee or delegate, notwithstanding the terms of any assignment or delegation. The intent of this provision is to foreclose assignments or delegations entered into solely for purposes of submitting a Proof of Claim in this Settlement. Nothing herein shall preclude a person previously authorized by law, such as a trustee, guardian or person acting under a power of attorney, to act on behalf of the Class Member from receiving the Claim Payment or submitting a Proof of Claim on behalf of a Class Member.

5.5    Any Settlement Class Member who fails to timely submit a fully completed, valid Proof of Claim executed under penalty of perjury will not be deemed an Authorized Claimant and will not be entitled to receive a Claim Payment but will otherwise be bound by all of the terms of this Agreement, including the terms of the Judgment to be entered in the Actions and the releases provided for herein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against any Released Parties concerning any Settled Claims.

**B.     Proof Of Claim Evaluation Process**

5.6     The Settlement Administrator shall administer the process of receiving, reviewing and approving or rejecting Proof of Claims submitted by Claimants and subject to the jurisdiction of the Court. All Claimants who submit a Proof of Claim shall be deemed to have submitted to the jurisdiction of the Court with respect to all issues concerning the Claimant's Proof of Claim, including whether the Claimant is a Settlement Class Member and is entitled to a Claim Payment under the terms of this Agreement.

5.7     Each Proof of Claim shall be submitted to and reviewed by the Settlement Administrator who shall determine, in accordance with the standards and procedures set forth herein, whether the Proof of Claim shall be approved or rejected. All final determinations by the Settlement Administrator to approve or reject a Claimant's Proof of Claim shall be final and binding on the Claimant and the Settling Parties, who shall have no right to challenge or appeal the final determination of the Settlement Administrator.

5.8     A Proof of Claim must be rejected by the Settlement Administrator if it is not timely submitted pursuant to the deadlines set forth in Section 5.1 or if it is (a) not substantially completed consistent with the Proof of Claim instructions; or (b) not executed under penalty of perjury as provided on the Proof of Claim except as allowed in Section 5.3; or (c) determined by the Settlement Administrator, based on the Proof of Claim and other relevant information, to be untrue, false or fraudulent.

5.9     The Settlement Administrator shall promptly review each Proof of Claim submitted to it for purposes of determining whether the Proof of Claim should be (a) approved or (b) must or may be rejected for any of the reasons set forth in Section 5.8. The Settlement Administrator shall provide to Class Counsel and Defendant's Counsel a list of Claimants that do not meet the definition of Approved Claimant.

5.10    Within fifteen (15) business days after Defendant's Counsel receipt of the list of Claimants identified in Section 5.9 above (or within such additional time as the Parties may agree or the Court may permit), Defendant may, itself or through Defendant's Counsel, challenge any claims as not meeting the definition of valid Proof of Claim, by any form of written notice to Class Counsel ("Disputed Claims"). Defendant shall be entitled to review any Proof of Claim, at any time, and may rely on any mortgage servicing information relating to members of the Class. Such notice of Disputed Claims shall void any Disputed Claim unless Class Counsel disputes the challenge, in good faith, and in writing to Defendant's Counsel within fifteen (15) business days after the receipt of notice of Disputed Claims (or within such additional time as the Parties may agree or the Court may permit).

5.11    Within fifteen (15) business days after Class Counsel's receipt of the list of Claimants identified in Section 5.9 above (or within such additional time as the Parties may agree or the Court may permit), Plaintiffs, either by themselves or through Class Counsel, may challenge any rejected claims in a written notice to the Settlement Administrator and Defendant's Counsel ("Disputed Invalid Claims"). Such notice of Disputed Invalid Claims shall void a determination of an invalid claim unless Defendant's Counsel disputes the challenge in good faith, and in writing, to the Settlement Administrator and Class Counsel within fifteen (15) business days of receipt of the Disputed Invalid Claim (or within such additional time as the Parties may agree or the Court may permit).

5.12    The Court shall retain jurisdiction to resolve Disputed Claims and Disputed Invalid Claims. The Parties agree that any decision by Defendant not to dispute a Proof of Claim shall not be a waiver, determination, or preclusive finding against Defendant in any proceeding.

{00275685 }
\\NY - 080945/001224 - 4406976 v6

5.13   All Claimants whose Proof of Claims are rejected shall be barred from receiving any Claim Payment but otherwise shall be bound by all of the terms of this Agreement and the Settlement, including the terms of the Judgment to be entered in the Actions and the releases provided for therein, and will be permanently barred and enjoined from bringing any action against any and all Released Parties concerning any and all of the Settled Claims.

5.14   As soon as practicable after the Settlement Administrator has reviewed all Proof of Claims timely submitted and reached a final determination with respect to those Proof of Claims that are approved and rejected, the Settlement Administrator shall prepare a distribution schedule (the "Distribution Schedule"). The Distribution Schedule shall identify the number of all Claimants whose Proof of Claims have been approved (the "Approved Claimants") by listing the number of Approved Claimants by Claim Payment group. The Distribution Schedule shall also identify the number of rejected claims, the number of Class Members who have excluded themselves and the number of Class Members who have objected to the Settlement.

5.15   The Settlement Administrator shall provide Class Counsel and Defendant's Counsel with copies of the Distribution Schedule in an electronic file, in a format acceptable to Class Counsel and Defendant's Counsel, respectively.

5.16   Claim Payments shall be made according to the Distribution Schedule and the procedures set forth in Section 5.C.

**C.    Claim Payment Distribution Process**

5.17   No Claim Payments shall be made to any Authorized Claimants until after the Effective Date has occurred. Once the Effective Date occurs, the Settlement Administrator,

{00275685 }
\\NY - 080945/001224 - 4406976 v6

after creating the Distribution Schedule, shall promptly deliver the schedule to Defendant's Counsel.

5.18    Within fourteen (14) days after the Effective Date, the Claims Administrator shall establish a non-interest bearing checking account at a federally insured depository institution (the "Distribution Account").  Within thirty (30) days after the effective Date, Bank of America shall deliver to the Settlement Administrator the aggregate amount of funds to be deposited in the Distribution Account and to be distributed to Authorized Claimants under the Distribution Schedule. Bank of America's obligation under this Agreement and the Settlement to make Claim Payments to Authorized Claimants shall be deemed fully satisfied immediately upon its delivery of funds to the Settlement Administrator in such amounts as are equal to the aggregate of all Claim Payments to be made to Authorized Claimants as set forth on the Distribution Schedule.

5.19    The Distribution Account shall be established in such a manner as to permit the Settlement Administrator to draw upon it solely for purposes of making the Claim Payments to Authorized Claimants as provided in the Distribution Schedule.  The Settlement Administrator shall provide to Bank of America all information required for the creation of the Distribution Account and for any of Bank of America's tax reporting requirements.

5.20    Within fourteen (14) days after the funding of the Distribution Account, the Settlement Administrator shall draw checks upon the Distribution Account made payable to such Authorized Claimants and in such amounts as are set forth in the Distribution Schedule, as applicable (the "Distribution Checks").  The Distribution Checks shall be marked "For Deposit Only." The Settlement Administrator shall send the checks, by first class mail, postage pre-paid, to the appropriate Authorized Claimant. Bank of America shall not have

{00275685 }
\\NY - 080945/001224 - 4406976 v6

any (a) responsibility for, or participation in, the drafting of Distribution Checks in the proper amounts to the appropriate Authorized Claimant or the distribution of the Distribution Checks to Authorized Claimants at the appropriate addresses; or (b) liability for any act, omission, mistake, negligence, fault or misconduct of the Settlement Administrator or Class Counsel in the drafting or distribution of the Distribution Checks.

5.21    For Authorized Claimants whose Distribution Checks are returned by the United States Postal Service as undeliverable, the Settlement Administrator shall seek an address correction, and checks will be resent if the Settlement Administrator, in consultation with Class Counsel and Defendant's Counsel, determines that a valid current address is then available (including by means of a one-time skip trace).  If the Settlement Administrator determines that a valid current address is not available, then the Settlement Administrator shall make no further attempt to distribute the returned Distribution Check and it shall be treated as an Uncleared Distribution Check.

5.22    Authorized Claimants whose Distribution Checks are not deposited within ninety (90) days after issuance (an "Uncleared Distribution Check") shall be ineligible to receive a Claim Payment, and neither Bank of America nor any other Released Persons shall have any further obligation to make any payment pursuant to this Agreement or otherwise to such Authorized Claimants.  All unpaid funds in the Distribution Account associated with Uncleared Distribution Checks shall revert to Bank of America.

5.23    Ninety (90) days after all Distribution Checks have been mailed, the Settlement Administrator shall prepare a report (the "Distribution Checks Report") identifying (a) the number of the Distribution Checks issued; (b) the Claim Payment Group of the Distribution Check mailed; and (c) the number of Distribution Checks negotiated and

the number of Uncleared Distribution Checks. The Settlement Administrator shall promptly provide the Distribution Checks Report to Class Counsel and Defendant's Counsel.

5.24     The Settlement Administrator shall maintain an address to receive (a) Claim Forms that are returned, whether valid or not, and (b) other inquiries with respect to the Settlement for a period of one hundred and twenty (120) days after the Effective Date, or upon termination of this Agreement. The Settlement Administrator also shall maintain the Settlement Website for the same period. Within fourteen (14) days of delivering the Distribution Checks Report, the Settlement Administrator will take such steps as are required to ensure that all unpaid funds in the Distribution Account associated with Uncleared Distribution Checks revert to Bank of America. Upon its receipt of all such unpaid funds, Bank of America will, with the assistance of the Settlement Administrator, if needed, close the Distribution Account. Class Counsel and Defendant's Counsel shall mutually agree upon the closure of the settlement; if such agreement cannot be reached, the Parties can seek an order from the Court to administratively close the Actions.

5.25     All monies that might be paid or payable to any Class Member under this Settlement are not vested, and are not otherwise monies in which the Class Member has an enforceable legal, tangible or intangible interest, but instead such monies shall remain the sole and exclusive property of Defendant unless and until all conditions precedent to payment under this Agreement are met and the monies are paid. In order to give effect to the Parties' intention, no person, entity, or governmental body shall have any rights to the monies paid hereunder or the Distribution Checks or any portion of such, whether claimed or unclaimed, or in any amounts of Uncleared Distribution Checks, or in any sums which might have been paid to Class Members had more Class Members filed valid Proof of Claim.

Defendant shall be entitled to any interest on the funds available to pay the Distribution Checks until any such amounts are paid to a Class Member. The Parties further acknowledge and agree that the Distribution Account and/or funds deposited therein are for administrative or legal convenience or requirements only and do not create any vested or ownership interest on the part of the Settlement Class or any Class Member. Such accounts or funds set up by the Defendant, the Settlement Administrator and/or Defendant's Counsel shall be treated as property of Defendant.

5.26    The Distribution Checks available to Class Members, as well as Defendant's payment of (a) the Class Counsel Fees, if any, (b) Service Awards, if any, (c) the settlement administration costs, and (d) other benefits in this Agreement, shall be the sole benefits in exchange for the Release and consideration for this Settlement. Notwithstanding any judgment, principle or statute, there shall be no interest accrued, owing or paid on the consideration, or on the settlement amount, or on any other benefit.

5.27    The Settlement Administrator shall provide, upon request, copies of any and all cancelled and/or cashed Distribution Checks to Class Counsel and Defendant's Counsel. In the event of such a demand, however, the Settlement Administrator's actual costs and expenses of response shall be paid by the party seeking copies of Distribution Checks, whether it be Class Counsel or Defendant's Counsel.

**SECTION 6.**          **CLASS CERTIFICATION**

6.1    The Settling Parties stipulate and agree to (a) certification of the Actions as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Class solely for purposes of the Settlement and for no other purposes; (b) appointment of Plaintiffs as Class Representatives; and (c) appointment of Plaintiffs' Counsel as Class Counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

6.2    Any certification of a conditional, preliminary or final settlement class pursuant to the terms of this Settlement shall not constitute, and shall not be construed as, an admission on the part of Defendant that these Actions are, for purposes of a trial on the merits, appropriate for class treatment, in whole or part, pursuant to the Federal Rules of Civil Procedure.  This Settlement is without prejudice to the rights of Defendant to oppose preliminary, conditional or final certification of these Actions should this Settlement not be preliminarily or finally approved or if it is terminated pursuant to the terms of this Agreement.

## SECTION 7.          CLASS SETTLEMENT PROVISIONS

### A.      Preliminary Approval Order

7.1    As soon as practical after execution of this Agreement, the Class Representatives shall move for the entry of the Preliminary Approval Order.  Class Counsel shall provide a draft of all papers supporting said motion, including any supporting brief, to Defendant's Counsel for review at least seven (7) business days before the motion is filed. Defendant may provide reasonable comments on such motions, memoranda or other materials to the extent Defendant deems necessary, in its sole discretion, to protect its interests in the Settlement or otherwise. Without implication of limitation, Defendant's agreement not to oppose the entry of the Preliminary Approval Order shall not be an admission or concession by Defendant that a class was appropriate in the Actions or would be appropriate in any other matter, and/or that any relief was appropriate in the Actions, for litigation or for settlement purposes, or would be appropriate in any other matter.

### B.      Notice To The Class

7.2    The Settlement Administrator shall provide the Settlement Notices to the Class consistent with the terms of the Preliminary Approval Order, including sending to each

Class Member, by mail, first class postage pre-paid, at his, her or its Current Address, the Postcard Notice and posting the Class Notice on the Settlement Website.

7.3     If more than 20% of the Postcard Notices mailed return undelivered, the Settling Parties, through their respective counsel, shall work in good faith with the Settlement Administrator to devise additional steps to provide notice to the Settlement Class, which may include the publication of the Class Notice in a newspaper of general circulation.

**C.      Exclusions From The Class**

7.4     Any Class Member may request to be excluded from the Class and not be a member of the Settlement Class pursuant to the terms and subject to the conditions set forth in the Preliminary Approval Order.  The Postcard Notice and Class Notice shall notify each Class Member that the Class Member may request exclusion ("Opt-Out") from the Class and not to be bound by this Agreement, if, within the time period provided in the Preliminary Approval Order, the Class Member personally completes and submits a written request for exclusion ("Opt-Out Notice") the addresses set forth in the Class Notice.   For a Class Member's Opt-Out to be valid and treated as a successful Opt-Out, it must (a) state his or her full name, address, and telephone number; (b) contain the Mortgaged Property address as to which he or she seeks exclusion; (c) contain the Class Member's personal and original signature or the original signature of a person previously authorized by law, such as a trustee, guardian or person acting under a power of attorney, to act on behalf of the Class Member with respect to a claim or right such as those in the Action (*i.e.*, conformed, reproduced, facsimile, or other non-original signatures are not valid); and (d) state unequivocally the Class Member's intent to be excluded from the Class, to be excluded from the Settlement, not to participate in the Settlement, and/or to waive all right to the benefits of the Settlement. In those cases where a Class Member includes persons who are or were co-owners of the

Mortgaged Property, the Class Member shall be deemed a successful Opt-Out only if all owners elect to and validly opt-out in accordance with the provisions of this Paragraph. In the event that a Class Member is a Class Member as to more than one mortgaged property and/or more than one loan on a Mortgaged Property, an Opt-Out as to one property or loan shall be treated as an Opt-Out with regard to all of that Class Member's properties and loans. The Parties will recommend that the Opt-Out period shall expire no less than twenty (20) days before the Settlement Hearing, and that Opt-Outs postmarked after the expiration of the Opt-Out Period shall not be treated as a successful Opt-Out. The Class Representatives stipulate and agree that they shall not request to exclude themselves from the Class.

7.5     No person shall purport to exercise any exclusion rights of any other person, or purport (a) to opt-out Class Members as a group, aggregate, or class involving more than one Class Member; or (b) opt-out more than one Class Member on a single paper, or as an agent or representative; any such purported opt-outs shall be void, and the Class Member(s) that is or are the subject of such purported opt-out shall be treated as a Class Member.

7.6     At the expiration of the Opt-Out Period, Class Counsel, Defendant's Counsel and the Settlement Administrator shall create a comprehensive list of Opt-Outs. The Parties shall, if possible, agree as to whether a communication from a Class Member is a request to opt-out. Defendant's Counsel or Class Counsel may dispute an Opt-Out or purported Opt-Out, and the presentation and resolution of such disputes shall be governed by the identical procedure set forth herein with respect to Disputed Claims in Paragraphs 5.10 and 5.11.

7.7     Any Class Member who does not submit a timely Opt-Out, or otherwise comply with all requirements for opting-out as may be contained in this Agreement, in the Postcard Notice, and Class Notice, and otherwise as ordered by the Court, or who is not a

successful Opt-Out shall be bound by this Agreement, this Settlement and the Release, as embodied in Paragraphs 9.2 and 9.3 of this Agreement.  If a Class Member is a successful Opt-Out, that Class Member shall be excluded from the Settlement, and shall not receive any benefits of the Settlement, including the Settlement Consideration, and will not be bound by the terms of this Agreement.  Any Class Member who is a successful Opt-Out shall have no standing to object to the Settlement.

### D.    Objections To The Settlement

7.8    Any Settlement Class Member may object to the Settlement and any provisions of this Agreement, including but not limited to the award of Class Counsel Fees and the Service Awards, pursuant to the terms and subject to the conditions set forth in the Preliminary Approval Order.  The Class Representatives stipulate and agree that they shall not object to the Settlement or any provision of this Agreement.

7.9    Any Class Member who is not a successful Opt-Out and who wishes to object to the proposed Settlement must mail or hand-deliver an Objection to Class Counsel and Defendant's Counsel, at the addresses set forth in the Class Notice, and mail or hand-deliver the Objection simultaneously to the Court.  Each Objection must (a) set forth the Class Member's full name, current address, and telephone number; (b) contain the address of the mortgaged property at issue; (c) the individual identification number contained on the Postcard Notice sent to the Class Member by the Settlement Administrator; (d) contain the Class Member's original signature (conformed, reproduced, facsimile, or other non-original signatures will not be valid); (e) state that the Class Member objects to the Settlement, in whole or in part; (f) set forth a statement of the legal and factual basis for the objection; (g) provide copies of any documents that the Class Member wishes to submit in support of his/her position; and (h) identify by name and address any attorney that represents the Class

{00275685 }
\\NY - 080945/001224 - 4406976 v6

Member with respect to the Objection or assisted or advised the Class Member in any way with respect to the Objection.  Objections may be filed by counsel for a Class Member.  Any Class Member who does not submit a timely Objection in complete accordance with this Agreement, the Postcard Notice, and Class Notice, and otherwise as ordered by the Court, shall not be treated as having filed a valid Objection to the Settlement.

     7.10    The motion for Preliminary Approval shall provide that all Objections should be mailed or hand-delivered to the Court and mailed or hand-delivered to Class Counsel and Defendant's Counsel no less than twenty (20) days before the Settlement Hearing.

     7.11    Any Class Member who wishes to appear at the Settlement Hearing, whether *pro se* or through counsel, must, within the time set by the Court, and, in any event, no less than 20 days prior to the Settlement Hearing, mail or hand-deliver to the Court a notice of appearance in the Actions, take all other actions or make any additional submissions as may be required in the Postcard Notice, Class Notice, or as otherwise ordered by the Court, and mail the notice and other pleadings to Class Counsel and Defendant's Counsel as provided in the Class Notice.  No Class Member shall be permitted to raise matters at the Settlement Hearing that the Class Member could have raised in an Objection, but failed to do so.  Any Class Member who fails to comply with this Agreement, the Postcard Notice, the Class Notice, and as otherwise ordered by the Court shall be barred from appearing at the Settlement Hearing.

     7.12    Unless the Court orders otherwise, the dates set forth in the Postcard Notice and Class Notice shall govern the rights of the Class Members.

**E.    Settlement Hearing**

     7.13    Pursuant to the schedule set forth in the Preliminary Approval Order for the holding of the Settlement Hearing, the Class Representatives shall submit all moving and

reply papers and any other documents, including any declarations of the Settlement Administrator, in support of the Court's approval of the Settlement on the terms set forth in this Agreement and for the Court's entry of the Judgment. Drafts of the foregoing papers and other documents shall be provided by Class Counsel to Defendant's Counsel seven (7) days prior to their submission. Defendant may join in the Class Representatives' submissions, make separate submissions, or decline to make any submission, but Defendant may not oppose the Court's approval of the Settlement or entry of the Judgment, except to the extent necessary to protect its termination rights under the terms of this Agreement.

7.14   The Settling Parties agree that they shall not seek entry by the Court of the Judgment until ninety (90) days following the later of the dates on which the appropriate Federal official and the appropriate State official are served with the notice required under 28 U.S.C. §1715(b), which notice shall be served by Defendant within the time period provided by said statute.

## SECTION 8.           SETTLEMENT FEES, COSTS AND EXPENSES

8.1   The Settling Parties shall bear their own costs and expenses incurred in connection with the Actions except as specifically provided in this Section 8.

### A.    Class Counsel Fees

8.2   Defendant acknowledges that Class Counsel in the Actions may seek Court approval for attorneys' fees of up to $1,500,000.00 and reimbursement of costs and expenses of up to $20,000.00 (collectively, "Class Counsel Fees"). Defendant agrees not to contest Class Counsel's request for Class Counsel Fees up to the amounts indicated. Defendant further agrees to pay such Class Counsel Fees approved by the Court, up to $1,500,000.00, separate and apart from any amounts to which the Settlement Class Members are entitled under the terms of this Agreement.

8.3     Class Counsel agrees that the amounts that may be awarded by the Court for Class Counsel Fees shall compensate Class Counsel, Plaintiffs and all Settlement Class Members for all attorneys' fees, costs and expenses of any kind (including but not limited to travel, court reporter and videographer expenses, expert fees and costs, and document review and production costs) that (a) were or may be incurred in connection with the Actions up to and including the date the Judgment becomes Final and (b) may be incurred in the Actions after the date the Judgment becomes Final through the distribution of all Distribution Checks to Authorized Claimants and the closure of the Distribution Account.

8.4     An award of Class Counsel Fees is not a necessary term of this Agreement nor is it a condition of this Agreement. The Court's decision not to approve, in whole or in part, the Class Counsel Fees sought by Class Counsel shall not prevent the Effective Date from occurring nor shall it be grounds for termination of the Settlement or this Agreement. Class Counsel and the Class Representatives may not challenge the Settlement or this Agreement based on the Court's or any appellate court's ruling with respect to Class Counsel Fees. In the event that the Court declines to approve, in whole or in part, any award of Class Counsel Fees sought by or on behalf of Class Counsel, Plaintiffs and the Class, and such decision is upheld, in whole or part upon any appeal, the remaining provisions of this Agreement shall remain in full force and effect.

8.5     Any Class Counsel Fees awarded to Class Counsel shall be paid by Bank of America via wire by the later of (a) ten (10) business days after the later of the Effective Date or the date on which any order of the Court awarding Class Counsel Fees becomes Final; (b) receipt by Bank of America of an IRS Form W-9 from Class Counsel; and (c) receipt by Bank of America of wiring instructions. Defendant shall have no liability arising from any

claim regarding the division of any Class Counsel Fee Award distributed between and among Class Counsel or other lawyers or law firms.  Class Counsel expressly agrees that any fees sought by Meiselman, Packman, Nealon, Scialabba & Baker P.C. ("Meiselman"), which formerly represented Plaintiffs, will be the sole responsibility of Class Counsel and that Bank of America shall have no liability to Meiselman.

### B.    Service Awards

8.6    Defendant acknowledges that Class Counsel will seek an award by the Court to each of the Class Representatives in an amount up to, but no more than, $5,000.00 (a "Service Award") and that Defendant agrees not to contest Class Counsel's request for such an award.  Bank of America agrees to pay such Service Award approved by the Court, up to, but not in excess of, $5,000.00 for each Class Representative and further agrees that any such payment shall be separate and apart from any amounts to which the Class Representatives and all other Settlement Class Members may be entitled under the terms of this Agreement.

8.7    The Court's decision to award, in whole or part, a Service Award to each Class Representative is not a necessary term of this Agreement nor is it a condition of this Agreement.  The Court's decision not to approve, in whole or in part, the Service Awards sought by Class Counsel on behalf of the Class Representatives shall not prevent the Effective Date from occurring nor shall it be grounds for termination of the Settlement or this Agreement.  Class Counsel and the Class Representatives may not challenge the Settlement or this Agreement based on the Court's or any appellate court's ruling with respect to the Service Awards.  In the event that the Court declines to approve, in whole or in part, the Service Award sought on behalf of the Class Representatives, and such decision is upheld, in whole or part, upon any appeal, the remaining provisions of this Agreement shall remain in full force and effect.

{00275685 }
\\NY - 080945/001224 - 4406976 v6

8.8    Any Service Award the Court awards to the Class Representatives shall be paid by Bank of America by check made payable to each Class Representative by the later of (a) ten (10) business days after the later of the Effective Date or the date on which any order of the Court awarding a Settlement Award becomes Final; and (b) receipt by Bank of America of an IRS Form W-9 from each payee.  Defendant shall have no liability to the Class Representatives or Class Counsel arising from any claim regarding the delivery or payment of the Service Award by Class Counsel to the Class Representatives.

**C.    Fees and Costs of Settlement Administrator**

8.9    Bank of America agrees to pay all fees, costs and expenses of the Settlement Administrator incurred in connection with performing its obligations and responsibilities under this Agreement (collectively, the "Settlement Administration Costs").

8.10    The obligation of Bank of America to pay the Settlement Administration Costs as set forth herein shall not be affected, abridged or otherwise modified in the event that the Effective Date does not occur or this Agreement is terminated according to its terms, provided that any payment obligation shall apply only to such Settlement Administration Costs that were reasonably incurred prior to the happening of such events.

**SECTION 9.       RELEASES**

9.1    The obligations incurred pursuant to this Agreement shall be in full and final disposition of the Actions as against the Defendant, and shall fully and finally release any and all Settled Claims as against all Released Parties.  The Judgment shall, among other things, provide for the dismissal with prejudice of the Actions against the Defendant without costs to any party, as such costs are identified in 28 U.S.C. § 1920, except as specifically set forth in this Agreement.

{00275685 }
\\NY - 080945/001224 - 4406976 v6

9.2     Pursuant to the Judgment, upon the Effective Date, each Class Representative and Settlement Class Member, on behalf of themselves, and each of their respective heirs, estates, executors, trustees, guardians, wards, next friends, joint tenants, tenants-in-common, administrators, beneficiaries, predecessors, successors and assigns, and any other person claiming by, through or on behalf of them, shall be deemed by operation of law (a) to have released, waived, discharged and dismissed each and every of the Settled Claims against the Released Parties; (b) shall forever be enjoined from commencing, instituting or prosecuting any or all of the Settled Claims against any of the Released Parties; and (c) shall not institute, continue, maintain or assert, either directly or indirectly, whether in the United States or elsewhere, on their own behalf or on behalf of any class or any other person, any action, suit, cause of action, claim or demand against any person or entity who may claim any form of contribution or indemnity from any of the Released Parties in respect of any Settled Claim.

9.3     Pursuant to the Judgment, upon the Effective Date, Plaintiffs, individually and on behalf of their respective heirs, executors, trustees, administrators, beneficiaries, and assigns, and any other person claiming by, through or on behalf of them, shall be deemed by operation of law (a) to have released, waived, discharged and dismissed each and every of the Plaintiffs' Settled Claims against the Released Parties; (b) shall forever be enjoined from commencing, instituting or prosecuting any or all of the Plaintiffs' Settled Claims against the Released Parties; and (c) shall not institute, continue, maintain or assert, either directly or indirectly, whether in the United States or elsewhere, on their own behalf or on behalf of any class or any other person, any action, suit, cause of action, claim or demand against any person or entity who may claim any form of contribution or indemnity from the Released Parties in respect of any Plaintiffs' Settled Claim.

9.4    Class Counsel and each of their past and present law firms, including Meiselman, partners, or other employers, employees, agents, representatives, successors, or assigns (the "Counsel Releasing Parties") will be deemed to have completely released and forever discharged the Released Persons from any and all past, present and future claims, counterclaims, lawsuits, set-offs, costs, losses, rights, demands, charges, complaints, actions, causes of action, obligations, or liabilities of any and every kind relating to attorney's fees, costs and expenses of any and every kind relating to the Actions upon payment of the Class Counsel Fees.

Notwithstanding anything contained herein, none of the provisions of this Section 9 are intended to, nor shall they be construed to, amend, modify, excuse or terminate any rights, duties or obligations of any Settling Party, Class Counsel or Defendant's Counsel under the terms of this Agreement.

**SECTION 10.**    **TERMINATION**

10.1    Within thirty (30) days of: (a) the Court's declining to enter the Preliminary Approval Order in any material respect; (b) the Court's declining to approve this Agreement and Settlement or any material part of it; (c) the Court's declining to enter the Judgment in any material respect; (d) the date upon which the Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court; or (e) if the Court or any other court permits a person or persons to opt-out as a representative, or otherwise to exercise or preserve the opt-out, or substantive rights, of others, Defendant and Class Representatives each shall have the right to terminate the Settlement and this Agreement by providing written notice to the other of an election to do so. Further, this Agreement shall be terminable at the option of Defendant if more than 5.0% (five percent) of the Class Members become

successful Opt-Outs. The Agreement also shall be terminable upon the mutual written agreement of Representative Plaintiffs and Defendant. However, any decision with respect to an application for Class Counsel Fees or Service Awards shall not be considered material to the Settlement or the Agreement and shall not be grounds for termination.

10.2     Except as otherwise provided herein, in the event this Agreement and the Settlement embodied in it are terminated, this Agreement shall be without prejudice, and none of its terms shall be effective or enforceable and the fact of the Agreement and the Settlement embodied in it shall not be admissible in any trial of these Actions, and the Settling Parties shall be deemed to have reverted to their respective status in these Actions immediately prior to October 22, 2015 and, except as otherwise expressly provided, such parties shall proceed in all respects as if this Agreement and any related orders had not been entered.  Notwithstanding the foregoing, in the event this Agreement is terminated, the obligation of Bank of America to pay all Settlement Administration Costs reasonably incurred through the date of termination shall remain in full force and effect, as set forth in Section 8.C of this Agreement.

## SECTION 11.          NO ADMISSION OF WRONGDOING

11.1     This Agreement, whether or not consummated, and any proceedings taken pursuant to it:

(a)     shall not be offered or received against Defendant or any other Released Party as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by Defendant or any other Released Party with respect to the truth of any fact alleged by the Class Representatives or the validity of any claim that was or could have been asserted against Defendant or any other Released Party in these Actions or in any litigation, or of

any liability, fault, misconduct or wrongdoing of any kind of Defendant or any other Released Party;

(b)        shall not be offered or received against Defendant or any other Released Party as evidence of a presumption, concession or admission of any liability, fault, misconduct or wrongdoing by Defendant or any other Released Party or against the Class Representatives or any Settlement Class Members as evidence of any infirmity in the claims of the Class Representatives or the other Settlement Class Members;

(c)        shall not be offered or received against Defendant or any other Released Party, or against the Class Representatives or any other Settlement Class Members, as evidence of a presumption, concession or admission with respect to any liability, fault, misconduct or wrongdoing of any kind, or in any way referred to for any other reason as against Defendant or any other Released Party, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Agreement; provided, however, that if this Agreement is approved by the Court, Defendant or any other Released Party may refer to it to effectuate the protection from liability granted hereunder;

(d)        shall not be construed against Defendant or any other Released Party, or against the Class Representatives or any other Settlement Class Members as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

(e)        shall not be construed against the Class Representatives or any other Settlement Class Members as an admission, concession, or presumption that any of their claims are without merit or that damages recoverable under the Complaints or Amended Complaints in

these Actions would not have exceeded the aggregate of the Claim Payments to which Settlement Class Members are entitled under the terms of this Agreement.

**SECTION 12.**     **MISCELLANEOUS**

12.1    All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein and are a material part of this Agreement.

12.2    The Settling Parties intend the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by (a) the Class Representatives, any other Settlement Class Members and their attorneys against all Released Parties with respect to all Settled Claims; and (b) the Class Representatives and their attorneys against Bank of America with respect to Plaintiffs' Settled Claims.  Accordingly, the Class Representatives and Defendant agree not to assert in any forum that these Actions were brought by the Class Representatives or defended by the Defendant in bad faith or without a reasonable basis.  The Settling Parties hereto shall assert no claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the prosecution, defense, or settlement of these Actions.  The Settling Parties agree that the amount paid and the other terms of this Settlement were negotiated at arm's length in good faith by the Settling Parties, including under the auspices of a professional mediator, and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel.

12.3    Except for the notice provisions set forth in the Preliminary Approval Order and except as required by Defendant in accordance with applicable law, rule or regulation (*e.g.*, securities laws, rules or regulations), each of the Class Representatives, Class Counsel, Defendant and Defendant's Counsel agrees that there will be no campaigning (including on the Internet) regarding the Settlement or this Agreement (although Class Counsel may include a factual description of the Settlement on its website).  There will be no press

releases regarding the Settlement, and neither side will initiate contact with the media. However, any Settling Party, Class Counsel and Defendant's Counsel can respond to inquiries initiated by the media, but in doing so shall restrict his or her statements to a factual description of the terms of the Settlement (which may include reference to the Settlement Website) and shall not make assertions or statements regarding the Settlement or the Settling Parties insofar as the substance of such statements is not, as of the execution of this Agreement, already set forth in the pleadings and briefings filed with the Court in these Actions.

12.4   This Agreement may not be modified or amended, nor may any of its provisions be waived except by a writing signed by, or on behalf of, all Settling Parties, their successors-in-interest, or their assigns.

12.5   The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

12.6   All time periods set forth herein shall be computed in calendar days unless otherwise expressly provided.  Computations of any period of time prescribed or allowed by this Agreement shall be made in the same manner as directed by Rules 6(a)(1), (3), (4), (5) and (6) of the Federal Rules of Civil Procedure, as currently in effect.

12.7   The administration and consummation of the Settlement as embodied in this Agreement shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders enforcing the terms of this Agreement and the administration of the Settlement.

12.8   The waiver by one party of any breach of this Agreement by any other party shall not be deemed a waiver of any other prior or subsequent breach of this Agreement.

12.9    This Agreement and all the exhibits attached hereto collectively constitute the entire agreement among the Settling Parties concerning this Settlement, and no representations, warranties, or inducements have been made by any party hereto concerning this Agreement and its exhibits other than those contained and memorialized in such documents.

12.10   This Agreement may be executed in one or more manually signed counterparts delivered by hand, mail, fax or through e-mail of an Adobe PDF.  All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the signatories of this Agreement shall exchange among themselves original, manually signed counterparts.

12.11   This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Settling Parties.

12.12   The construction, interpretation, operation, effect and validity of this Agreement, and all documents necessary to effectuate it, shall be governed by the internal laws of the State of New York without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

12.13   No opinion or advice concerning the tax consequences of the Settlement to individual Class Members, Settlement Class Members or any of the Settling Parties or any of the Released Parties is being given or will be given by Class Counsel and/or Defendant's Counsel; nor is any representation or warranty in this regard made by virtue of this Agreement.  Class Members and Settlement Class Members will be directed to consult their own tax advisors regarding the tax consequences of the proposed settlement and any tax reporting obligations they might have with respect to it.  Each Class Member's and

{00275685 }
\\NY - 080945/001224 - 4406976 v6

Settlement Class Members' tax obligations, and the determination thereof, are the sole responsibility of the Class Member and Settlement Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Class Member and Settlement Class Member.

12.14  This Agreement shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations between the Settling Parties and all Settling Parties have contributed substantially and materially to the preparation of this Agreement.

12.15  All counsel and any other person executing this Agreement and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so; that they have the power, by executing such documents, to bind the principle upon whose behalf they are acting; and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Agreement to effectuate its terms.

12.16  Class Counsel and Defendant's Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order, this Agreement and the Settlement embodied therein, and to use their best efforts to promptly agree upon and execute all such other documentation as may be reasonably required, and to take such other actions as may be reasonably necessary, to obtain approval by the Court of the Settlement and entry of the Judgment and to enable the Judgment to become Final.

12.17  If any Settling Party or its counsel is required to give notice to the other Settling Party or to the Settlement Administrator under this Agreement, such notice shall be

{00275685 }
\\NY - 080945/001224 - 4406976 v6

in writing and shall, except to the extent the method of notice is otherwise explicitly set forth in a separate Section of this Agreement, be deemed to have been duly given upon (a) receipt of hand delivery; (b) sending by overnight courier, next business day delivery; or (c) sending of electronic mail, provided that no rejection notice occurs and that identical notice is sent by first class mail, postage pre-paid.  Notice shall, consistent with the method for giving such notice, be provided as follows:

| | |
|---|---|
| If to the Class Representatives or<br>Class Counsel: | Finkelstein, Blankinship, Frei-Pearson &<br>    Garber, LLP<br>1311 Mamaroneck Avenue, Suite 220<br>White Plains, N.Y. 10605<br>Tel: (914) 298-3281<br>Fax: (914) 824-1561<br>Attn: D. Gregory Blankinship<br>gblankinship@fbfglaw.com |
| If to Defendant or<br>Defendant's Counsel: | Bryan Cave LLP<br>1290 Avenue of the Americas<br>New York, N.Y. 10104<br>Tel: (212) 541-1228<br>Fax: (212) 904-0506<br>Attn: Christine Cesare<br>cbcesare@bryancave.com |
| If to the Settlement Administrator | NY Lien Settlement<br>Settlement Administrator<br>PO Box 2995<br>Portland, OR 97208-2995<br>Tel: 866-800-6756 (toll free)<br>Info@ NYLienSettlement.com |

Notwithstanding anything to the contrary herein, any Settling Party may, upon notice to all other Settling Parties and their counsel, unilaterally change the name and/or address to which notice under this Section 12.17 should be sent for such Settling Party and/or its counsel. Notice of any such changes shall be given pursuant to the notice provisions set forth in this Section 12.17.

48

12.18  The engagement agreement with the Settlement Administrator shall provide that all notices, schedules and any other written information that the Settlement Administrator is required under this Agreement to provide to Class Counsel and/or Defendant's Counsel shall be delivered, in the manner specified in this Agreement, to the addresses set forth in Section 12.17.

12.19  All Released Parties who are not the Defendant are intended third-party beneficiaries who are entitled as of the Effective Date to enforce the terms of the releases set forth in this Agreement.

12.20  Under no circumstances shall the Settlement or Agreement or the Release be deemed to alter, amend, or change the terms and conditions of any mortgage loan as to which any Class Member is or was a party, or to provide a defense to any such loan, including but not limited to a defense based on the so-called "one action" rule.   Class Members acknowledge their continuing obligations with regard to any loan, and Bank of America expressly reserves all rights with regard to loans, including without limitation, the servicing of the loans in accordance with their terms and with applicable federal and state law.  Nor shall the Settlement or the Agreement or the Release be deemed to have any effect in any bankruptcy case, in any foreclosure proceeding, or in any other action involving a Class Member hereto, nor shall the Agreement create or be construed as evidence of any violation of law or contract; in the event this Agreement is so construed as to a particular Class Member, it can be declared by Defendant to be null and void as to that Class Member only (and in such latter event, the Release as to that Class Member shall also be void). Representative Plaintiffs and the Class expressly covenant and agree, as a material inducement to Defendant, and recognizing the practical difficulties faced by Defendant in

ongoing or future matters, that each of them waive and forever relinquish any rights or entitlement they may possess or come to possess (other than as set forth herein) to have Defendant or the Released Persons amend, alter or revise proofs of claims, rights, demands, suits, or other claims made (or to be made) in order to reflect the benefit of the Distribution Checks provided or to be provided or to reflect the other terms of this Agreement and the Settlement.

12.21  Although the Court shall enter a judgment, the Court shall retain jurisdiction over the interpretation, effectuation, enforcement, administration, and implementation of this Agreement.  In the event any proceeding is brought to enforce the terms of this Agreement, the prevailing Party shall be entitled to recover from the other(s) damages arising from any breach of the Agreement, and his, her or its reasonable attorneys' fees and costs incurred therein.  Further, if a Class Member takes any action or position, after the Effective Date, in any lawsuit (including the Actions) that causes any Party to seek relief, intervention, or ruling by this Court to enforce, interpret, or protect the Settlement, this Agreement, or any of its orders subsequent hereto (including the Preliminary Approval Order or the Judgment), the Court shall retain jurisdiction over this matter to entertain motions or requests by that Party for an award of damages and attorneys' fees against such Class Member.

STIPULATED AND AGREED TO as of the date first written above:

_____         Bank of America, N.A.
Denise Jaffe                        By:


_____
Daniel Adler                        _____
                                    Name:
                                    Title:


_____
Dereck Whittenburg


_____
Jacqueline Whittenburg

**APPROVED AS TO FORM:**

**FINKELSTEIN, BLANKINSHIP,**
**FREI-PEARSON & GARBER, LLP**


By:
       D. Gregory Blankinship
1311 Mamaroneck Avenue, Suite 220
White Plains, N.Y. 10605
Tel: (914) 298-3281
Fax: (914) 824-1561
gblankinship@FBFGLaw.com

*Counsel for Plaintiffs, individually and on*
*behalf of the proposed class*

**BRYAN CAVE LLP**


By:
       Christine B. Cesare
1290 Avenue of the Americas
New York, NY 10104
Tel: (212) 541-1228
Fax: (212) 904-0506
cbcesare@bryancave.com

*Counsel for Bank of America, N.A.*

{00275685 }
\\NY - 080945/001224 - 4406976 v6

# EXHIBIT A

{00275685 }

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DENISE JAFFE and DANIEL ADLER,<br>in their capacity as co-executors of Milton<br>Adler's estate, on behalf of themselves and all<br>others similarly situated,<br><br>                    Plaintiffs,<br><br>        v.<br><br>BANK OF AMERICA, N.A.,<br><br>                    Defendant. | Civil Action No. 13-cv-4866 (VB) |
| DERECK WHITTENBURG and JACQUELINE<br>WHITTENBURG, on behalf of themselves and<br>all others similarly situated,<br><br>                    Plaintiffs,<br><br>        v.<br><br>BANK OF AMERICA, N.A.,<br><br>                    Defendant. | Civil Action No. 14-cv-0947 (VB) |

## [PROPOSED] FINDINGS AND ORDER PRELIMINARILY APPROVING

## SETTLEMENT

WHEREAS, on January 29, 2016, all parties to the above-captioned actions (the "Actions") entered into a Stipulation and Agreement of Settlement (the "Settlement Agreement") which is subject to review and approval by this Court and which, together with the exhibits thereto, sets forth the terms and conditions for the proposed Settlement of the claims alleged in the Actions and dismissal of the Actions with prejudice; and

{00275685 }

WHEREAS, plaintiffs in the Actions have moved, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, for an Order that, among other things, preliminarily approves the Settlement Agreement and the Settlement embodied therein, certifies a Class solely for the purposes of settlement, and provides for notice to potential members of the Class; and

WHEREAS, the Court has read and considered the Settlement Agreement and the exhibits thereto; all parties to the Settlement Agreement have consented to the entry of this Order; and the Court has found that substantial and sufficient grounds exist for entering this Order:

NOW, THEREFORE, IT IS HEREBY ORDERED, this ____ day of _____, 2016 that:

1.      The Court, for purposes of this Order, adopts all defined terms as set forth in the Settlement Agreement.  Any inconsistencies in terminology between the Settlement Agreement and the Settlement Notices or this Order will be controlled by the language of the Settlement Agreement.

2.      The Court hereby preliminarily certifies the following class for the purposes of settlement only (the "Class"), pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure:  all persons and/or entities who were the mortgagor party to a residential mortgage on real property located in New York State serviced by Bank of America for which all authorized principal, interest and all other amounts due or otherwise owed by law was completely paid between July 12, 2010 and November 27, 2015, but Bank of America failed to present a certificate of discharge or satisfaction of mortgage within 30 days to the recording officer of the county where the mortgage was recorded.  Serviced means that Bank of America acted as (a) the entity to which payments under the residential mortgage were required to be made or (b) such

entity's personal representative, agent, successor or assign. Excluded from the Class are: (i) individuals who are partners, associates, officers, directors, or employees of Bank of America; (ii) all judges or magistrates of the United States or any state and their spouses; (iii) all individuals who timely and properly request to be excluded from the class, i.e. opt out; (iv) all persons who have previously released Bank of America from claims covered by this Settlement; and (v) all persons who have already received payment from Bank of America for alleged violation of New York Real Property Actions and Proceedings Law § 1921 and/or New York Real Property Law § 275 with respect to a loan on a Mortgaged Property (unless that person is a member of the Settlement Class by virtue of a different loan on his or her Mortgaged Property as to which he or she has received no such payment).

3.       Solely for purposes of effectuating the Settlement, the Court preliminarily finds that the prerequisites to class action certification under Fed. R. Civ. P. 23(a) and 23(b)(3) have been satisfied for the Class defined herein, in that:

(a)      the number of Class Members is so numerous that joinder of all Class Members is impracticable;

(b)      there are questions of law and fact common to the Class Members;

(c)      Plaintiffs' claims are typical of the Class's claims;

(d)      Plaintiffs and Class Counsel (as appointed herein) have and will fairly and adequately represent and protect the interests of the Class;

(e)      the questions of law and fact common to the Class Members predominate over any individual questions; and

(f)      a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

{00275685 }
\\NY - 080945/001224 - 4406976 v6

4.       The Court finds that plaintiffs Denise Jaffe, Daniel Adler, Dereck Whittenburg and Jacqueline Whittenburg are adequate representatives of the Class and certifies them as the Class Representatives for the Class.

5.       The Court appoints counsel for the Class Representatives, D. Gregory Blankinship and Todd S. Garber of Finkelstein, Blankinship, Frei-Pearson & Garber LLP, 1311 Mamaroneck Avenue, Suite 220, White Plains, NY 10605, to be Class Counsel for the Class.

6.       The Court preliminarily finds that:

         (a)     the proposed Settlement resulted from informed, extensive arm's-length negotiations between the Settling Parties, including mediation under the direction of an experienced, neutral mediator;

         (b)     Class Counsel has concluded that the proposed Settlement as embodied in the Settlement Agreement is fair, reasonable and adequate; and

         (c)     the proposed Settlement and the terms set forth in the Settlement Agreement are sufficiently fair, reasonable, and adequate to warrant sending notice of the Settlement to the Class.

7.       A hearing (the "Settlement Hearing") is hereby scheduled to be held before the Court on _____, __, 2016, at __:__ __.m. at the United States District Court, Southern District of New York, The Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse, 300 Quarropas St., White Plains, NY 10601-4150, for the following purposes:

         (a)     to determine whether the proposed Settlement, as embodied in the Settlement Agreement (including, but not limited to, the terms governing the Claim Payments to be paid to Authorized Claimants and the procedures for submission of Proof of Claims, review and determination of the validity of such Proof of Claims and the distribution of Claim Payments

to Authorized Claimants), is fair, reasonable, and adequate, and should be approved by the Court;

(b)     to determine whether the Judgment, substantially in the form attached as Exhibit B to the Settlement Agreement, should be entered herein;

(c)     to determine whether the Actions should be finally certified, for settlement purposes, as a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure:

(d)     to consider Class Counsel's application for an award of Class Counsel Fees;

(e)     to consider the Class Representatives' request for a Service Award for the time and effort expended in prosecuting the Actions on behalf of the Class; and

(f)     to rule upon such other matters as the Court may deem appropriate.

8.     The Court approves the appointment of Epiq Systems Class Action and Claims Solutions as the Settlement Administrator.

9.     The Court approves the form, substance and requirements of the Class Notice, the Postcard Notice (collectively, the "Settlement Notices"), and the Proof of Claim, each substantially in the form annexed hereto as Exhibits 1, 2 and 3, respectively.  The Court finds that the procedures established for mailing and distribution of the Settlement Notices and Proof of Claim substantially in the manner and form set forth in paragraphs 10 - 12 of this Order constitute the best notice practicable under the circumstances, are in full compliance with the notice requirements of due process and Rule 23 of the Federal Rules of Civil Procedure and shall constitute due and sufficient notice to all persons entitled to notice.

10.     To ensure the effectiveness and integrity of the notice program approved by the Court, the Court hereby prohibits all generalized notices or communications, whether by written

correspondence, advertisements, Internet postings, or other media, to Settlement Class members by the parties or their agents and representatives about the Settlement or its terms other than specifically authorized by the Agreement or order of the Court. The parties have specifically consented to this restriction.

11.   The procedures for mailing and distribution of the Settlement Notices shall be as follows:

(a)   Within fourteen (14) business days following the entry of this Order, Bank of America shall provide the Settlement Administrator with the Class Members E-File;

(b)   The Settlement Administrator shall cause the Postcard Notice to be mailed, by first class mail, postage prepaid, within forty-five (45) calendar days following the entry of this Order, to all Class Members identified in the Class Members E-File at the addresses set forth therein or at such other addresses as the Settlement Administrator, pursuant to the procedures set forth in Sections 4.4 and 4.5 of the Settlement Agreement, identifies;

(c)   If more than 20% of the Postcard Notices mailed return undelivered, the Settling Parties, through their respective counsel, shall work in good faith with the Settlement Administrator to devise additional steps to provide notice to the Settlement Class, which may include publication of the Class Notice in a newspaper of general circulation.

(d)   The Settlement Administrator shall, within twenty (20) calendar days following the entry of this Order, create the Settlement Website, which shall contain the documents (including, but not limited to, the Class Notice, the Settlement Agreement, the Proof of Claim, and this Preliminary Approval Order), information and functionality set forth in Section 4.7 of the Settlement Agreement; and

(e)     Class Counsel shall, at or before the Settlement Hearing, file with the Court proof of (i) mailing of the Class Notice and Postcard Notice; (ii) publication of the Class Notice if undertaken pursuant to paragraph 10(c) of this Order; and (iii) establishment of the Settlement Website containing the requisite documents, information and functionality as provided for herein.

12.     The Settlement Administrator shall, within twenty (20) calendar days following the entry of this Order, post on the Settlement Website the Proof of Claim.  The Settlement Administrator shall ensure, as provided in Sections 4.7 and 4.10 of the Settlement Agreement, that the Proof of Claim (i) can be printed from the Settlement Website; (ii) can be completed and submitted electronically through the Settlement Website; and (iii) will be mailed, either by first class mail, postage pre-paid, or electronically, to those Class Members who request the Settlement Administrator to make such a mailing.

13.     To be entitled to receive a Claim Payment, in the event the Effective Date occurs, each Settlement Class Member must take the following actions and shall be subject to the following conditions:

(a)     Fully complete and timely submit a valid Proof of Claim in accordance with the instructions contained therein.  All Proof of Claims must be submitted no later than _____ ninety (90) calendar days following the mailing of Postcard Notices.  Each Proof of Claim shall be deemed to have been submitted on the date submitted on-line through the Settlement Website or when postmarked (if properly addressed and mailed by first class mail, postage prepaid); and

(b)    The determination of whether a Proof of Claim was fully completed, valid and timely submitted and should be approved or rejected shall be made pursuant to the criteria and procedures set forth in Sections 5.3 through 5.15 of the Settlement Agreement.

14.    No Class Member may assign or delegate to any individual or entity the right to receive a Claim Payment or to submit a Proof of Claim on behalf of the Class Member.  If a Class Member nonetheless purports to assign or delegate such right and an otherwise valid Proof of Claim is timely submitted on behalf of that Class Member, the Settlement Administrator shall pay any Claim Payment directly to the Class Member and not to the Class Member's designated assignee or delegate, notwithstanding the terms of any assignment or delegation.  By this provision, the Court intends to foreclose assignments or delegations entered into solely for purposes of submitting a Proof of Claim in this Settlement.  Nothing herein shall preclude a person previously authorized by law, such as a trustee, guardian or person acting under a power of attorney, to act on behalf of the Class Member from receiving the Claim Payment or submitting a Proof of Claim on behalf of a Class Member.

15.    Any Settlement Class Member who does not timely submit a fully completed and valid Proof of Claim shall be barred from receiving any Claim Payment, unless otherwise ordered by the Court, but shall nevertheless be bound by any Judgment entered by the Court. Every Settlement Class Member who submits a Proof of Claim shall be deemed to have voluntarily submitted to the jurisdiction of the Court with respect to the Proof of Claim or submitted.

16.    Class Members shall be bound by the Settlement Agreement and all determinations and judgments in these Actions concerning the Settlement, including, but not

limited to the releases provided for therein, whether favorable or unfavorable, unless they request exclusion from the Class in a timely and proper manner, as hereinafter provided. A Class Member wishing to make a request for exclusion must submit a written request, by first class mail, postage pre-paid, to the address designated in the Class Notice that is postmarked no later than _____ days prior to the date scheduled herein for the Settlement Hearing. For a Class Member's Opt-Out to be valid and treated as a successful Opt-Out, it must (a) state his or her full name, address, and telephone number; (b) contain the Mortgaged Property address as to which he or she seeks exclusion; (c) contain the Class Member's personal and original signature or the original signature of a person previously authorized by law, such as a trustee, guardian or person acting under a power of attorney, to act on behalf of the Class Member with respect to a claim or right such as those in the Action (*i.e.*, conformed, reproduced, facsimile, or other non-original signatures are not valid); and (d) state unequivocally the Class Member's intent to be excluded from the Class and the Settlement in *Jaffe et al. v. Bank of America, N.A.*, No. 13-4866 (S.D.N.Y.) and *Whittenburg et al. v. Bank of America, N.A.*, No. 14-0947 (S.D.N.Y.), not to participate in the Settlement, and/or to waive all right to the benefits of the Settlement. In those cases where a Class Member includes persons who are or were co-owners of the Mortgaged Property, the Class Member shall be deemed a successful Opt-Out only if all owners elect to and validly opt-out in accordance with the provisions of this Paragraph. In the event that a Class Member is a Class Member as to more than one Mortgaged Property and/or more than one loan on a Mortgaged Property, an Opt-Out as to one property or loan shall be treated as an Opt-Out with regard to all of that Class Member's properties and loans. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

17.     No person shall purport to exercise any exclusion rights of any other person, or purport (a) to opt-out Class Members as a group, aggregate, or class involving more than one Class Member; or (b) opt-out more than one Class Member on a single paper, or as an agent or representative; any such purported opt-outs shall be void, and the Class Member(s) that is or are the subject of such purported opt-out shall be treated as a Class Member.

18.     At the expiration of the Opt-Out Period, the parties shall file under seal a comprehensive list of persons successfully opting out in compliance with this Order. If the proposed settlement is approved, any Settlement Class member who has not submitted a timely, written request for exclusion from the class shall be bound by all proceedings, orders, and judgments entered in these actions, even if he or she has a pending, or subsequently institutes, files, commences, prosecutes, intervenes in, or participates in (as a class member or otherwise), any lawsuit or administrative, regulatory, arbitration or other proceeding against defendants in any jurisdiction based on or relating to the claims, facts and causes of action asserted in these actions.

19.     Putative Class Members who are excluded from the Class shall not be entitled to receive any Claim Payment, as described in the Settlement Agreement and Class Notice, and shall not be bound by the Judgment, if entered in these Actions, nor subject to the releases, whether favorable or unfavorable, provided for in the Settlement Agreement.

20.     Class Counsel shall submit papers in support of final approval of the Settlement, as embodied in the Settlement Agreement, its application for an award of Class Counsel Fees and the Class Representatives' requests for a Service Award by no later than twenty-one (21) calendar days prior to the Settlement Hearing.  Any reply papers, if necessary, shall be submitted one week prior to the Settlement Hearing.

21.     The Court will consider comments and/or objections by any Class Member to the Settlement Agreement (and the Settlement embodied therein) and with respect to any other matter identified in this Order to be addressed at the Settlement Hearing only if the Class Member has not requested exclusion from the Class and only if such comments or objections and any supporting papers (accompanied by due proof of service upon Class Counsel and Defendant's Counsel in the time and manner provided below), are filed in writing with the Clerk of Court, United States District Court, Southern District of New York, The Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse, 300 Quarropas St., White Plains, NY 10601-4150, no later than 20 calendar days before the Settlement Hearing and copies of all such papers and briefs are served by hand, mail or overnight delivery, such that they are received no later than 20 calendar days before the Settlement Hearing, by each of the following: (i) D. Gregory Blankinship and Todd S. Garber, Finkelstein, Blankinship, Frei-Pearson & Garber, LLP, 1311 Mamaroneck Avenue, Suite 220, White Plains, NY 10605, on behalf of the Class Representatives and the Class; and (ii) Christine Cesare, Bryan Cave LLP, 1290 Avenue of the Americas, New York, NY 10104, on behalf of Defendant.   Class Counsel and Defendant's Counsel shall promptly furnish each other with copies of any and all objections that come into their possession.

22.     Any Class Members who intend to object and/or comment must include in their filing all the following information: (a) the Class Member's name and current mailing address; (b) the unique identification number provided on the Postcard Notice sent to the Class Member or the address of the Mortgaged Property for which the Class Member was the Mortgagor Party; (c) a signed statement that the Class Member objects to the Settlement in *Jaffe et al. v. Bank of America, N.A.*, No. 13-4866 (S.D.N.Y.) and *Whittenburg et al. v. Bank of America, N.A.*, No. 14-

0947 (S.D.N.Y.); (d) contain the Class Member's original signature (conformed, reproduced, facsimile, or other non-original signatures will not be valid); (e) state that the Class Member objects to the Settlement, in whole or in part; (f) set forth a statement of the legal and factual basis for the objection; (g) provide copies of any documents that the Class Member wishes to submit in support of his/her position; and (h) identify by name and address any attorney that represents the Class Member with respect to the Objection or assisted or advised the Class Member in any way with respect to the Objection.  Any Class Member who does not submit a timely Objection in complete accordance with this Agreement, the Postcard Notice, and Class Notice, and otherwise as ordered by the Court, shall not be treated as having filed a valid Objection to the Settlement.

23.    All Objections should be mailed or hand-delivered to the Court and mailed or hand-delivered to Class Counsel and Counsel for the Defendants no less than twenty (20) days before the Settlement Hearing.

24.    Attendance at the Settlement Hearing is not necessary for Class Members to object and/or comment on any matters to be presented at the Settlement Hearing.  Class Members wishing to appear, however, to be heard orally to oppose and/or comment on any matters to be presented at the Settlement Hearing (including the approval of the Settlement) and/or present evidence at the Settlement Hearing, must submit with their written filing notice of their intention to appear at the Settlement Hearing and the identity of any witnesses they may seek to call to testify and exhibits they may seek to introduce into evidence at the Settlement Hearing as provided in the Class Notice.  Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval of any matters to be presented at the Settlement Hearing (including the approval of the Settlement).

Case 7:13-cv-04866-VB   Document 89-1   Filed 01/29/16   Page 69 of 109

25.     Unless the Court orders otherwise, no member of the Class or other person shall be entitled to object to any matters to be presented at the Settlement Hearing, or otherwise be heard at the Settlement Hearing, except by serving and filing written objections as described above. Any person who does not object in the manner prescribed above shall be deemed to have waived such objection and shall be bound by all the terms and provisions of the Settlement Agreement and by all proceedings, orders and judgments in the Actions.

26.     Any objections, statements or other submissions by any person noticed pursuant to 28 U.S.C. § 1715 (or claiming an entitlement to have been noticed pursuant to 28 U.S.C. § 1715) shall be filed by the deadlines and in accordance with the procedures and requirements that apply to Settlement Class Member objections. Likewise, any notice of appearance by any person noticed pursuant to 28 U.S.C. § 1715 (or claiming an entitlement to have been noticed pursuant to 28 U.S.C. § 1715) shall be filed by the deadlines and in accordance with the procedures and requirements that apply to notices of appearance by Settlement Class Members.

27.     All proceedings in the Actions are hereby stayed until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of the Settlement Agreement.   Pending final determination of whether the Settlement should be approved, the Class Representatives, all Class Members who have not timely excluded themselves in compliance with this Order, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, file, commence, maintain, prosecute, intervene in, or participate in, as plaintiffs, claimants, class representative members or otherwise against defendant in any jurisdiction and are hereby barred and enjoined from instituting, commencing, maintaining or prosecuting, any action in any court or tribunal that asserts Settled Claims against any Released Party.

13

{00275685 }
\\NY - 080945/001224 - 4406976 v6

Case 7:13-cv-04866-VB   Document 89-1   Filed 01/29/16   Page 69 of 109

25.     Unless the Court orders otherwise, no member of the Class or other person shall be entitled to object to any matters to be presented at the Settlement Hearing, or otherwise be heard at the Settlement Hearing, except by serving and filing written objections as described above. Any person who does not object in the manner prescribed above shall be deemed to have waived such objection and shall be bound by all the terms and provisions of the Settlement Agreement and by all proceedings, orders and judgments in the Actions.

26.     Any objections, statements or other submissions by any person noticed pursuant to 28 U.S.C. § 1715 (or claiming an entitlement to have been noticed pursuant to 28 U.S.C. § 1715) shall be filed by the deadlines and in accordance with the procedures and requirements that apply to Settlement Class Member objections. Likewise, any notice of appearance by any person noticed pursuant to 28 U.S.C. § 1715 (or claiming an entitlement to have been noticed pursuant to 28 U.S.C. § 1715) shall be filed by the deadlines and in accordance with the procedures and requirements that apply to notices of appearance by Settlement Class Members.

27.     All proceedings in the Actions are hereby stayed until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of the Settlement Agreement.   Pending final determination of whether the Settlement should be approved, the Class Representatives, all Class Members who have not timely excluded themselves in compliance with this Order, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, file, commence, maintain, prosecute, intervene in, or participate in, as plaintiffs, claimants, class representative members or otherwise against defendant in any jurisdiction and are hereby barred and enjoined from instituting, commencing, maintaining or prosecuting, any action in any court or tribunal that asserts Settled Claims against any Released Party.

{00275685 }
\\NY - 080945/001224 - 4406976 v6

13

28.     If the Effective Date fails to occur for any reason whatsoever, the Settlement Agreement and the Settlement embodied therein shall be null and void, and without prejudice to any party, and none of their terms shall be effective or enforceable and the fact of the Settlement Agreement and the Settlement embodied therein shall not be admissible in any trial of these Actions for any purpose, and all parties to these Actions shall be deemed to have reverted to their respective status in these Actions immediately prior to October 22, 2015, and, except as otherwise expressly provided in the Settlement Agreement, the parties shall proceed in all respects as if the Settlement Agreement, this Preliminary Approval Order and any related orders had not been entered.

29.     The Court shall consider any application for an award of Class Counsel Fees to Class Counsel or the award of a Service Award to each of the Class Representatives separately from the fairness, reasonableness and adequacy of the Settlement Agreement and the Settlement embodied therein, the approval of the Judgment and the final certification of the Class as a class action.

30.     The Court expressly reserves the right to do the following without further notice to members of the Class: (a) reschedule the Settlement Hearing; (b) approve the Settlement Agreement with modifications(s) approved by the Settling Parties; (c) award such Class Counsel Fees as the Court finds fair and reasonable, subject to such limitations as are set forth in the Settlement Agreement; and (d) award a Service Award to each of the Class Representatives, subject to such limitations as are set forth in the Settlement Agreement.

31.     To summarize, the schedule of settlement approval proceedings shall be as follows:

Last Day to Mail Postcard Notice:     _____

Last Day for Class members or person Noticed Pursuant to 28 U.S.C. § 1715 to File and Mail objections or Other Papers Related to Settlement: _____
Last Day for Class Members to Opt Out: _____
Last Day for Plaintiffs to file Motions for Class Counsel fee and for Service Awards: _____
Last Day for Parties to File Any Papers related to Settlement Approval: _____
Settlement Hearing: _____
Last Day to Submit Claim Form to Settlement Administrator: _____

32.    The Court retains exclusive jurisdiction over the Actions to consider all further matters arising out of or connected with the Settlement Agreement and the Settlement embodied therein.

Dated: February __, 2016

_____
HONORABLE VINCENT L. BRICCETTI
UNITED STATES DISTRICT COURT JUDGE
UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

# EXHIBIT 1

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

*Denise Jafee and Daniel Adler, in their capacity as co-executors of Milton Adler's estate, on behalf of themselves and all others similarly situated, v. Bank of America, N.A.*, in the United States District Court for the Southern District of New York, Civil Action File No. 13-cv-4866 (VB) and *Dereck Whittenburg and Jacqueline Whittenburg, on behalf of themselves and all others similarly situated, v. Bank of America, N.A.*, in the United States District Court for the Southern District of New York, Civil Action File No. 14-cv-0947 (VB)

## Notice of Class Action and Proposed Settlement

This notice is NOT a notification that you have been sued. This is a notification that you may be a member of a plaintiff class in a lawsuit brought against Bank of America, N.A. ("Bank of America" or "Defendant") in the United States District Court for the Southern District of New York. Your rights may be affected by the above-entitled lawsuit.

If you received a Notice by mail, you could be eligible for a cash payment.

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

- Your legal rights are affected whether you act or do not act. Read this Notice carefully.

- **For a full statement of your rights and options as a member of the Settlement Class, you should refer to the complete Stipulation and Agreement of Settlement ("Settlement Agreement"), which is available on the settlement website, www.NYLienSettlement.com (the "Settlement Website"), by reviewing the court file at the U.S. District Court for the Southern District of New York or by contacting the Class Counsel designated herein below. The terms of the Settlement Agreement will govern your rights if you are a member of the class unless you take further action as indicated below.**

**TO: All persons and/or entities who were the mortgagor party to a residential mortgage on real property located in New York State serviced by Bank of America for which all authorized principal, interest and all other amounts due or otherwise owed by law was completely paid between July 12, 2010 and November 27, 2015, but Bank of America failed to present a certificate of discharge or satisfaction of mortgage within 30 days to the recording officer of the county where the mortgage was recorded (the proposed "Settlement Class"). Serviced means that Bank of America acted as (a) the entity to which payments under the residential mortgage were required to be made or (b) such entity's personal representative, agent, successor or assign.**

{00275685 }

Excluded from the Settlement Class are: (i) individuals who are partners, associates, officers, directors, or employees of Bank of America; (ii) all judges or magistrates of the United States or any state and their spouses; (iii) all individuals who timely and properly request to be excluded from the class, i.e. opt out; (iv) all persons who have previously released Bank of America from claims covered by this Settlement; and (v) all persons who have already received payment from Bank of America for alleged violation of New York Real Property Actions and Proceedings Law § 1921 and/or New York Real property Law § 275 with respect to a loan on a Mortgaged Property (unless that person is a member of the Settlement Class by virtue of a different loan on his or her Mortgaged Property as to which he or she has received no such payment).

**The proposed settlement described herein and on the Settlement Website (www.NYLienSettlement.com) may affect your legal rights and may entitle you to receive between $180 and $780.**

This Class Notice advises you of the pendency of the above-captioned related class actions lawsuits (the "Actions"), the Proposed Settlement and to alert you that the Court will hold a hearing to consider the settlement to be held on [date] at [time] before the Honorable Judge Vincent Briccetti, at Courtroom 620, 300 Quarropas Street, White Plains, New York 10601, United States District Court for the Southern District of New York.

<u>Please visit the Settlement Website, www.NYLienSettlement.com, for further important information concerning the matters discussed herein.  The settlement agreement executed by the parties is available on the Settlement Website.</u>

<u>A Summary of Your Rights and Options:</u>

*If you are a member of the Settlement Class, your legal rights are affected whether or not you act.  Please read this Class Notice carefully.  It explains your rights and options – and the deadlines to exercise them.*

| You May: | Brief Explanation: | Due Date: |
|---|---|---|
| **1. Submit a Proof of Claim** | Submit a valid Claim Form in order to receive a payment from the Settlement, if it is approved.<br>*See* **Question 7** | You must submit a Proof of Claim **by** _____, **201_**, either through the Settlement Website or by mail to the Settlement Administrator. |

| You May: | Brief Explanation: | Due Date: |
|---|---|---|
| **2. Ask to be Excluded** | You may exclude yourself from the Class and keep your right, if any, to sue Bank of America for the claims asserted in the Actions at your own expense. If you exclude yourself, you will not receive any settlement payment but will not be bound by the terms of the Settlement Agreement, if approved by the Court. **See Question 16** | You must submit a written request for exclusion by mail postmarked no later than _____, 201_. |
| **3. Comment or Object** | If you do not exclude yourself from the Class, you may object to the Settlement or to Class Counsel's or the Class Representatives' requests for Class Counsel Fees or a Service Award, respectively. You must remain a member of the lawsuit (*i.e.*, you cannot ask to be excluded) in order to object to the Settlement. **See Question 18** | Objections and requests to present arguments at the Settlement Hearing must be made in writing and filed with the Court and served on Class Counsel and Defendant's Counsel no later than _____, 2016. |
| **4. Do Nothing** | If you are a Class Member and neither submit a Proof of Claim nor exclude yourself from the Class, you will not receive any settlement payment and you will be bound by the Settlement Agreement (including the release of Defendant), if the Settlement is approved. **See Question 23** | **Not Applicable** |

The Court has not yet decided whether to approve the Settlement or to grant Class Counsel's request for Class Counsel Fees or the Class Representatives' request for a Service Award. These issues, among others, will be addressed at the Settlement Hearing. If the Court does not approve the Settlement, the Actions will proceed as if the Settlement had never been proposed and Plaintiffs will, among other things, have to obtain certification of the proposed Class and prove their claims against the Defendant at trial.

## 1.     WHY SHOULD I READ THIS CLASS NOTICE?

This Class Notice is provided pursuant to an order issued by the Court to inform you of the proposed Settlement and the Settlement Hearing to be held by the Court to consider, among other things, whether (a) the Settlement is fair, reasonable and adequate and should be approved;

and (b) to grant Class Counsel's request for Class Counsel Fees and the Class Representatives' request for a Service Award. This Class Notice explains the Actions, the proposed Settlement, the requests by Class Counsel and the Class Representatives, your legal rights, what benefits are available, who is eligible for them, and how to get them. If the Court approves the Settlement, and after appeals, if any, are resolved, Bank of America will make payments pursuant to the Settlement to Class Members who submit timely and valid Proofs of Claims and will take other actions consistent with the Settlement terms. This Class Notice is not an expression of any opinion by the Court as to the merits of the claims or defenses asserted in the Actions.

## 2.   WHAT ARE THE ACTIONS ABOUT?

### A.   The Allegations

The Actions claim that Bank of America failed to timely present to the appropriate New York State recording officer certifications that Plaintiffs' residential mortgages serviced by Bank of America had been fully satisfied, which allegedly violated New York Real Property Actions and Proceedings Law § 1921 and New York Real Property Law § 275. The Actions further allege that this happened to thousands of other New York residential mortgages satisfied after July 12, 2010. Defendant denies all the claims in the lawsuit and denies that it has done anything wrong.

### B.   Status of the Actions

Milton Adler commenced one of the two Actions by filing a putative class action complaint on July 12, 2013. He later amended the complaint on September 12, 2013. After Mr. Adler passed away, Plaintiffs Denise Jaffe and Daniel Adler, as co-executors of his estate, were substituted as plaintiffs in the case. The other Action was commenced by Plaintiff Dereck Whittenburg through a similar complaint filed on February 14, 2014. The complaint was amended on May 16, 2014 to add Plaintiff Jacqueline Whittenburg as a plaintiff. Both Actions allege claims against Bank of America for violation of New York Real Property Actions and Proceedings Law § 1921 and New York Real Property Law § 275.

Bank of America denies that it has acted improperly, denies that class certification is required or appropriate, and has contested Plaintiffs' claims. Bank of America contends that it has acted properly and prudently with regard to the servicing of mortgage loans, including the proper presentment of certificates required under New York Real Property Actions and Proceedings Law § 1921 and New York Real Property Law § 275.

The Parties have aggressively pursued and defended the claims in the Actions. The Plaintiffs and Defendant (collectively, the "Settling Parties") filed various motions in court and engaged in substantial discovery, including the production of documents, the taking of depositions and the exchange of other written information requests, as described in more detail in Section 1 of the Settlement Agreement. To explore the possibility of settlement, the Settling Parties retained David Geronemus, an experienced, independent mediator, to assist them in determining whether a resolution of the Actions was possible. Following mediation, the Settling Parties agreed to settle the Actions on the terms set forth in the Settlement Agreement, subject to approval by the Court.

On _____, 2016, the Court entered an Order (the "Preliminary Approval Order") which, among other things, (a) preliminarily approved the Settlement Agreement subject to further consideration of the Settlement, and any objections thereto, at the Settlement Hearing; (b) preliminarily certified, for settlement purposes only, the Class as defined above; (c) preliminarily appointed Plaintiffs as Class Representatives and Plaintiffs' counsel as Class Counsel; (d) authorized this Class Notice to be posted to the Settlement Website and for notices to be sent directly to Class Members; and (e) scheduled a Settlement Hearing to consider, among other things, whether the Settlement is fair, reasonable and adequate and should be approved. Copies of the Preliminary Approval Order and the exhibits thereto can be obtained by visiting the Settlement Website at the section entitled "Settlement Filings" or by requesting a copy from the Settlement Administrator in the manner and method set forth below (see Question 3).

## 3.    WHAT IS A CLASS ACTION AND WHO IS INVOLVED HERE?

A class action is similar to any lawsuit, except that it is prosecuted by the plaintiff, individually and as a "class representative" for others similarly situated. Counsel for the plaintiff typically serves as counsel for the class and is referred to as "class counsel." The court in a class action actively supervises the conduct of the proceedings to ensure that the interests of the class are fairly represented. Among other things, the court must approve the appointment of plaintiff as the class representative and plaintiff's counsel as class counsel, and the class action may not be settled unless the court determines that the settlement is fair, reasonable and adequate and should be approved. Moreover, in a class action, determinations by the court, whether or not favorable to the plaintiff, will also bind the members of the class that the plaintiff represents, unless a class member has requested to be excluded from the class.

In these Actions, the Court, in the Preliminary Approval Order, preliminarily appointed the Plaintiffs to be the Class Representatives and Plaintiffs' counsel, D. Gregory Blankinship and Todd S. Garber of the law firm of Finkelstein, Blankinship, Frei-Pearson & Garber LLP, to be Class Counsel. Class Counsel can be contacted, if necessary, as follows:

> Finkelstein, Blankinship, Frei-Pearson & Garber LLP
> 1311 Mamaroneck Avenue, Suite 220
> White Plains, NY 10605
> (844) 323-4999

In addition, in its Preliminary Approval Order, the Court appointed Epic Systems Class Action and Claims Solutions to act as the Settlement Administrator, whose responsibilities, among other things, include creating and maintaining the Settlement Website, responding to inquiries from, and communicating with, Class Members and reviewing submitted Proof of Claims to determine if they were timely submitted, complete and valid and should be approved for issuance of a Distribution Check in the amount of a Claim Payment. The Settlement Administrator can be contacted by mail, e-mail and phone as follows:

{00275685 }
\\NY - 080945/001224 - 4406976 v6

NY Lien Settlement
Settlement Administrator
PO Box 2995
Portland, OR 97208-2995

Email: Info@ NYLienSettlement.com
Toll-free number: 866-800-6756

If you choose to contact the Settlement Administrator for any purpose other than to submit a Proof of Claim or to request to be excluded from the Class, please refer to either one or both Actions and provide your full name and e-mail or mailing address. **Submissions to the Settlement Administrator of Proof of Claims and requests to be excluded from the Class must be done in the manner and method described below (see Questions 7 & 16).**

**4.    HOW DO I DETERMINE IF I AM A CLASS MEMBER?**

You are a Class Member if you meet the definition of the Settlement Class set forth at the beginning of this Class Notice. If you received a notice sent directly to you concerning the proposed Settlement, then you are likely a member of the Settlement Class, unless the notice was sent in error.

In the event you believe you are a Class Member but did not receive a notice containing a unique identification number or misplaced it, please call Class Counsel at the number listed above (see Question 3) and Class Counsel will attempt to assist you.

**5.    WHAT ARE THE REASONS FOR THE PROPOSED SETTLEMENT?**

The Court has not reached any final decisions in connection with the Class Representatives' claims against Defendant. Instead, the Class Representatives and Defendant have agreed to the proposed Settlement. In reaching the Settlement, they have avoided the cost, delay and uncertainty of further litigation and on-going business interruption and resources demanded by litigation, and to provide certainty and benefits to the people affected.

As in any litigation, the Class Representatives and the proposed Class would face an uncertain outcome if they did not agree to the proposed Settlement. The Settling Parties expected that the Actions could continue for a long time and that if the Class Representatives succeeded, Defendant would file appeals that would substantially postpone final resolution of the Actions. Continuation of the Actions against Defendant could result in a judgment greater than the proposed Settlement. Conversely, continuing the Actions could result in no recovery at all or a recovery that is less than the amount of the proposed Settlement.

The Class Representatives and Class Counsel believe that the proposed Settlement is fair, reasonable and adequate and should be approved by the Court. They have reached this conclusion for several reasons. If the Settlement is approved, the Class Members who timely submit complete and valid Proof of Claims will receive a significant monetary recovery. Additionally, Class Counsel believes that the significant and immediate benefits of the proposed

Settlement are an excellent result for the Class – especially given the risks and uncertainties of continued litigation.

Defendant denies any wrongdoing and its agreement to settle the Actions shall in no event be construed or deemed to be evidence or an admission or concession with respect to any claim asserted in the Actions or of any fault, liability, wrongdoing, or damages.

## 6.    SETTLEMENT BENEFITS – WHAT YOU GET

A Class Member who timely submits a complete and valid Proof of Claim (an "Authorized Claimant") shall receive one Claim Payment as follows:

Authorized Claimants for whom a certificate of discharge or satisfaction of mortgage for a Mortgaged Property was presented to a recording officer for the first time more than 30 days, but less than 61 days, after Satisfaction will receive $260;

Authorized Claimants for whom a certificate of discharge or satisfaction of mortgage for a Mortgaged Property was presented to a recording officer for the first time more than 60 days, but less than 91 days, after Satisfaction will receive $520;

Authorized Claimants for whom a certificate of discharge or satisfaction of mortgage for a Mortgaged Property was presented to a recording officer for the first time more than 90 days after Satisfaction will receive $780;

Authorized Claimants for whom a certificate of discharge or satisfaction of mortgage for a Mortgaged Property was presented to a recording officer but was rejected and subsequently re-presented more than 30 days but less than 61 days after Satisfaction will receive $180;

Authorized Claimants for whom a certificate of discharge or satisfaction of mortgage for a Mortgaged Property was presented to a recording officer but was rejected and subsequently re-presented more than 60 days but less than 91 days after Satisfaction will receive $360; and

Authorized Claimants for whom a certificate of discharge or satisfaction of mortgage for a Mortgaged Property was presented to a recording officer but was rejected and subsequently re-presented more than 90 days after Satisfaction will receive $540.

If a Class Member is eligible for more than one of the groups above, the Class Member will be assigned to only one group, and be eligible for only one payment. The Settlement Administrator will determine which group to assign a Class Member to based on the group that would provide the Class Member with the greatest benefit.

Checks issued to Authorized Claimants (referred to as "Distribution Checks" in the Settlement Agreement) will be valid for a period of 90 calendar days after issuance and marked "For Deposit Only." Checks not deposited within 90 days will be cancelled as stale and will not be reissued.

To the extent that an Authorized Claimant consists of more than one Class Member who was a Mortgagor Party to a Mortgaged Property -- for example, if a husband and wife were both Mortgagors on a Mortgaged Property -- then the Authorized Claimant shall be (a) entitled to only one Claim Payment, the amount of which shall be determined based on the above criteria and which shall be embodied in one Distribution Check made payable to all Class Members constituting the Authorized Claimant; (b) solely responsible for the allocation, if any, of the Claim Payment between and among the Mortgagor Parties to the Mortgaged Property; and (c) solely responsible for taking all steps necessary to negotiate any Distribution Check made payable to more than one Mortgagor Party, including but not limited to all costs associated with taking such steps.

Class Members who fail to timely submit a complete and valid Proof of Claim will not be entitled to receive any Claim Payment but will be bound by any judgment entered in the Actions and by terms of the Settlement Agreement if approved by the Court, unless the Class Member has timely and properly requested to be excluded from the Class.

Class Members can determine the amount of the Claim Payment they may be eligible to receive under the proposed Settlement by· visiting the Settlement Website and going to the section entitled "Submit a Proof of Claim," which permits you to complete an on-line Proof of Claim. Enter the unique identification number included with the notice of the proposed Settlement mailed to you directly (see Question 7 for further information concerning the unique identification number) and the Claim Payment associated with the Mortgaged Property will appear.

In the event you did not receive a notice containing a unique identification number or misplaced it or you cannot find your Mortgaged Property listed on the Settlement Website, please call Class Counsel at the number listed above (see Question 3) and Class Counsel will attempt to assist you.

## 7.    HOW CAN I GET A CLAIM PAYMENT?

In order to qualify for a Claim Payment, you must timely submit a complete and valid Proof of Claim. This can be done in the following two ways.

First, you may submit a Proof of Claim on-line through the Settlement Website. To do so, visit the Settlement Website and go to the section entitled "Submit A Proof Of Claim." Read the instructions carefully, fill out the form, and submit the Proof of Claim. The notice Class Members received included a unique identification number which can be used, as explained in the Proof of Claim instructions, to automatically complete portions of the Proof of Claim. If you did not receive a notice containing a unique identification number or misplaced it, please contact Class Counsel or the Settlement Administrator at the number listed above (see Question 3) for assistance.

Second, you may also submit a Proof of Claim in paper form. You may obtain a paper copy of the Proof of Claim by printing one from the Settlement Website (available at the section entitled "Submit a Proof of Claim") or by requesting one from the Settlement Administrator by

mail, e-mail or phone at the contact information for the Settlement Administrator set forth above (see Question 3). Read the instructions on the Proof of Claim carefully, fill out the form, sign and date the form under penalty of perjury, and submit it by **mail**, first class postage pre-paid, to the Settlement Administrator at the Settlement Administrator's **mailing address** set forth above (see Question 3) and repeated immediately below:

> NY Lien Settlement
> Settlement Administrator
> PO Box 2995
> Portland, OR 97208-2995

To be considered timely, Proof of Claims submitted through the Settlement Website **must be submitted** by no later than _____, **2016** and Proof of Claims submitted by mail **must be postmarked** by no later than _____, **2016**.

If you do not timely submit a completed and valid Proof of Claim, you will not receive a Claim Payment; however, unless you timely and properly exclude yourself from the Class as described below (see Question 16), you will still be bound in all other respects by any judgment entered in the Actions and by the terms of the Settlement Agreement (including the release of Defendant) if approved by the Court.

## 8.    WHEN WOULD I GET MY DISTRIBUTION CHECK?

The Court will hold a Settlement Hearing on _____, 2016, at \_\_:\_\_ \_.m., to decide whether to approve the proposed Settlement. If the Court approves the Settlement, there may be appeals. It is always uncertain whether these appeals can be resolved favorably, and resolving them can take time, perhaps more than a year. It also takes time for all the Proof of Claims to be evaluated to determine if they were timely submitted, complete and valid. The Settlement Agreement provides that Distribution Checks will start being made within 44 days after all such issues have been resolved and the Court's judgment becomes final. Please be patient.

## 9.    WHAT AM I GIVING UP TO GET A PAYMENT?

If the Court approves the proposed Settlement, it will enter a Judgment containing, among other things, a release which provides that, upon the Effective Date, each of the Class Representatives and each Settlement Class Member, on behalf of themselves, and each of their heirs, executors, trustees, administrators, beneficiaries, predecessors, successors and assigns, and any other person claiming by, through or on behalf of them, shall be deemed by operation of law (a) to have released, waived, discharged and dismissed each and every of the Settled Claims, as defined in the Settlement Agreement, against the Released Parties; (b) shall forever be enjoined from commencing, instituting or prosecuting any or all of the Settled Claims against any of the Released Parties; and (c) shall not institute, continue, maintain or assert, either directly or indirectly, whether in the United States or elsewhere, on their own behalf or on behalf of any class or any other person, any action, suit, cause of action, claim or demand against any person

or entity who may claim any form of contribution or indemnity from any of the Released Parties in respect of any Settled Claim.

The above description of the release applicable to the Class Representatives and Settlement Class Members set forth in the Settlement Agreement is only a summary. The complete terms, including the definitions of capitalized terms not defined in this Class Notice, are set forth in the Settlement Agreement, which you may obtain from the Settlement Website by visiting the section entitled "Settlement Filings" or by contacting the Settlement Administrator or Class Counsel at the contact information listed above (see Question 3).

If you want the right to sue Bank of America on your own about the submission of a satisfaction of mortgage, you must exclude yourself from the Settlement Class in the Actions. If you exclude yourself, you will not be eligible to recover any benefits as a result of the settlement of the Actions.

## 10.   DO I NEED TO CONTACT CLASS COUNSEL TO RECEIVE A DISTRIBUTION CHECK?

No.  If you timely submit a completed and valid Proof of Claim, you need not contact Class Counsel.  If, however, you require any information about the proposed Settlement that is not otherwise available on the Settlement Website or you prefer not to review the Settlement Website to obtain information about the proposed Settlement, you may contact, as appropriate, either the Settlement Administrator or Class Counsel at the contact information listed above (see Question 3).

## 11.   WILL THERE BE ANY PAYMENTS IF THE SETTLEMENT AGREEMENT IS TERMINATED?

No.  The Settlement Agreement may be terminated under several circumstances outlined in it.  If the Settlement Agreement is terminated, the Actions will proceed as if the Settlement Agreement had not been entered into.

## 12.   DO I HAVE A LAWYER IN THIS CASE?

Yes.  Class Counsel has been preliminarily appointed by the Court to represent the Class Representatives and Class Members.  They are experienced in handling similar cases against other mortgage servicers. You will not be charged any fees nor incur any costs by contacting Class Counsel concerning any questions you may have regarding the Actions or the proposed Settlement.  Class Counsel may be contacted at the contact information listed above (see Question 3).

## 13.   SHOULD I GET MY OWN LAWYER?

**You do not need to hire your own lawyer because Class Counsel is working on your behalf. If you want your own lawyer, you may hire one at your own cost.**

**14.    HOW WILL CLASS COUNSEL BE PAID?**

Class Counsel will file a motion for an award of Class Counsel Fees, consisting of their attorneys' fees and the reimbursement of their costs and expenses incurred in the Actions. That motion will be considered by the Court at the Settlement Hearing. Class Counsel will limit their application for an award of attorneys' fees to $1.5 million and for reimbursement of costs and expenses to $20,000. Such sums as may be approved by the Court will be paid by Bank of America. Class Members are not personally liable for any Class Counsel Fees that may be awarded by the Court nor for any attorneys' fees, costs or expenses incurred by Class Counsel in prosecuting the Actions.

The Class Counsel Fees requested will be the only payment to Class Counsel for their efforts in achieving the proposed Settlement and for their risk in undertaking this representation on a wholly contingent basis. Class Counsel has committed significant time and expense in litigating the Actions for the benefit of the Class. To date, Class Counsel has not been paid for their services in prosecuting the Actions on behalf of the Class Representatives and the Class or reimbursed for their costs and expenses. The Class Counsel Fees requested will compensate Class Counsel for their work in achieving the proposed Settlement. The Court will decide what a reasonable Class Counsel Fee award is and may award less than the amount requested by Class Counsel.

**15.    WILL THE CLASS REPRESENTATIVES SEEK AN AWARD IN ADDITION TO THE CLAIM PAYMENTS THAT OTHER CLASS MEMBERS MAY RECEIVE?**

Yes. The Class Representatives will request that the Court award each Class Representative a Service Award of no more than $5,000 for the time and effort expended in representing the Class in the Actions. The Court will consider the Class Representatives' request at the Settlement Hearing. Such sums as may be approved by the Court will be paid by Bank of America. Class Members are not personally liable for any Service Award that the Court may award.

**16.    CAN I EXCLUDE MYSELF FROM THE CLASS?**

Yes. If you do not want to receive a Claim Payment from the proposed Settlement and you want to keep your right, if any, to sue Defendant, at your own expense, concerning the claims raised in the Actions, then you must take steps to exclude yourself from the Class.

To exclude yourself from the Class, you must submit a written request, by first class mail, postage pre-paid, to the Court with a copy to Class Counsel and Defendant's counsel, saying that you want to be excluded the Settlement. To be valid, your exclusion request must include:

- Your full name, current mailing address, and e-mail address (if any);
- The unique identification number provided on the notice mailed directly to you or the address of the Mortgaged Property for which you were the Mortgagor Party;
- The following statement "I/we request to be excluded from the class settlement in *Jaffe et al. v. Bank of America, N.A.,* No. 13-cv-04866-VB (S.D.N.Y.) and *Whittenburg et al. v. Bank of America, N.A., et al.,* No. 14-cv-00947-VB (S.D.N.Y.); and

- Your signature as well as the signature of any other co-owner of the Mortgaged Property.

You must mail your exclusion request to the three addresses that appear below so that it is received no later than **[date]**.

Requests for exclusion from the Settlement Class that are not received on or before **[date]** will not be honored. You cannot exclude yourself from the Settlement Class by telephone or e-mail. You cannot exclude yourself by mailing a request to any other location, or after the deadline. You cannot exclude yourself by having an actual or purported agent or attorney acting on behalf of you or a group of Settlement Class members sign the letter. You must personally sign the letter to be excluded from the class.

If you make a proper request for exclusion, you will not receive a Claim Payment from the Settlement; you cannot object to the proposed Settlement; and you will not be legally bound by any judgments that may be entered in the Actions or by the terms of the proposed Settlement, if approved by the Court.

**17.** **IF I EXCLUDE MYSELF FROM THE CLASS, CAN I STILL GET MONEY FROM THE SETTLEMENT?**

No.  If you exclude yourself from the Class, do not submit a Proof of Claim to ask for any recovery from the Settlement because you will no longer be a member of the Class and, as such, will not be eligible for any recovery from the proposed Settlement, if approved.

**18.** **CAN I OBJECT TO THE PROPOSED SETTLEMENT, CLASS COUNSEL'S REQUEST FOR CLASS COUNSEL FEES OR THE CLASS REPRESENTATIVES' REQUEST FOR A SERVICE AWARD?**

Yes.  If you are a Class Member and have not requested to exclude yourself from the Class, you can object to the Settlement, or any part of it, as well as to Class Counsel's request for Class Counsel Fees and the Class Representatives' request for a Service Award.

To object, you **must**, by no later than postmark on _____, **2016**, have filed in writing your objection and any supporting papers with the Court (accompanied by due proof of service upon counsel for the Settling Parties) and have served, by hand, mail or overnight delivery, copies of all such written filings on counsel for the Settling Parties at the following addresses:

**To the Court:**

    Clerk of Court
    United States District Court, Southern District of New York
    The Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse
    300 Quarropas Street
    White Plains, NY 10601-4150

{00275685 }
\\NY - 080945/001224 - 4406976 v6

**To Class Counsel:**

> Todd S. Garber
> D. Gregory Blankinship
> **FINKELSTEIN, BLANKINSHIP, FREI-PEARSON & GARBER LLP**
> 1311 Mamaroneck Avenue, Suite 220
> White Plains, NY 10605

**To Defendant's Counsel:**

> Christine Cesare
> **BRYAN CAVE LLP**
> 1290 Avenue of the Americas
> New York, NY 10104

In addition, your written objection **must** include all of the following information: (a) your name and current mailing address; (b) the unique identification number provided on the notice mailed directly to you or the address of the Mortgaged Property for which you were the Mortgagor Party; and (c) a signed statement that you object to the Settlement in *Jaffe et al. v. Bank of America, N.A.*, No. 13-cv-04866-VB (S.D.N.Y.) and *Whittenburg et al. v. Bank of America, N.A., et al.*, No. 14-cv-00947-VB (S.D.N.Y.), and (d) the factual and/or legal grounds for objecting, and documents supporting your objection.

If you intend to appear at the fairness hearing through counsel, your comment must also state the identity of all attorneys representing you who will appear at the fairness hearing. Be sure to send your objection to each of the three different places set forth above such that it is received no later than **[date]**.

Attendance at the Settlement Hearing is not necessary for you to object to any matters to be presented at the Settlement Hearing. If you or your representative wish to appear, however, to be heard orally to oppose any matters to be presented at the Settlement Hearing (including the approval of the Settlement) and/or present evidence at the Settlement Hearing, you must include with the filing and service of your written objection a notice of your intent to appear at the Settlement Hearing and the identity of any witnesses you may seek to call to testify and exhibits you may seek to introduce into evidence at the Settlement Hearing.

Unless the Court orders otherwise, no Class Member or other person shall be entitled to object to any matters to be presented at the Settlement Hearing, or otherwise be heard at the Settlement Hearing, except by serving and filing written objections as described above. Any Class Member who does not object in the manner prescribed above shall be deemed to have waived such objection and shall be bound by any judgments entered in the Actions and all the terms of the Settlement Agreement, if approved by the Court, unless the Class Member has properly requested to be excluded from the Class.

**19.    WHAT IS THE DIFFERENCE BETWEEN OBJECTING TO THE PROPOSED SETTLEMENT AND EXCLUDING YOURSELF FROM THE CLASS?**

Objecting is simply telling the Court that you do not like the Settlement or some part of it.  You can only object if you remain a Class Member.  Excluding yourself is telling the Court that you don't want to be part of the Class.  If you exclude yourself, you have no basis to object because the Actions and the proposed Settlement no longer affect you.

**20.    WHEN WILL THE SETTLEMENT HEARING TAKE PLACE AND WHAT WILL BE ADDRESSED?**

The Settlement Hearing will be held on _____, 2016, at __:__ _.m., before the Honorable Vincent L. Briccetti at the United States District Court, Southern District of New York, The Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse, 300 Quarropas St., White Plains, NY 10601-4150, for the purpose of determining whether (a) the proposed Settlement, as embodied in the Settlement Agreement, is fair, reasonable, and adequate, and should be approved; (b) to enter the Judgment, substantially in the form attached as Exhibit _ to the Settlement Agreement, which, among other things, provides for the dismissal of the Actions with prejudice and the release by the Class Representatives and Class Members of the Settled Claims against the Released Parties; (c) the Actions should be finally certified, for settlement purposes, as a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure; (d) to grant Class Counsel's application for an award of Class Counsel Fees; (e) to grant the Class Representatives' request for a Service Award; and (f) to rule upon such other matters as the Court may deem appropriate.

**21.    MAY I SPEAK AT THE SETTLEMENT HEARING?**

Yes.  If you or your representative, however, wish to raise an objection at the Settlement Hearing to any matter to be addressed at the Settlement Hearing, then you must first inform the Court and counsel for the Settling Parties of your intention to speak according to the instructions set forth in Question 18.  You cannot speak at the Settlement Hearing if you properly requested to exclude yourself from the Class.

**22.    DO I HAVE TO COME TO THE SETTLEMENT HEARING?**

No.  Class Counsel will answer any questions the Court may have, but you are welcome to come at your own expense.  If you file and serve an objection to the proposed Settlement (or any part of it) according to the instructions set forth in Question 18, you need not appear at the Settlement Hearing to talk about it.  So long as you complied with the requirements for filing and serving an objection as set forth in Question 18, the Court will consider it.  You may also pay your own lawyer to attend the Settlement Hearing, but it is not necessary.

**23.    WHAT HAPPENS IF I DO NOTHING?**

If you do nothing, you will not receive any money from the Settlement.  But, unless you properly request to exclude yourself from the Class, you will be bound by any judgment, whether

or not favorable to you, that the Court may enter in the Actions and by all the terms of the Settlement Agreement (including the release of Defendant), if approved by the Court.

**24.    WILL I HAVE TO PAY TAX ON A CLAIM PAYMENT I AM ELIGIBLE TO RECEIVE FROM THE SETTLEMENT?**

The Settlement Administrator shall report to the United States Internal Revenue Service on IRS Form 1099-MISC any Claim Payment made to an Authorized Claimant in the amount of $600 or more.  The Settlement Administrator will not withhold any Claim Payment, or portion thereof, for tax or any other purposes.  The tax treatment of any Claim Payment you may be eligible to receive is your responsibility, including whether you are subject to tax withholding and, if so, what steps, if any, you may or must take to accept a distribution that does not withhold any funds for tax purposes.  Neither the Settlement Administrator nor the Settling Parties and their counsel (including Class Counsel and Defendant's counsel) can provide you with individual tax advice.  Accordingly, you should consult your tax advisor if you are not certain about the tax treatment of a Claim Payment you may be eligible to receive from the Settlement.

**25.    HOW DO I OBTAIN ADDITIONAL INFORMATION?**

This Class Notice contains only a summary of the terms of the proposed Settlement.  The records in the Actions may be examined and copied at any time during regular office hours, and subject to customary copying fees, at the office of the Clerk of Court, United States District Court, Southern District of New York, The Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse, 300 Quarropas St., White Plains, NY 10601-4150.  In addition, settlement-related documents, including the Proof of Claim, Settlement Agreement and Preliminary Approval Order, may be obtained by visiting the Settlement Website or by contacting the Settlement Administrator in the manner and at the contact details set forth above (see Question 3).

**PLEASE DO NOT WRITE TO OR TELEPHONE THE COURT FOR INFORMATION.**

# EXHIBIT 2

NY Lien Settlement
Settlement Administrator
PO Box 2995
Portland, OR 97208-2995

FIRST-CLASS MAIL
U.S. POSTAGE PAID
Portland, OR
PERMIT NO. ####

<NAME LINE 1>
<ADDRESS LINE 1>
<ADDRESS LINE 2>
<CITY, STATE ZIP>
<COUNTRY>

--------------------------------------------------------------------------------

### *A Federal Court authorized this Notice. This is not a solicitation.*

## If you owned a qualifying New York home between July 12, 2010 and November 27, 2015, you could receive between $180 and $780 from a class action settlement.

The Mortgaged Property address is: #### Main. St., Anytown, NY #####
Your claim number is: _____

**If you fail to timely act, you will be bound by the proposed settlement (including the release of the defendant), if approved by the Court, but not eligible to receive any settlement amount.**

A proposed class action Settlement has been reached in a lawsuit that claims Bank of America, N.A. failed to present a satisfaction of mortgage on certain New York real estate within the time required by New York law. The Defendant denies it violated any laws, and the Court has not determined who is right. The parties have agreed to settle the lawsuit to avoid the uncertainties and expenses of ongoing litigation.

**How do I know if I am a Class Member?** The Settlement Class includes owners of New York properties where there was a mortgage upon the property and where Bank of America failed to present a satisfaction of mortgage to the county clerk's office within the time required by New York law after the loan was paid off. Our records indicate you may have owned such a property.

**What can I get from the Settlement?** If you are a Class Member and if the Court approves the Settlement, you may receive a payment which can range from $180-$780 depending on when the satisfaction of mortgage for the Mortgaged Property was presented to the county.

**How do I submit a claim for Payment?** To qualify for a payment, you must submit a timely and properly completed Claim Form under penalty of perjury. You may submit a Claim Form online at the website, or you can call the toll-free number to request a paper form. Claim Forms must be signed and postmarked or submitted through the Settlement website by Month Day, 2016.

**Lawyer Assistance.** Class Counsel represents the Settlement Class as a whole. If you want your own lawyer, you may hire one at your own cost.

**Other options.** If you do not want to be legally bound by the Settlement, you must exclude yourself by Month Day, 2016. If you stay in the Settlement, you may object to it by Month Day, 2016. The Court will hold a hearing on Month Day, 2016 to consider whether to approve the Settlement and a request by Class Counsel for attorneys' fees up to $1,500,000 and service awards for the Class Representatives of $5,000 each. The Court may award less than these amounts. Detailed information about the Settlement, including specific instructions about how to object to, or exclude yourself from, the Settlement are available at the website.

{00275685 }

# EXHIBIT 3

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DENISE JAFFE and DANIEL ADLER, in their capacity as co-executors of Milton Adler's estate, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, N.A.,<br><br>Defendant. | Civil Action No. 13-cv-4866 (VB) |
| DERECK WHITTENBURG and JACQUELINE WHITTENBURG, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, N.A.,<br><br>Defendant. | Civil Action No. 14-cv-0947 (VB) |

## PROOF OF CLAIM

**TO BE ELIGIBLE TO RECEIVE A CLAIM PAYMENT IN THE SETTLEMENT OF THE ABOVE-CAPTIONED ACTIONS (THE "SETTLEMENT"), PLEASE PROVIDE THE INFORMATION REQUESTED BELOW AND SUBMIT THIS FORM CONSISTENT WITH THE INSTRUCTIONS SET FORTH AT THE END. ALL CO-OWNERS OF A MORTGAGED PROPERTY MUST SIGN AND SUBMIT A PROOF OF CLAIM.**

1.   <u>Notice Identification Number:</u>

Please state the Notice Identification Number that was printed on the Postcard Notice you received informing you of this settlement: _____

{00275685 }

2.   __Claimant/Mortgaged Property Owner__:

_____

_First_                              _Middle_                        _Last_

_____

_Last four (4) digits of your Social Security Number_

3.   __Claimant/Mortgaged Property Co-Owner (_if applicable_)__:

_____

_First_                              _Middle_                        _Last_

_____

_Last four (4) digits of co-owner's Social Security Number_

4.   **Your current preferred mailing address**:

_____

Street Address (including apartment number, if applicable)

_____

City, State and ZIP code

5.   **Your current preferred phone number and e-mail address:**
     (underline)optional(/underline)

( _ _ _ ) _ _ - _ _ _ _
Phone Number

_____

E-mail Address

6.   Are you subject to a bankruptcy trustee or bankruptcy court order, request or demand requiring that the settlement benefit be paid to the trustee or to the court?

Yes ____   No ____

If you answered "Yes," provide full contact information for the trustee or court to which your settlement benefit must be paid:

_____

_____

_____

**7.**   ***Verifications of Claimants/Owners of Mortgaged Property***

*I/we declare under penalty of perjury under the laws of the United States of America:*

- *that the information provided on this form is true to the best of my/our knowledge;*

- *that I/we have not previously received payment for any alleged violation of New York Real property Actions and Proceedings Law § 1921 and New York Real Property Law § 275, including failing to transmit properly a satisfaction or cancellation of the security instrument for the Settlement Property; and*

- *that I/we am not: a partner, associate, officer, director, or employee of Bank of America, N.A. or its subsidiaries or affiliates; or a judge or magistrate of the United States or any state, or their spouse.*

{00275685 }

3

**REQUIRED SIGNATURE (ALL OWNERS OF A MORTGAGED PROPERTY MUST SIGN):**

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.  EXECUTED ON THE DATE SET FORTH BELOW

_____          _____
Signature                                                         Date


_____          _____
Co-Owner (if applicable)                                  Date

**INSTRUCTIONS:**

1.    All information required to be supplied should be typed or legibly written.

2.    This form may be submitted either (a) on-line at www.**NYLienSettlement**.com (the "Settlement Website") at the section entitled "Submit A Proof Of Claim" or (b) by mail, first class postage pre-paid, addressed as followed:

> NY Lien Settlement
> Settlement Administrator
> PO Box 2995
> Portland, OR 97208-2995

Please submit only one Proof of Claim unless contacted by the Settlement Administrator (Epiq Systems Class Action and Claims Solutions) who instructs you to submit a Revised Proof of Claim and, in such event, submit the Revised Proof of Claim consistent with such instructions.

3.    **The Proof of Claim must be submitted on-line through the Settlement Website no later than _____, 2016 or by mail, at the address set forth above, post-marked no later than _____, 2016.  If you fail to timely submit your Proof of Claim, it will be rejected and you will not be eligible to receive a Claim Payment from the Settlement.**

You will have received your Unique Identification Number on the settlement notice postcards mailed directly to you.  If you did not receive such notices or have misplaced them, contact Class Counsel, D. Gregory Blankinship and Todd S. Garber of the law firm of Finkelstein, Blankinship, Frei-Pearson & Garber LLP, by calling them at (844) 323-4999.

4.    You will not incur any charges or costs for contacting Class Counsel.

5.    Use of the Unique Identification Number will cause portions of the on-line form to be automatically completed and will also reveal the amount of the Claim Payment you will receive if the Court approves the Settlement.  If your current mailing address is incorrect or has changed, please manually change the address in Item 3.

6.    Item 5 is not required to be completed.  The information requested, however, will allow the Settlement Administrator to quickly contact you, if necessary.

7.    To confirm whether you are a Class Member, use either of the following options:  First, visit the Settlement Website and go to the section entitled "Are You a Class Member." Use the search feature of the Settlement Website to find if the address of the residential mortgage serviced by Bank of America, N.A., that you fully paid or satisfied between July 12, 2010 and November 27, 2015 is listed.  Second, request confirmation from Class Counsel.

8.    If you believe you belong in a different Claim Payment Group and are entitled to be placed in a Claim Payment Group that provides a greater Claim Payment, please provide a written statement with proof supporting your reassignment.

9.    A Benefits Check will be issued jointly payable to all Class Members identified as property co-owners on the approved Valid Claim Form.

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DENISE JAFFE and DANIEL ADLER, in their capacity as co-executors of Milton Adler's estate, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, N.A.,<br><br>Defendant. | Civil Action No. 13-cv-4866 (VB) |
| DERECK WHITTENBURG and JACQUELINE WHITTENBURG, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, N.A.,<br><br>Defendant. | Civil Action No. 14-cv-0947 (VB) |

## [PROPOSED] ORDER AND JUDGMENT

WHEREAS, this matter came before the Court for hearing on _____, 2016 (the "Settlement Hearing"), on motion of plaintiffs in the above-captioned actions (the "Actions") to, among other things, determine (i) whether the terms and conditions set forth in the Stipulation and Agreement of Settlement dated as of January 29, 2016 (the "Settlement Agreement") and the settlement (the "Settlement") embodied therein, are fair, reasonable, and adequate and should be approved by the Court; (ii) whether a Judgment providing, among

{00275685 }

other things for the dismissal with prejudice of the Actions against the Defendant as provided for in the Settlement Agreement, should be entered; and

WHEREAS, the Court, in its Order entered _____ __, 2016 (the "Preliminary Approval Order") directed that (i) the Postcard Notice, substantially in the form attached as Exhibit 2 to the Preliminary Approval Order, be mailed by first class mail, postage pre-paid, within forty-five (45) following entry of the Preliminary Approval Order (the "Notice Date") to all putative Class Members at the address of each such Class Member as set forth in the Class Members E-File provided by Bank of America or whose address could otherwise be identified through such reasonable efforts of the Settlement Administrator as specified in the Settlement Agreement; (ii) a Class Notice and Proof of Claim, substantially in the form attached as Exhibits 1 and 3, respectively, to the Preliminary Approval Order, be posted within twenty (20) calendar days following the Notice Date on the Settlement Website, which Settlement Website the Settlement Administrator was directed to create within twenty (20) calendar days following the Notice Date; and

WHEREAS, each of the Postcard Notice and Class Notice (collectively, the "Settlement Notices") advised putative Class Members of (a) the dates for filing (i) a request to exclude themselves from the proposed Class; (ii) any objections to the Settlement, Class Counsel's application for an award of Class Counsel Fees or the Class Representatives' request for a Service Award; and (iii) a Proof of Claim; and (b) the manner and method of making each such filing or identified where such information could be obtained; and

WHEREAS, the provisions of the Preliminary Approval Order as to notice were complied with; and

WHEREAS, on _____, 2016, the Class Representatives moved for final approval of the Settlement and for the award of a Service Award, as set forth in the Preliminary Approval Order; and

WHEREAS, on _____, 2016, Class Counsel moved for an award of Class Counsel Fees, as set forth in the Preliminary Approval Order; and

WHEREAS, a Settlement Hearing was duly held before this Court on _____, 2016, at which time all interested persons and entities were afforded the opportunity to be heard; and

WHEREAS, this Court has considered all matters submitted to it at the Settlement Hearing and all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.      The Settlement Agreement is incorporated by reference in this Judgment as though fully set forth herein.  All capitalized terms used herein shall have the meanings set forth in the Settlement Agreement.

2.      The Court has jurisdiction over the subject matter of the Actions and over all parties to the Actions, including all Class Members and the Settlement Administrator.

3.      Pursuant to Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Actions are hereby finally certified as a class action on behalf of all persons and/or entities who were the mortgagor party to a residential mortgage on real property located in New York State serviced by Bank of America for which all authorized principal, interest and all other amounts due or otherwise owed by law was completely paid between July 12, 2010 and November 27, 2015, but Bank of America failed to

present a certificate of discharge or satisfaction of mortgage within 30 days to the recording officer of the county where the mortgage was recorded.  Serviced means that Bank of America acted as (a) the entity to which payments under the residential mortgage were required to be made or (b) such entity's personal representative, agent, successor or assign. Excluded from the Class are: (i) individuals who are partners, associates, officers, directors, or employees of Bank of America; (ii) all judges or magistrates of the United States or any state and their spouses; (iii) all individuals who timely and properly request to be excluded from the class, i.e. opt out; (iv) all persons who have previously released Bank of America from claims covered by this Settlement; and (v) all persons who have already received payment from Bank of America for alleged violation of New York Real Property Actions and Proceedings Law § 1921 and/or New York Real property Law § 275 with respect to a loan on a Mortgaged Property (unless that person is a member of the Settlement Class by virtue of a different loan on his or her Mortgaged Property as to which he or she has received no such payment).

4.    The Court finds, for the purposes of the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the Class is sufficiently definite; (b) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (c) there are questions of law and fact common to the Class; (d) the claims of the Class Representatives are typical of the claims of the Class they seek to represent; (e) the Class Representatives and Class Counsel have and will fairly and adequately represent the interests of the Class; (f) plaintiffs' interests do not conflict with the interests of the Class Members in the maintenance of the Actions; (g) the questions of law and fact common to the members of the Class predominate over any questions affecting only

individual members of the Class; and (h) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, plaintiffs Denise Jaffe, Daniel Adler, Dereck Whittenburg and Jacqueline Whittenburg are certified as the Class Representatives, and D. Gregory Blankinship and Todd S. Garber of the law firm of Finkelstein, Blankinship, Frei-Pearson & Garber LLP are certified as Class Counsel.

6.     The Actions are properly maintained as class actions pursuant to Federal Rule of Civil Procedure 23, and the Class Representatives and Class Counsel fairly and adequately have and will represent the interests of the Class.

7.     Notice of the pendency of the Actions as a class action and of the proposed Settlement, as set forth in the Settlement Notices, was given to all Class Members who could be identified with reasonable effort, consistent with the terms of the Preliminary Approval Order. The form and method of notifying the Class of the pendency of the Actions as a class action and of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and any other applicable law in the United States. With Court approval, Epiq Class Action and Claims Solutions, Inc. was retained to assist in disseminating Notice accordance with the terms of the Settlement Agreement and the Court's Order granting Preliminary Approval of the Settlement. It is apparent from the Affidavit of _____ , submitted in connection with the Motion for Final Approval of Settlement, that the Notice was properly implemented and effective. (Dkt. ___, Exh. __). Such notice constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

8.     Pursuant to and in compliance with Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finds that due and adequate notice of these proceedings was directed to all persons and entities who are Class Members, advising them of the Settlement and of their right to exclude themselves from the Class, to submit a Proof of Claim for a Claim Payment and to object to the Settlement, and a full and fair opportunity was accorded to all persons and entities who are Class Members to be heard with respect to the foregoing matters.  Thus, it is hereby determined that all Class Members who did not timely and properly elect to exclude themselves by written communication postmarked or otherwise delivered on or before the date set forth in the Preliminary Approval Order and the Settlement Notices are bound by this Order and Judgment.

9.     This Court finds that the persons and entities identified on the list filed under seal at Dkt. ___ timely filed a properly completed written request to exclude themselves from the Class, pursuant to the procedures set forth in the Preliminary Approval Order.  Accordingly, all such persons and entities are hereby excluded from the Class, shall not be bound by the terms of this Order and Judgment and shall not be entitled to the receipt of any Claim Payment.

10.     As a result of the Settlement Agreement, Class Members receive significant cash consideration. Based upon their investigation and pretrial discovery, Plaintiffs and Class Counsel have concluded that the terms and conditions of the Settlement and this Agreement are fair, reasonable and adequate after considering (i) the cash consideration that Class Members will receive from the Settlement, and (ii) the attendant risks of litigation, including in particular the risks of establishing liability and certifying the Class for trial purposes,  In addition, Defendant will pay all costs of notice and administration. The period for submission of claim forms runs until _____.

11.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement as set forth in the Settlement Agreement, and finds that Settlement, including but not limited to the terms of the Settlement Agreement governing the Claim Payments to be paid to Authorized Claimants and the procedures for submission of Proof of Claims, the review and determination of the validity of such Proof of Claims and the distribution of Claim Payments to Authorized Claimants, is, in all respects, fair, reasonable, and adequate, and in the best interests of the Class Members, including the Class Representatives.  This Court further finds that the Settlement set forth in the Settlement Agreement is the result of arm's length negotiations between experienced counsel representing the interests of the Settling Parties, and that it was negotiated with the assistance of an experienced, independent mediator.  After consideration of all relevant factors, the Court finds that the Settlement Agreement is not the product of fraud or over-reaching by, or collusion between, the negotiating parties, and taken as a whole, the proposed Settlement is fair, reasonable and adequate.  Accordingly, the Settlement embodied in the Settlement Agreement is hereby approved in all respects and shall be consummated in accordance with the terms and provisions of the Settlement Agreement.

12.    The Actions and all claims asserted therein are dismissed with prejudice and without costs, as such costs are identified in 28 U.S.C. § 1920.

13.    Upon the Effective Date, each Class Representative and Settlement Class Member, on behalf of themselves, and each of their respective heirs, estates, executors, trustees, guardians, wards, next friends, joint tenants, tenants-in-common,  administrators, beneficiaries, predecessors, successors and assigns, and any other person claiming by, through or on behalf of them, shall be deemed by operation of law (a) to have released, waived, discharged and dismissed each and every of the Settled Claims against the Released Parties; (b) shall forever be

enjoined from commencing, instituting or prosecuting any or all of the Settled Claims against any of the Released Parties; and (c) shall not institute, continue, maintain or assert, either directly or indirectly, whether in the United States or elsewhere, on their own behalf or on behalf of any class or any other person, any action, suit, cause of action, claim or demand against any person or entity who may claim any form of contribution or indemnity from any of the Released Parties in respect of any Settled Claim.

14.     Upon the Effective Date, each of the Plaintiffs, individually and on behalf of their respective heirs, executors, trustees, administrators, beneficiaries, and assigns, and any other person claiming by, through or on behalf of them, (a) shall be deemed by operation of law to have released, waived, discharged and dismissed each and every of the Plaintiffs' Settled Claims against Bank of America; (b) shall forever be enjoined from commencing, instituting or prosecuting any or all of the Plaintiffs' Settled Claims against Bank of America; and (c) shall not institute, continue, maintain or assert, either directly or indirectly, whether in the United States or elsewhere, on their own behalf or on behalf of any class or any other person, any action, suit, cause of action, claim or demand against any person or entity who may claim any form of contribution or indemnity from Bank of America in respect of any Plaintiffs' Settled Claim.

15.     Class Counsel is hereby awarded Class Counsel Fees of $1,500,000.00, and costs in the amount of $20,000.00, which sums the Court finds to be fair and reasonable. In making this award, the Court has considered and found that:

(a)     The Class Notice advised that Class Counsel would move for an award of Class Counsel Fees of up to $1,500,000.00 and costs of up $20,000.00, which the Defendant would not challenge, and no objections were filed against the terms of the proposed Settlement or the ceiling on the award of Class Counsel Fees disclosed in the Class Notice;

(b)     The Actions involve complex factual and legal issues, were actively prosecuted and, in the absence of the Settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

(c)     D. Greg Blankinship, Todd S. Garber, and their firm of Finkelstein, Blankinship, Frei-Pearson & Garber, LLP exhibited exemplary skill and prudence in pursuing the Actions on behalf of the Class Representatives and the Class;

(d)     The hourly rates charged by Class Counsel are reasonable;

(e)     Had Class Counsel not achieved the Settlement, there would remain a significant risk that the Class Representatives and the Class would recover less or nothing from the Defendant; and

(f)     The amount of the Class Counsel Fees awarded herein is consistent with awards in similar cases.

The Class Counsel Fees awarded herein shall be paid by Bank of America consistent with the terms of Section 8.5 of the Settlement Agreement.

16.     The Court finds that an award to the Class Representatives for their time and effort in representing the Class in the prosecution of the Actions is fair and reasonable, and thus awards each of the Class Representatives a Service Award in the amount of $5,000.00.  The Service Award shall be paid by Bank of America consistent with the terms of Section 8.8 of the Settlement Agreement.

17.     Bank of America shall pay the Settlement Administrator, consistent with the terms of the engagement agreement to be entered with the Settlement Administrator.

18.     This Order and Judgment, the Settlement Agreement, any of its terms and provisions, any of the negotiations or proceedings connected with it, and any of the documents or statements referred to therein:

(a)     shall not be offered or received against the Defendant or any other Released Party as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by the Defendant or Released Parties with respect to the truth of any fact alleged by the Class Representatives or the validity of any claim that was or could have been asserted against the Defendant or Released Parties in these Actions or in any litigation, or of any liability, fault, misconduct or wrongdoing of any kind of the Defendant or Released Parties;

(b)     shall not be offered or received against the Defendant or Released Parties as evidence of a presumption, concession or admission of any liability, fault, misconduct or wrongdoing by the Defendant or the Released Parties or against the Class Representatives or any Settlement Class Members as evidence of any infirmity in the claims of the Class Representatives or the other Settlement Class Members;

(c)     shall not be offered or received against the Defendant or Released Parties, or against the Class Representatives or any other Settlement Class Members, as evidence of a presumption, concession or admission with respect to any liability, fault, misconduct or wrongdoing of any kind, or in any way referred to for any other reason as against the Defendant or Released Parties, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Settlement Agreement and this Order and Judgment; provided, however, that the Defendant or any of the other Released Parties may refer to this Order and Judgment and the Settlement Agreement to effectuate the protection from liability granted them thereunder;

(d)      shall not be construed against the Defendant or Released Parties, or against the Class Representatives or any other Settlement Class Members as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

(e)      shall not be construed against the Class Representatives or any other Settlement Class Members as an admission, concession, or presumption that any of their claims are without merit or that damages recoverable under the Complaints or Amended Complaints in these Actions would not have exceeded the aggregate of the Claim Payments to which Settlement Class Members are entitled under the terms of this Agreement.

19.      No Settlement Class Member shall have any claim against the Class Representatives, Class Counsel, the Defendant, the Released Parties, the Defendant's Counsel or the Settlement Administrator based on, arising out of, or related to the amount of the Claim Payment to be paid to Authorized Claimants, the procedures for submission of Proof of Claims, the review and determination of the validity of such Proof of Claims and the distribution of Claim Payments to Authorized Claimants that are set forth, made or effected substantially in accordance with the Settlement Agreement and the Settlement embodied therein or further order of the Court.

20.      The Court reserves jurisdiction, without affecting in any way the finality of this Order and Judgment, over (a) the implementation and enforcement of this Settlement; (b) enforcing and administering this Order and Judgment; (c) enforcing and administering the Settlement Agreement, including any releases executed in connection therewith; and (d) other matters related or ancillary to the foregoing.

{00275685 }

21.    In the event that the Settlement does not become Final in accordance with the terms of the Settlement Agreement, or is terminated pursuant to the Settlement Agreement, then this Order and Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement, and shall be vacated to the extent provided by the Settlement Agreement and, in such event: (a) all Orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement; and (b) the fact of the Settlement shall not be admissible in any trial of the Actions and the Settling Parties shall be deemed to have reverted to their respective status in the Actions immediately prior to October 22, 2015.

22.    Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

23.    There is no just reason for delay in the entry of this Order and Judgment and immediate entry by the Clerk of the Court is expressly directed.

Dated: _____, 2016

                                             _____
                                             HONORABLE VINCENT L. BRICCETTI
                                             UNITED STATES DISTRICT COURT JUDGE
                                             UNITED STATES DISTRICT COURT FOR THE
                                             SOUTHERN DISTRICT OF NEW YORK