UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DENISE JAFFE and DANIEL ADLER,
in their capacity as co-executors of Milton
Adler's estate, on behalf of themselves and all
others similarly situated,

       Plaintiffs,

   v.

BANK OF AMERICA, N.A.,

       Defendant.

Civil Action No. 13-cv-4866 (VB)



USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
3|-7//6

DERECK WHITTENBURG and JACQUELINE
WHITTENBURG, on behalf of themselves and
all others similarly situated,

       Plaintiffs,

   v.

BANK OF AMERICA, N.A.,

       Defendant.

Civil Action No. 14-cv-0947 (VB)

## [PROPOSED] FINDINGS AND ORDER PRELIMINARILY APPROVING

## SETTLEMENT

   WHEREAS, on January 29, 2016, all parties to the above-captioned actions (the "Actions") entered into a Stipulation and Agreement of Settlement (the "Settlement Agreement") which is subject to review and approval by this Court and which, together with the exhibits thereto, sets forth the terms and conditions for the proposed Settlement of the claims alleged in the Actions and dismissal of the Actions with prejudice; and

{00275685 }

WHEREAS, plaintiffs in the Actions have moved, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, for an Order that, among other things, preliminarily approves the Settlement Agreement and the Settlement embodied therein, certifies a Class solely for the purposes of settlement, and provides for notice to potential members of the Class; and

WHEREAS, the Court has read and considered the Settlement Agreement and the exhibits thereto; all parties to the Settlement Agreement have consented to the entry of this Order; and the Court has found that substantial and sufficient grounds exist for entering this Order:

NOW, THEREFORE, IT IS HEREBY ORDERED, this 4th day of March, VB 2016 that:

1.     The Court, for purposes of this Order, adopts all defined terms as set forth in the Settlement Agreement.  Any inconsistencies in terminology between the Settlement Agreement and the Settlement Notices or this Order will be controlled by the language of the Settlement Agreement.

2.     The Court hereby preliminarily certifies the following class for the purposes of settlement only (the "Class"), pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure:  all persons and/or entities who were the mortgagor party to a residential mortgage on real property located in New York State serviced by Bank of America for which all authorized principal, interest and all other amounts due or otherwise owed by law was completely paid between July 12, 2010 and November 27, 2015, but Bank of America failed to present a certificate of discharge or satisfaction of mortgage within 30 days to the recording officer of the county where the mortgage was recorded.  Serviced means that Bank of America acted as (a) the entity to which payments under the residential mortgage were required to be made or (b) such

entity's personal representative, agent, successor or assign. Excluded from the Class are: (i) individuals who are partners, associates, officers, directors, or employees of Bank of America; (ii) all judges or magistrates of the United States or any state and their spouses; (iii) all individuals who timely and properly request to be excluded from the class, i.e. opt out; (iv) all persons who have previously released Bank of America from claims covered by this Settlement; and (v) all persons who have already received payment from Bank of America for alleged violation of New York Real Property Actions and Proceedings Law § 1921 and/or New York Real Property Law § 275 with respect to a loan on a Mortgaged Property (unless that person is a member of the Settlement Class by virtue of a different loan on his or her Mortgaged Property as to which he or she has received no such payment).

3.     Solely for purposes of effectuating the Settlement, the Court preliminarily finds that the prerequisites to class action certification under Fed. R. Civ. P. 23(a) and 23(b)(3) have been satisfied for the Class defined herein, in that:

(a)     the number of Class Members is so numerous that joinder of all Class Members is impracticable;

(b)     there are questions of law and fact common to the Class Members;

(c)     Plaintiffs' claims are typical of the Class's claims;

(d)     Plaintiffs and Class Counsel (as appointed herein) have and will fairly and adequately represent and protect the interests of the Class;

(e)     the questions of law and fact common to the Class Members predominate over any individual questions; and

(f)     a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4.     The Court finds that plaintiffs Denise Jaffe, Daniel Adler, Dereck Whittenburg and Jacqueline Whittenburg are adequate representatives of the Class and certifies them as the Class Representatives for the Class.

5.     The Court appoints counsel for the Class Representatives, D. Gregory Blankinship and Todd S. Garber of Finkelstein, Blankinship, Frei-Pearson & Garber LLP, 1311 Mamaroneck Avenue, Suite 220, White Plains, NY 10605, to be Class Counsel for the Class.

6.     The Court preliminarily finds that:

(a)     the proposed Settlement resulted from informed, extensive arm's-length negotiations between the Settling Parties, including mediation under the direction of an experienced, neutral mediator;

(b)     Class Counsel has concluded that the proposed Settlement as embodied in the Settlement Agreement is fair, reasonable and adequate; and

(c)     the proposed Settlement and the terms set forth in the Settlement Agreement are sufficiently fair, reasonable, and adequate to warrant sending notice of the Settlement to the Class.

7.     A hearing (the "Settlement Hearing") is hereby scheduled to be held before the Court on July , 20, 2016, at 2:30 p.m. at the United States District Court, Southern District of New York, The Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse, 300 Quarropas St., Courtroom 620, White Plains, NY 10601-4150, for the following purposes:

(a)     to determine whether the proposed Settlement, as embodied in the Settlement Agreement (including, but not limited to, the terms governing the Claim Payments to be paid to Authorized Claimants and the procedures for submission of Proof of Claims, review and determination of the validity of such Proof of Claims and the distribution of Claim Payments

to Authorized Claimants), is fair, reasonable, and adequate, and should be approved by the Court;

      (b)    to determine whether the Judgment, substantially in the form attached as Exhibit B to the Settlement Agreement, should be entered herein;

      (c)    to determine whether the Actions should be finally certified, for settlement purposes, as a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure:

      (d)    to consider Class Counsel's application for an award of Class Counsel Fees;

      (e)    to consider the Class Representatives' request for a Service Award for the time and effort expended in prosecuting the Actions on behalf of the Class; and

      (f)    to rule upon such other matters as the Court may deem appropriate.

8.    The Court approves the appointment of Epiq Systems Class Action and Claims Solutions as the Settlement Administrator.

9.    The Court approves the form, substance and requirements of the Class Notice, the Postcard Notice (collectively, the "Settlement Notices"), and the Proof of Claim, each substantially in the form annexed hereto as Exhibits 1, 2 and 3, respectively.  The Court finds that the procedures established for mailing and distribution of the Settlement Notices and Proof of Claim substantially in the manner and form set forth in paragraphs 10 - 12 of this Order constitute the best notice practicable under the circumstances, are in full compliance with the notice requirements of due process and Rule 23 of the Federal Rules of Civil Procedure and shall constitute due and sufficient notice to all persons entitled to notice.

10.    To ensure the effectiveness and integrity of the notice program approved by the Court, the Court hereby prohibits all generalized notices or communications, whether by written

correspondence, advertisements, Internet postings, or other media, to Settlement Class members by the parties or their agents and representatives about the Settlement or its terms other than specifically authorized by the Agreement or order of the Court. The parties have specifically consented to this restriction.

11.     The procedures for mailing and distribution of the Settlement Notices shall be as follows:

(a)     Within fourteen (14) business days following the entry of this Order, Bank of America shall provide the Settlement Administrator with the Class Members E-File;

(b)     The Settlement Administrator shall cause the Postcard Notice to be mailed, by first class mail, postage prepaid, within forty-five (45) calendar days following the entry of this Order, to all Class Members identified in the Class Members E-File at the addresses set forth therein or at such other addresses as the Settlement Administrator, pursuant to the procedures set forth in Sections 4.4 and 4.5 of the Settlement Agreement, identifies;

(c)     If more than 20% of the Postcard Notices mailed return undelivered, the Settling Parties, through their respective counsel, shall work in good faith with the Settlement Administrator to devise additional steps to provide notice to the Settlement Class, which may include publication of the Class Notice in a newspaper of general circulation.

(d)     The Settlement Administrator shall, within twenty (20) calendar days following the entry of this Order, create the Settlement Website, which shall contain the documents (including, but not limited to, the Class Notice, the Settlement Agreement, the Proof of Claim, and this Preliminary Approval Order), information and functionality set forth in Section 4.7 of the Settlement Agreement; and

(e)     Class Counsel shall, at or before the Settlement Hearing, file with the Court proof of (i) mailing of the Class Notice and Postcard Notice; (ii) publication of the Class Notice if undertaken pursuant to paragraph 10(c) of this Order; and (iii) establishment of the Settlement Website containing the requisite documents, information and functionality as provided for herein.

12.     The Settlement Administrator shall, within twenty (20) calendar days following the entry of this Order, post on the Settlement Website the Proof of Claim.  The Settlement Administrator shall ensure, as provided in Sections 4.7 and 4.10 of the Settlement Agreement, that the Proof of Claim (i) can be printed from the Settlement Website; (ii) can be completed and submitted electronically through the Settlement Website; and (iii) will be mailed, either by first class mail, postage pre-paid, or electronically, to those Class Members who request the Settlement Administrator to make such a mailing.

13.     To be entitled to receive a Claim Payment, in the event the Effective Date occurs, each Settlement Class Member must take the following actions and shall be subject to the following conditions:

(a)     Fully complete and timely submit a valid Proof of Claim in accordance with the instructions contained therein.  All Proof of Claims must be submitted no later than _July 18 2016_ ninety (90) calendar days following the mailing of Postcard Notices.  Each Proof of Claim shall be deemed to have been submitted on the date submitted on-line through the Settlement Website or when postmarked (if properly addressed and mailed by first class mail, postage prepaid); and

VB

7

(b)    The determination of whether a Proof of Claim was fully

completed, valid and timely submitted and should be approved or rejected shall be

made pursuant to the criteria and procedures set forth in Sections 5.3 through 5.15

of the Settlement Agreement.

14.    No Class Member may assign or delegate to any individual or entity the right to

receive a Claim Payment or to submit a Proof of Claim on behalf of the Class Member. If a

Class Member nonetheless purports to assign or delegate such right and an otherwise valid Proof

of Claim is timely submitted on behalf of that Class Member, the Settlement Administrator shall

pay any Claim Payment directly to the Class Member and not to the Class Member's designated

assignee or delegate, notwithstanding the terms of any assignment or delegation. By this

provision, the Court intends to foreclose assignments or delegations entered into solely for

purposes of submitting a Proof of Claim in this Settlement. Nothing herein shall preclude a

person previously authorized by law, such as a trustee, guardian or person acting under a power

of attorney, to act on behalf of the Class Member from receiving the Claim Payment or

submitting a Proof of Claim on behalf of a Class Member.

15.    Any Settlement Class Member who does not timely submit a fully completed and

valid Proof of Claim shall be barred from receiving any Claim Payment, unless otherwise

ordered by the Court, but shall nevertheless be bound by any Judgment entered by the Court.

Every Settlement Class Member who submits a Proof of Claim shall be deemed to have

voluntarily submitted to the jurisdiction of the Court with respect to the Proof of Claim or

submitted.

16.    Class Members shall be bound by the Settlement Agreement and all

determinations and judgments in these Actions concerning the Settlement, including, but not

limited to the releases provided for therein, whether favorable or unfavorable, unless they request exclusion from the Class in a timely and proper manner, as hereinafter provided. A Class Member wishing to make a request for exclusion must submit a written request, by first class mail, postage pre-paid, to the address designated in the Class Notice that is postmarked no later than  _____20_____days prior to the date scheduled herein for the Settlement Hearing. For a Class Member's Opt-Out to be valid and treated as a successful Opt-Out, it must (a) state his or her full name, address, and telephone number; (b) contain the Mortgaged Property address as to which he or she seeks exclusion; (c) contain the Class Member's personal and original signature or the original signature of a person previously authorized by law, such as a trustee, guardian or person acting under a power of attorney, to act on behalf of the Class Member with respect to a claim or right such as those in the Action (*i.e.*, conformed, reproduced, facsimile, or other non-original signatures are not valid); and (d) state unequivocally the Class Member's intent to be excluded from the Class and the Settlement in *Jaffe et al. v. Bank of America, N.A.*, No. 13-4866 (S.D.N.Y.) and *Whittenburg et al. v. Bank of America, N.A.*, No. 14-0947 (S.D.N.Y.), not to participate in the Settlement, and/or to waive all right to the benefits of the Settlement. In those cases where a Class Member includes persons who are or were co-owners of the Mortgaged Property, the Class Member shall be deemed a successful Opt-Out only if all owners elect to and validly opt-out in accordance with the provisions of this Paragraph. In the event that a Class Member is a Class Member as to more than one Mortgaged Property and/or more than one loan on a Mortgaged Property, an Opt-Out as to one property or loan shall be treated as an Opt-Out with regard to all of that Class Member's properties and loans. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

17.    No person shall purport to exercise any exclusion rights of any other person, or purport (a) to opt-out Class Members as a group, aggregate, or class involving more than one Class Member; or (b) opt-out more than one Class Member on a single paper, or as an agent or representative; any such purported opt-outs shall be void, and the Class Member(s) that is or are the subject of such purported opt-out shall be treated as a Class Member.

18.    At the expiration of the Opt-Out Period, the parties shall file under seal a comprehensive list of persons successfully opting out in compliance with this Order. If the proposed settlement is approved, any Settlement Class member who has not submitted a timely, written request for exclusion from the class shall be bound by all proceedings, orders, and judgments entered in these actions, even if he or she has a pending, or subsequently institutes, files, commences, prosecutes, intervenes in, or participates in (as a class member or otherwise), any lawsuit or administrative, regulatory, arbitration or other proceeding against defendants in any jurisdiction based on or relating to the claims, facts and causes of action asserted in these actions.

19.    Putative Class Members who are excluded from the Class shall not be entitled to receive any Claim Payment, as described in the Settlement Agreement and Class Notice, and shall not be bound by the Judgment, if entered in these Actions, nor subject to the releases, whether favorable or unfavorable, provided for in the Settlement Agreement.

20.    Class Counsel shall submit papers in support of final approval of the Settlement, as embodied in the Settlement Agreement, its application for an award of Class Counsel Fees and the Class Representatives' requests for a Service Award by no later than twenty-one (21) calendar days prior to the Settlement Hearing. Any reply papers, if necessary, shall be submitted one week prior to the Settlement Hearing.

{00275685 }
\\NY - 080945/001224 - 4406976 v6

21.     The Court will consider comments and/or objections by any Class Member to the Settlement Agreement (and the Settlement embodied therein) and with respect to any other matter identified in this Order to be addressed at the Settlement Hearing only if the Class Member has not requested exclusion from the Class and only if such comments or objections and any supporting papers (accompanied by due proof of service upon Class Counsel and Defendant's Counsel in the time and manner provided below), are filed in writing with the Clerk of Court, United States District Court, Southern District of New York, The Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse, 300 Quarropas St., White Plains, NY 10601-4150, no later than 20 calendar days before the Settlement Hearing and copies of all such papers and briefs are served by hand, mail or overnight delivery, such that they are received no later than 20 calendar days before the Settlement Hearing, by each of the following: (i) D. Gregory Blankinship and Todd S. Garber, Finkelstein, Blankinship, Frei-Pearson & Garber, LLP, 1311 Mamaroneck Avenue, Suite 220, White Plains, NY 10605, on behalf of the Class Representatives and the Class; and (ii) Christine Cesare, Bryan Cave LLP, 1290 Avenue of the Americas, New York, NY 10104, on behalf of Defendant.   Class Counsel and Defendant's Counsel shall promptly furnish each other with copies of any and all objections that come into their possession.

22.     Any Class Members who intend to object and/or comment must include in their filing all the following information: (a) the Class Member's name and current mailing address; (b) the unique identification number provided on the Postcard Notice sent to the Class Member or the address of the Mortgaged Property for which the Class Member was the Mortgagor Party; (c) a signed statement that the Class Member objects to the Settlement in *Jaffe et al. v. Bank of America, N.A.*, No. 13-4866 (S.D.N.Y.) and *Whittenburg et al. v. Bank of America, N.A.*, No. 14-

11

0947 (S.D.N.Y.); (d) contain the Class Member's original signature (conformed, reproduced, facsimile, or other non-original signatures will not be valid); (e) state that the Class Member objects to the Settlement, in whole or in part; (f) set forth a statement of the legal and factual basis for the objection; (g) provide copies of any documents that the Class Member wishes to submit in support of his/her position; and (h) identify by name and address any attorney that represents the Class Member with respect to the Objection or assisted or advised the Class Member in any way with respect to the Objection.  Any Class Member who does not submit a timely Objection in complete accordance with this Agreement, the Postcard Notice, and Class Notice, and otherwise as ordered by the Court, shall not be treated as having filed a valid Objection to the Settlement.

23.     All Objections should be mailed or hand-delivered to the Court and mailed or hand-delivered to Class Counsel and Counsel for the Defendants no less than twenty (20) days before the Settlement Hearing.

24.     Attendance at the Settlement Hearing is not necessary for Class Members to object and/or comment on any matters to be presented at the Settlement Hearing.  Class Members wishing to appear, however, to be heard orally to oppose and/or comment on any matters to be presented at the Settlement Hearing (including the approval of the Settlement) and/or present evidence at the Settlement Hearing, must submit with their written filing notice of their intention to appear at the Settlement Hearing and the identity of any witnesses they may seek to call to testify and exhibits they may seek to introduce into evidence at the Settlement Hearing as provided in the Class Notice.  Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval of any matters to be presented at the Settlement Hearing (including the approval of the Settlement).

25.    Unless the Court orders otherwise, no member of the Class or other person shall be entitled to object to any matters to be presented at the Settlement Hearing, or otherwise be heard at the Settlement Hearing, except by serving and filing written objections as described above. Any person who does not object in the manner prescribed above shall be deemed to have waived such objection and shall be bound by all the terms and provisions of the Settlement Agreement and by all proceedings, orders and judgments in the Actions.

26.    Any objections, statements or other submissions by any person noticed pursuant to 28 U.S.C. § 1715 (or claiming an entitlement to have been noticed pursuant to 28 U.S.C. § 1715) shall be filed by the deadlines and in accordance with the procedures and requirements that apply to Settlement Class Member objections. Likewise, any notice of appearance by any person noticed pursuant to 28 U.S.C. § 1715 (or claiming an entitlement to have been noticed pursuant to 28 U.S.C. § 1715) shall be filed by the deadlines and in accordance with the procedures and requirements that apply to notices of appearance by Settlement Class Members.

27.    All proceedings in the Actions are hereby stayed until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of the Settlement Agreement.  Pending final determination of whether the Settlement should be approved, the Class Representatives, all Class Members who have not timely excluded themselves in compliance with this Order, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, file, commence, maintain, prosecute, intervene in, or participate in, as plaintiffs, claimants, class representative members or otherwise against defendant in any jurisdiction and are hereby barred and enjoined from instituting, commencing, maintaining or prosecuting, any action in any court or tribunal that asserts Settled Claims against any Released Party.

{00275685 }
\\NY - 080945/001324 - 4406976 v6

28.    If the Effective Date fails to occur for any reason whatsoever, the Settlement Agreement and the Settlement embodied therein shall be null and void, and without prejudice to any party, and none of their terms shall be effective or enforceable and the fact of the Settlement Agreement and the Settlement embodied therein shall not be admissible in any trial of these Actions for any purpose, and all parties to these Actions shall be deemed to have reverted to their respective status in these Actions immediately prior to October 22, 2015, and, except as otherwise expressly provided in the Settlement Agreement, the parties shall proceed in all respects as if the Settlement Agreement, this Preliminary Approval Order and any related orders had not been entered.

29.    The Court shall consider any application for an award of Class Counsel Fees to Class Counsel or the award of a Service Award to each of the Class Representatives separately from the fairness, reasonableness and adequacy of the Settlement Agreement and the Settlement embodied therein, the approval of the Judgment and the final certification of the Class as a class action.

30.    The Court expressly reserves the right to do the following without further notice to members of the Class: (a) reschedule the Settlement Hearing; (b) approve the Settlement Agreement with modifications(s) approved by the Settling Parties; (c) award such Class Counsel Fees as the Court finds fair and reasonable, subject to such limitations as are set forth in the Settlement Agreement; and (d) award a Service Award to each of the Class Representatives, subject to such limitations as are set forth in the Settlement Agreement.

31.    To summarize, the schedule of settlement approval proceedings shall be as follows:

Last Day to Mail Postcard Notice:    April 18, 2016

{00275685 }
\\NY - 080945/001224 - 4406976 v5

Last Day for Class members or person Noticed Pursuant to 28 U.S.C. § 1715 to File and Mail objections or Other Papers Related to Settlement: 6/30/16
Last Day for Class Members to Opt Out: 6/30/16
Last Day for Plaintiffs to file Motions for Class Counsel fee and for Service Awards: 6/29/16
Last Day for Parties to File Any Papers related to Settlement Approval: 7/13/16
Settlement Hearing: 7/20/16 2:20 pm
Last Day to Submit Claim Form to Settlement Administrator: July 18, 2016

32.    The Court retains exclusive jurisdiction over the Actions to consider all further matters arising out of or connected with the Settlement Agreement and the Settlement embodied therein.

Dated: ~~February~~ March 4, 2016

_____
HONORABLE VINCENT L. BRICCETTI
UNITED STATES DISTRICT COURT JUDGE
UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

{00275685 }
\\NY - 080945/001224 - 4406976 v6

# EXHIBIT 1

{00275685 }

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

*Denise Jafee and Daniel Adler, in their capacity as co-executors of Milton Adler's estate, on behalf of themselves and all others similarly situated, v. Bank of America, N.A.*, in the United States District Court for the Southern District of New York, Civil Action File No. 13-cv-4866 (VB) and *Dereck Whittenburg and Jacqueline Whittenburg, on behalf of themselves and all others similarly situated, v. Bank of America, N.A.*, in the United States District Court for the Southern District of New York, Civil Action File No. 14-cv-0947 (VB)

### Notice of Class Action and Proposed Settlement

This notice is NOT a notification that you have been sued. This is a notification that you may be a member of a plaintiff class in a lawsuit brought against Bank of America, N.A. ("Bank of America" or "Defendant") in the United States District Court for the Southern District of New York. Your rights may be affected by the above-entitled lawsuit.

If you received a Notice by mail, you could be eligible for a cash payment.

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

- Your legal rights are affected whether you act or do not act. Read this Notice carefully.

- **For a full statement of your rights and options as a member of the Settlement Class, you should refer to the complete Stipulation and Agreement of Settlement ("Settlement Agreement"), which is available on the settlement website, www.NYLienSettlement.com (the "Settlement Website"), by reviewing the court file at the U.S. District Court for the Southern District of New York or by contacting the Class Counsel designated herein below. The terms of the Settlement Agreement will govern your rights if you are a member of the class unless you take further action as indicated below.**

**TO: All persons and/or entities who were the mortgagor party to a residential mortgage on real property located in New York State serviced by Bank of America for which all authorized principal, interest and all other amounts due or otherwise owed by law was completely paid between July 12, 2010 and November 27, 2015, but Bank of America failed to present a certificate of discharge or satisfaction of mortgage within 30 days to the recording officer of the county where the mortgage was recorded (the proposed "Settlement Class"). Serviced means that Bank of America acted as (a) the entity to which payments under the residential mortgage were required to be made or (b) such entity's personal representative, agent, successor or assign.**

{00275685 }

Excluded from the Settlement Class are: (i) individuals who are partners, associates, officers, directors, or employees of Bank of America; (ii) all judges or magistrates of the United States or any state and their spouses; (iii) all individuals who timely and properly request to be excluded from the class, i.e. opt out; (iv) all persons who have previously released Bank of America from claims covered by this Settlement; and (v) all persons who have already received payment from Bank of America for alleged violation of New York Real Property Actions and Proceedings Law § 1921 and/or New York Real property Law § 275 with respect to a loan on a Mortgaged Property (unless that person is a member of the Settlement Class by virtue of a different loan on his or her Mortgaged Property as to which he or she has received no such payment).

**The proposed settlement described herein and on the Settlement Website (www.NYLienSettlement.com) may affect your legal rights and may entitle you to receive between $180 and $780.**

This Class Notice advises you of the pendency of the above-captioned related class actions lawsuits (the "Actions"), the Proposed Settlement and to alert you that the Court will hold a hearing to consider the settlement to be held on [date] at [time] before the Honorable Judge Vincent Briccetti, at Courtroom 620, 300 Quarropas Street, White Plains, New York 10601, United States District Court for the Southern District of New York.

**Please visit the Settlement Website, www.NYLienSettlement.com, for further important information concerning the matters discussed herein.  The settlement agreement executed by the parties is available on the Settlement Website.**

<u>A Summary of Your Rights and Options:</u>

*If you are a member of the Settlement Class, your legal rights are affected whether or not you act.  Please read this Class Notice carefully.  It explains your rights and options – and the deadlines to exercise them.*

| You May: | Brief Explanation: | Due Date: |
|---|---|---|
| **1. Submit a Proof of Claim** | Submit a valid Claim Form in order to receive a payment from the Settlement, if it is approved.<br>*See* **Question 7** | You must submit a Proof of Claim **by** _____, 201_, either through the Settlement Website or by mail to the Settlement Administrator. |

| You May: | Brief Explanation: | Due Date: |
|---|---|---|
| **2. Ask to be Excluded** | You may exclude yourself from the Class and keep your right, if any, to sue Bank of America for the claims asserted in the Actions at your own expense.  If you exclude yourself, you will not receive any settlement payment but will not be bound by the terms of the Settlement Agreement, if approved by the Court.<br><br>**See Question 16** | You must submit a written request for exclusion by mail postmarked no later than _____, 201_. |
| **3. Comment or Object** | If you do not exclude yourself from the Class, you may object to the Settlement or to Class Counsel's or the Class Representatives' requests for Class Counsel Fees or a Service Award, respectively.  You must remain a member of the lawsuit (*i.e.,* you cannot ask to be excluded) in order to object to the Settlement.<br><br>**See Question 18** | Objections and requests to present arguments at the Settlement Hearing must be made in writing and filed with the Court and served on Class Counsel and Defendant's Counsel no later than _____, 2016. |
| **4. Do Nothing** | If you are a Class Member and neither submit a Proof of Claim nor exclude yourself from the Class, you will not receive any settlement payment and you will be bound by the Settlement Agreement (including the release of Defendant), if the Settlement is approved.<br><br>**See Question 23** | **Not Applicable** |

The Court has not yet decided whether to approve the Settlement or to grant Class Counsel's request for Class Counsel Fees or the Class Representatives' request for a Service Award.  These issues, among others, will be addressed at the Settlement Hearing.  If the Court does not approve the Settlement, the Actions will proceed as if the Settlement had never been proposed and Plaintiffs will, among other things, have to obtain certification of the proposed Class and prove their claims against the Defendant at trial.

## 1.     WHY SHOULD I READ THIS CLASS NOTICE?

This Class Notice is provided pursuant to an order issued by the Court to inform you of the proposed Settlement and the Settlement Hearing to be held by the Court to consider, among other things, whether (a) the Settlement is fair, reasonable and adequate and should be approved;

and (b) to grant Class Counsel's request for Class Counsel Fees and the Class Representatives' request for a Service Award. This Class Notice explains the Actions, the proposed Settlement, the requests by Class Counsel and the Class Representatives, your legal rights, what benefits are available, who is eligible for them, and how to get them. If the Court approves the Settlement, and after appeals, if any, are resolved, Bank of America will make payments pursuant to the Settlement to Class Members who submit timely and valid Proofs of Claims and will take other actions consistent with the Settlement terms. This Class Notice is not an expression of any opinion by the Court as to the merits of the claims or defenses asserted in the Actions.

## 2.    WHAT ARE THE ACTIONS ABOUT?

### A.    The Allegations

The Actions claim that Bank of America failed to timely present to the appropriate New York State recording officer certifications that Plaintiffs' residential mortgages serviced by Bank of America had been fully satisfied, which allegedly violated New York Real Property Actions and Proceedings Law § 1921 and New York Real Property Law § 275. The Actions further allege that this happened to thousands of other New York residential mortgages satisfied after July 12, 2010. Defendant denies all the claims in the lawsuit and denies that it has done anything wrong.

### B.    Status of the Actions

Milton Adler commenced one of the two Actions by filing a putative class action complaint on July 12, 2013. He later amended the complaint on September 12, 2013. After Mr. Adler passed away, Plaintiffs Denise Jaffe and Daniel Adler, as co-executors of his estate, were substituted as plaintiffs in the case. The other Action was commenced by Plaintiff Dereck Whittenburg through a similar complaint filed on February 14, 2014. The complaint was amended on May 16, 2014 to add Plaintiff Jacqueline Whittenburg as a plaintiff. Both Actions allege claims against Bank of America for violation of New York Real Property Actions and Proceedings Law § 1921 and New York Real Property Law § 275.

Bank of America denies that it has acted improperly, denies that class certification is required or appropriate, and has contested Plaintiffs' claims. Bank of America contends that it has acted properly and prudently with regard to the servicing of mortgage loans, including the proper presentment of certificates required under New York Real Property Actions and Proceedings Law § 1921 and New York Real Property Law § 275.

The Parties have aggressively pursued and defended the claims in the Actions. The Plaintiffs and Defendant (collectively, the "Settling Parties") filed various motions in court and engaged in substantial discovery, including the production of documents, the taking of depositions and the exchange of other written information requests, as described in more detail in Section 1 of the Settlement Agreement. To explore the possibility of settlement, the Settling Parties retained David Geronemus, an experienced, independent mediator, to assist them in determining whether a resolution of the Actions was possible. Following mediation, the Settling Parties agreed to settle the Actions on the terms set forth in the Settlement Agreement, subject to approval by the Court.

{00275685 }
\\NY - 080945/001224 - 4406976 v6

On _____, 2016, the Court entered an Order (the "Preliminary Approval Order") which, among other things, (a) preliminarily approved the Settlement Agreement subject to further consideration of the Settlement, and any objections thereto, at the Settlement Hearing; (b) preliminarily certified, for settlement purposes only, the Class as defined above; (c) preliminarily appointed Plaintiffs as Class Representatives and Plaintiffs' counsel as Class Counsel; (d) authorized this Class Notice to be posted to the Settlement Website and for notices to be sent directly to Class Members; and (e) scheduled a Settlement Hearing to consider, among other things, whether the Settlement is fair, reasonable and adequate and should be approved. Copies of the Preliminary Approval Order and the exhibits thereto can be obtained by visiting the Settlement Website at the section entitled "Settlement Filings" or by requesting a copy from the Settlement Administrator in the manner and method set forth below (see Question 3).

3.    **WHAT IS A CLASS ACTION AND WHO IS INVOLVED HERE?**

A class action is similar to any lawsuit, except that it is prosecuted by the plaintiff, individually and as a "class representative" for others similarly situated. Counsel for the plaintiff typically serves as counsel for the class and is referred to as "class counsel." The court in a class action actively supervises the conduct of the proceedings to ensure that the interests of the class are fairly represented. Among other things, the court must approve the appointment of plaintiff as the class representative and plaintiff's counsel as class counsel, and the class action may not be settled unless the court determines that the settlement is fair, reasonable and adequate and should be approved. Moreover, in a class action, determinations by the court, whether or not favorable to the plaintiff, will also bind the members of the class that the plaintiff represents, unless a class member has requested to be excluded from the class.

In these Actions, the Court, in the Preliminary Approval Order, preliminarily appointed the Plaintiffs to be the Class Representatives and Plaintiffs' counsel, D. Gregory Blankinship and Todd S. Garber of the law firm of Finkelstein, Blankinship, Frei-Pearson & Garber LLP, to be Class Counsel. Class Counsel can be contacted, if necessary, as follows:

> Finkelstein, Blankinship, Frei-Pearson & Garber LLP
> 1311 Mamaroneck Avenue, Suite 220
> White Plains, NY 10605
> (844) 323-4999

In addition, in its Preliminary Approval Order, the Court appointed Epic Systems Class Action and Claims Solutions to act as the Settlement Administrator, whose responsibilities, among other things, include creating and maintaining the Settlement Website, responding to inquiries from, and communicating with, Class Members and reviewing submitted Proof of Claims to determine if they were timely submitted, complete and valid and should be approved for issuance of a Distribution Check in the amount of a Claim Payment. The Settlement Administrator can be contacted by mail, e-mail and phone as follows:

NY Lien Settlement
Settlement Administrator
PO Box 2995
Portland, OR 97208-2995

Email: Info@ NYLienSettlement.com
Toll-free number: 866-800-6756

If you choose to contact the Settlement Administrator for any purpose other than to submit a Proof of Claim or to request to be excluded from the Class, please refer to either one or both Actions and provide your full name and e-mail or mailing address. **Submissions to the Settlement Administrator of Proof of Claims and requests to be excluded from the Class must be done in the manner and method described below (see Questions 7 & 16).**

## 4.   HOW DO I DETERMINE IF I AM A CLASS MEMBER?

You are a Class Member if you meet the definition of the Settlement Class set forth at the beginning of this Class Notice. If you received a notice sent directly to you concerning the proposed Settlement, then you are likely a member of the Settlement Class, unless the notice was sent in error.

In the event you believe you are a Class Member but did not receive a notice containing a unique identification number or misplaced it, please call Class Counsel at the number listed above (see Question 3) and Class Counsel will attempt to assist you.

## 5.   WHAT ARE THE REASONS FOR THE PROPOSED SETTLEMENT?

The Court has not reached any final decisions in connection with the Class Representatives' claims against Defendant. Instead, the Class Representatives and Defendant have agreed to the proposed Settlement. In reaching the Settlement, they have avoided the cost, delay and uncertainty of further litigation and on-going business interruption and resources demanded by litigation, and to provide certainty and benefits to the people affected.

As in any litigation, the Class Representatives and the proposed Class would face an uncertain outcome if they did not agree to the proposed Settlement. The Settling Parties expected that the Actions could continue for a long time and that if the Class Representatives succeeded, Defendant would file appeals that would substantially postpone final resolution of the Actions. Continuation of the Actions against Defendant could result in a judgment greater than the proposed Settlement. Conversely, continuing the Actions could result in no recovery at all or a recovery that is less than the amount of the proposed Settlement.

The Class Representatives and Class Counsel believe that the proposed Settlement is fair, reasonable and adequate and should be approved by the Court. They have reached this conclusion for several reasons. If the Settlement is approved, the Class Members who timely submit complete and valid Proof of Claims will receive a significant monetary recovery. Additionally, Class Counsel believes that the significant and immediate benefits of the proposed

[00275685 ]
\NY - 080945/001234 - 4406976 v6

Settlement are an excellent result for the Class – especially given the risks and uncertainties of continued litigation.

Defendant denies any wrongdoing and its agreement to settle the Actions shall in no event be construed or deemed to be evidence or an admission or concession with respect to any claim asserted in the Actions or of any fault, liability, wrongdoing, or damages.

## 6.    SETTLEMENT BENEFITS – WHAT YOU GET

A Class Member who timely submits a complete and valid Proof of Claim (an "Authorized Claimant") shall receive one Claim Payment as follows:

Authorized Claimants for whom a certificate of discharge or satisfaction of mortgage for a Mortgaged Property was presented to a recording officer for the first time more than 30 days, but less than 61 days, after Satisfaction will receive $260;

Authorized Claimants for whom a certificate of discharge or satisfaction of mortgage for a Mortgaged Property was presented to a recording officer for the first time more than 60 days, but less than 91 days, after Satisfaction will receive $520;

Authorized Claimants for whom a certificate of discharge or satisfaction of mortgage for a Mortgaged Property was presented to a recording officer for the first time more than 90 days after Satisfaction will receive $780;

Authorized Claimants for whom a certificate of discharge or satisfaction of mortgage for a Mortgaged Property was presented to a recording officer but was rejected and subsequently re-presented more than 30 days but less than 61 days after Satisfaction will receive $180;

Authorized Claimants for whom a certificate of discharge or satisfaction of mortgage for a Mortgaged Property was presented to a recording officer but was rejected and subsequently re-presented more than 60 days but less than 91 days after Satisfaction will receive $360; and

Authorized Claimants for whom a certificate of discharge or satisfaction of mortgage for a Mortgaged Property was presented to a recording officer but was rejected and subsequently re-presented more than 90 days after Satisfaction will receive $540.

If a Class Member is eligible for more than one of the groups above, the Class Member will be assigned to only one group, and be eligible for only one payment. The Settlement Administrator will determine which group to assign a Class Member to based on the group that would provide the Class Member with the greatest benefit.

Checks issued to Authorized Claimants (referred to as "Distribution Checks" in the Settlement Agreement) will be valid for a period of 90 calendar days after issuance and marked "For Deposit Only." Checks not deposited within 90 days will be cancelled as stale and will not be reissued.

{00275685 }
\\NY - 080945/001224 - 4406076 v6

To the extent that an Authorized Claimant consists of more than one Class Member who was a Mortgagor Party to a Mortgaged Property -- for example, if a husband and wife were both Mortgagors on a Mortgaged Property -- then the Authorized Claimant shall be (a) entitled to only one Claim Payment, the amount of which shall be determined based on the above criteria and which shall be embodied in one Distribution Check made payable to all Class Members constituting the Authorized Claimant; (b) solely responsible for the allocation, if any, of the Claim Payment between and among the Mortgagor Parties to the Mortgaged Property; and (c) solely responsible for taking all steps necessary to negotiate any Distribution Check made payable to more than one Mortgagor Party, including but not limited to all costs associated with taking such steps.

Class Members who fail to timely submit a complete and valid Proof of Claim will not be entitled to receive any Claim Payment but will be bound by any judgment entered in the Actions and by terms of the Settlement Agreement if approved by the Court, unless the Class Member has timely and properly requested to be excluded from the Class.

Class Members can determine the amount of the Claim Payment they may be eligible to receive under the proposed Settlement by visiting the Settlement Website and going to the section entitled "Submit a Proof of Claim," which permits you to complete an on-line Proof of Claim. Enter the unique identification number included with the notice of the proposed Settlement mailed to you directly (see Question 7 for further information concerning the unique identification number) and the Claim Payment associated with the Mortgaged Property will appear.

In the event you did not receive a notice containing a unique identification number or misplaced it or you cannot find your Mortgaged Property listed on the Settlement Website, please call Class Counsel at the number listed above (see Question 3) and Class Counsel will attempt to assist you.

## 7.    HOW CAN I GET A CLAIM PAYMENT?

In order to qualify for a Claim Payment, you must timely submit a complete and valid Proof of Claim. This can be done in the following two ways.

First, you may submit a Proof of Claim on-line through the Settlement Website. To do so, visit the Settlement Website and go to the section entitled "Submit A Proof Of Claim." Read the instructions carefully, fill out the form, and submit the Proof of Claim. The notice Class Members received included a unique identification number which can be used, as explained in the Proof of Claim instructions, to automatically complete portions of the Proof of Claim. If you did not receive a notice containing a unique identification number or misplaced it, please contact Class Counsel or the Settlement Administrator at the number listed above (see Question 3) for assistance.

Second, you may also submit a Proof of Claim in paper form. You may obtain a paper copy of the Proof of Claim by printing one from the Settlement Website (available at the section entitled "Submit a Proof of Claim") or by requesting one from the Settlement Administrator by

mail, e-mail or phone at the contact information for the Settlement Administrator set forth above (see Question 3). Read the instructions on the Proof of Claim carefully, fill out the form, sign and date the form under penalty of perjury, and submit it by **mail**, first class postage pre-paid, to the Settlement Administrator at the Settlement Administrator's **mailing address** set forth above (see Question 3) and repeated immediately below:

> NY Lien Settlement
> Settlement Administrator
> PO Box 2995
> Portland, OR 97208-2995

To be considered timely, Proof of Claims submitted through the Settlement Website **must be submitted** by no later than _____, 2016 and Proof of Claims submitted by mail **must be postmarked** by no later than _____, 2016.

If you do not timely submit a completed and valid Proof of Claim, you will not receive a Claim Payment; however, unless you timely and properly exclude yourself from the Class as described below (see Question 16), you will still be bound in all other respects by any judgment entered in the Actions and by the terms of the Settlement Agreement (including the release of Defendant) if approved by the Court.

## 8.   WHEN WOULD I GET MY DISTRIBUTION CHECK?

The Court will hold a Settlement Hearing on _____, 2016, at ___:___ _.m., to decide whether to approve the proposed Settlement. If the Court approves the Settlement, there may be appeals. It is always uncertain whether these appeals can be resolved favorably, and resolving them can take time, perhaps more than a year. It also takes time for all the Proof of Claims to be evaluated to determine if they were timely submitted, complete and valid. The Settlement Agreement provides that Distribution Checks will start being made within 44 days after all such issues have been resolved and the Court's judgment becomes final. Please be patient.

## 9.   WHAT AM I GIVING UP TO GET A PAYMENT?

If the Court approves the proposed Settlement, it will enter a Judgment containing, among other things, a release which provides that, upon the Effective Date, each of the Class Representatives and each Settlement Class Member, on behalf of themselves, and each of their heirs, executors, trustees, administrators, beneficiaries, predecessors, successors and assigns, and any other person claiming by, through or on behalf of them, shall be deemed by operation of law (a) to have released, waived, discharged and dismissed each and every of the Settled Claims, as defined in the Settlement Agreement, against the Released Parties; (b) shall forever be enjoined from commencing, instituting or prosecuting any or all of the Settled Claims against any of the Released Parties; and (c) shall not institute, continue, maintain or assert, either directly or indirectly, whether in the United States or elsewhere, on their own behalf or on behalf of any class or any other person, any action, suit, cause of action, claim or demand against any person

9

or entity who may claim any form of contribution or indemnity from any of the Released Parties in respect of any Settled Claim.

The above description of the release applicable to the Class Representatives and Settlement Class Members set forth in the Settlement Agreement is only a summary. The complete terms, including the definitions of capitalized terms not defined in this Class Notice, are set forth in the Settlement Agreement, which you may obtain from the Settlement Website by visiting the section entitled "Settlement Filings" or by contacting the Settlement Administrator or Class Counsel at the contact information listed above (see Question 3).

If you want the right to sue Bank of America on your own about the submission of a satisfaction of mortgage, you must exclude yourself from the Settlement Class in the Actions. If you exclude yourself, you will not be eligible to recover any benefits as a result of the settlement of the Actions.

## 10.   DO I NEED TO CONTACT CLASS COUNSEL TO RECEIVE A DISTRIBUTION CHECK?

No. If you timely submit a completed and valid Proof of Claim, you need not contact Class Counsel. If, however, you require any information about the proposed Settlement that is not otherwise available on the Settlement Website or you prefer not to review the Settlement Website to obtain information about the proposed Settlement, you may contact, as appropriate, either the Settlement Administrator or Class Counsel at the contact information listed above (see Question 3).

## 11.   WILL THERE BE ANY PAYMENTS IF THE SETTLEMENT AGREEMENT IS TERMINATED?

No. The Settlement Agreement may be terminated under several circumstances outlined in it. If the Settlement Agreement is terminated, the Actions will proceed as if the Settlement Agreement had not been entered into.

## 12.   DO I HAVE A LAWYER IN THIS CASE?

Yes. Class Counsel has been preliminarily appointed by the Court to represent the Class Representatives and Class Members. They are experienced in handling similar cases against other mortgage servicers. You will not be charged any fees nor incur any costs by contacting Class Counsel concerning any questions you may have regarding the Actions or the proposed Settlement. Class Counsel may be contacted at the contact information listed above (see Question 3).

## 13.   SHOULD I GET MY OWN LAWYER?

**You do not need to hire your own lawyer because Class Counsel is working on your behalf. If you want your own lawyer, you may hire one at your own cost.**

{00275685 }
\\NY - 080945/001224 - 4406976 v6

**14.   HOW WILL CLASS COUNSEL BE PAID?**

Class Counsel will file a motion for an award of Class Counsel Fees, consisting of their attorneys' fees and the reimbursement of their costs and expenses incurred in the Actions. That motion will be considered by the Court at the Settlement Hearing. Class Counsel will limit their application for an award of attorneys' fees to $1.5 million and for reimbursement of costs and expenses to $20,000. Such sums as may be approved by the Court will be paid by Bank of America. Class Members are not personally liable for any Class Counsel Fees that may be awarded by the Court nor for any attorneys' fees, costs or expenses incurred by Class Counsel in prosecuting the Actions.

The Class Counsel Fees requested will be the only payment to Class Counsel for their efforts in achieving the proposed Settlement and for their risk in undertaking this representation on a wholly contingent basis. Class Counsel has committed significant time and expense in litigating the Actions for the benefit of the Class. To date, Class Counsel has not been paid for their services in prosecuting the Actions on behalf of the Class Representatives and the Class or reimbursed for their costs and expenses. The Class Counsel Fees requested will compensate Class Counsel for their work in achieving the proposed Settlement. The Court will decide what a reasonable Class Counsel Fee award is and may award less than the amount requested by Class Counsel.

**15.   WILL THE CLASS REPRESENTATIVES SEEK AN AWARD IN ADDITION TO THE CLAIM PAYMENTS THAT OTHER CLASS MEMBERS MAY RECEIVE?**

Yes. The Class Representatives will request that the Court award each Class Representative a Service Award of no more than $5,000 for the time and effort expended in representing the Class in the Actions. The Court will consider the Class Representatives' request at the Settlement Hearing. Such sums as may be approved by the Court will be paid by Bank of America. Class Members are not personally liable for any Service Award that the Court may award.

**16.   CAN I EXCLUDE MYSELF FROM THE CLASS?**

Yes. If you do not want to receive a Claim Payment from the proposed Settlement and you want to keep your right, if any, to sue Defendant, at your own expense, concerning the claims raised in the Actions, then you must take steps to exclude yourself from the Class.

To exclude yourself from the Class, you must submit a written request, by first class mail, postage pre-paid, to the Court with a copy to Class Counsel and Defendant's counsel, saying that you want to be excluded the Settlement. To be valid, your exclusion request must include:

- Your full name, current mailing address, and e-mail address (if any);
- The unique identification number provided on the notice mailed directly to you or the address of the Mortgaged Property for which you were the Mortgagor Party;
- The following statement "I/we request to be excluded from the class settlement in *Jaffe et al. v. Bank of America, N.A.*, No. 13-cv-04866-VB (S.D.N.Y.) and *Whittenburg et al. v. Bank of America, N.A., et al.*, No. 14-cv-00947-VB (S.D.N.Y.); and

- Your signature as well as the signature of any other co-owner of the Mortgaged Property.

You must mail your exclusion request to the three addresses that appear below so that it is received no later than [date].

Requests for exclusion from the Settlement Class that are not received on or before [date] will not be honored. You cannot exclude yourself from the Settlement Class by telephone or e-mail. You cannot exclude yourself by mailing a request to any other location, or after the deadline. You cannot exclude yourself by having an actual or purported agent or attorney acting on behalf of you or a group of Settlement Class members sign the letter. You must personally sign the letter to be excluded from the class.

If you make a proper request for exclusion, you will not receive a Claim Payment from the Settlement; you cannot object to the proposed Settlement; and you will not be legally bound by any judgments that may be entered in the Actions or by the terms of the proposed Settlement, if approved by the Court.

## 17.   IF I EXCLUDE MYSELF FROM THE CLASS, CAN I STILL GET MONEY FROM THE SETTLEMENT?

No.  If you exclude yourself from the Class, do not submit a Proof of Claim to ask for any recovery from the Settlement because you will no longer be a member of the Class and, as such, will not be eligible for any recovery from the proposed Settlement, if approved.

## 18.   CAN I OBJECT TO THE PROPOSED SETTLEMENT, CLASS COUNSEL'S REQUEST FOR CLASS COUNSEL FEES OR THE CLASS REPRESENTATIVES' REQUEST FOR A SERVICE AWARD?

Yes.  If you are a Class Member and have not requested to exclude yourself from the Class, you can object to the Settlement, or any part of it, as well as to Class Counsel's request for Class Counsel Fees and the Class Representatives' request for a Service Award.

To object, you **must**, by no later than postmark on _____, **2016**, have filed in writing your objection and any supporting papers with the Court (accompanied by due proof of service upon counsel for the Settling Parties) and have served, by hand, mail or overnight delivery, copies of all such written filings on counsel for the Settling Parties at the following addresses:

**To the Court:**

Clerk of Court
United States District Court, Southern District of New York
The Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse
300 Quarropas Street
White Plains, NY 10601-4150

{00275685 }
\\NY - 080945/001224 - 4406976 v6

**To Class Counsel:**

> Todd S. Garber
> D. Gregory Blankinship
> **FINKELSTEIN, BLANKINSHIP, FREI-PEARSON & GARBER LLP**
> 1311 Mamaroneck Avenue, Suite 220
> White Plains, NY 10605

**To Defendant's Counsel:**

> Christine Cesare
> **BRYAN CAVE LLP**
> 1290 Avenue of the Americas
> New York, NY 10104

In addition, your written objection **must** include all of the following information: (a) your name and current mailing address; (b) the unique identification number provided on the notice mailed directly to you or the address of the Mortgaged Property for which you were the Mortgagor Party; and (c) a signed statement that you object to the Settlement in *Jaffe et al. v. Bank of America, N.A.,* No. 13-cv-04866-VB (S.D.N.Y.) and *Whittenburg et al. v. Bank of America, N.A., et al.,* No. 14-cv-00947-VB (S.D.N.Y.), and (d) the factual and/or legal grounds for objecting, and documents supporting your objection.

If you intend to appear at the fairness hearing through counsel, your comment must also state the identity of all attorneys representing you who will appear at the fairness hearing. Be sure to send your objection to each of the three different places set forth above such that it is received no later than **[date]**.

Attendance at the Settlement Hearing is not necessary for you to object to any matters to be presented at the Settlement Hearing. If you or your representative wish to appear, however, to be heard orally to oppose any matters to be presented at the Settlement Hearing (including the approval of the Settlement) and/or present evidence at the Settlement Hearing, you must include with the filing and service of your written objection a notice of your intent to appear at the Settlement Hearing and the identity of any witnesses you may seek to call to testify and exhibits you may seek to introduce into evidence at the Settlement Hearing.

Unless the Court orders otherwise, no Class Member or other person shall be entitled to object to any matters to be presented at the Settlement Hearing, or otherwise be heard at the Settlement Hearing, except by serving and filing written objections as described above. Any Class Member who does not object in the manner prescribed above shall be deemed to have waived such objection and shall be bound by any judgments entered in the Actions and all the terms of the Settlement Agreement, if approved by the Court, unless the Class Member has properly requested to be excluded from the Class.

**19.    WHAT IS THE DIFFERENCE BETWEEN OBJECTING TO THE PROPOSED SETTLEMENT AND EXCLUDING YOURSELF FROM THE CLASS?**

Objecting is simply telling the Court that you do not like the Settlement or some part of it. You can only object if you remain a Class Member. Excluding yourself is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the Actions and the proposed Settlement no longer affect you.

**20.    WHEN WILL THE SETTLEMENT HEARING TAKE PLACE AND WHAT WILL BE ADDRESSED?**

The Settlement Hearing will be held on _____, 2016, at __:__ _.m., before the Honorable Vincent L. Briccetti at the United States District Court, Southern District of New York, The Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse, 300 Quarropas St., White Plains, NY 10601-4150, for the purpose of determining whether (a) the proposed Settlement, as embodied in the Settlement Agreement, is fair, reasonable, and adequate, and should be approved; (b) to enter the Judgment, substantially in the form attached as Exhibit _ to the Settlement Agreement, which, among other things, provides for the dismissal of the Actions with prejudice and the release by the Class Representatives and Class Members of the Settled Claims against the Released Parties; (c) the Actions should be finally certified, for settlement purposes, as a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure; (d) to grant Class Counsel's application for an award of Class Counsel Fees; (e) to grant the Class Representatives' request for a Service Award; and (f) to rule upon such other matters as the Court may deem appropriate.

**21.    MAY I SPEAK AT THE SETTLEMENT HEARING?**

Yes. If you or your representative, however, wish to raise an objection at the Settlement Hearing to any matter to be addressed at the Settlement Hearing, then you must first inform the Court and counsel for the Settling Parties of your intention to speak according to the instructions set forth in Question 18. You cannot speak at the Settlement Hearing if you properly requested to exclude yourself from the Class.

**22.    DO I HAVE TO COME TO THE SETTLEMENT HEARING?**

No. Class Counsel will answer any questions the Court may have, but you are welcome to come at your own expense. If you file and serve an objection to the proposed Settlement (or any part of it) according to the instructions set forth in Question 18, you need not appear at the Settlement Hearing to talk about it. So long as you complied with the requirements for filing and serving an objection as set forth in Question 18, the Court will consider it. You may also pay your own lawyer to attend the Settlement Hearing, but it is not necessary.

**23.    WHAT HAPPENS IF I DO NOTHING?**

If you do nothing, you will not receive any money from the Settlement. But, unless you properly request to exclude yourself from the Class, you will be bound by any judgment, whether

or not favorable to you, that the Court may enter in the Actions and by all the terms of the Settlement Agreement (including the release of Defendant), if approved by the Court.

### 24.   WILL I HAVE TO PAY TAX ON A CLAIM PAYMENT I AM ELIGIBLE TO RECEIVE FROM THE SETTLEMENT?

The Settlement Administrator shall report to the United States Internal Revenue Service on IRS Form 1099-MISC any Claim Payment made to an Authorized Claimant in the amount of $600 or more.  The Settlement Administrator will not withhold any Claim Payment, or portion thereof, for tax or any other purposes.  The tax treatment of any Claim Payment you may be eligible to receive is your responsibility, including whether you are subject to tax withholding and, if so, what steps, if any, you may or must take to accept a distribution that does not withhold any funds for tax purposes.  Neither the Settlement Administrator nor the Settling Parties and their counsel (including Class Counsel and Defendant's counsel) can provide you with individual tax advice.  Accordingly, you should consult your tax advisor if you are not certain about the tax treatment of a Claim Payment you may be eligible to receive from the Settlement.

### 25.   HOW DO I OBTAIN ADDITIONAL INFORMATION?

This Class Notice contains only a summary of the terms of the proposed Settlement.  The records in the Actions may be examined and copied at any time during regular office hours, and subject to customary copying fees, at the office of the Clerk of Court, United States District Court, Southern District of New York, The Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse, 300 Quarropas St., White Plains, NY 10601-4150.  In addition, settlement-related documents, including the Proof of Claim, Settlement Agreement and Preliminary Approval Order, may be obtained by visiting the Settlement Website or by contacting the Settlement Administrator in the manner and at the contact details set forth above (see Question 3).

**PLEASE DO NOT WRITE TO OR TELEPHONE THE COURT FOR INFORMATION.**

{00275685 }
\\NY - 080945/001224 - 4406976 v6

# EXHIBIT 2

{00275685 }

NY Lien Settlement
Settlement Administrator
PO Box 2995
Portland, OR 97208-2995

FIRST-CLASS MAIL
U.S. POSTAGE PAID
Portland, OR
PERMIT NO. ####

<NAME LINE 1>
<ADDRESS LINE 1>
<ADDRESS LINE 2>
<CITY, STATE ZIP>
<COUNTRY>

---

*A Federal Court authorized this Notice. This is not a solicitation.*

### If you owned a qualifying New York home between July 12, 2010 and November 27, 2015, you could receive between $180 and $780 from a class action settlement.

The Mortgaged Property address is: #### Main. St., Anytown, NY #####

Your claim number is: _____

**If you fail to timely act, you will be bound by the proposed settlement (including the release of the defendant), if approved by the Court, but not eligible to receive any settlement amount.**

A proposed class action Settlement has been reached in a lawsuit that claims Bank of America, N.A. failed to present a satisfaction of mortgage on certain New York real estate within the time required by New York law. The Defendant denies it violated any laws, and the Court has not determined who is right. The parties have agreed to settle the lawsuit to avoid the uncertainties and expenses of ongoing litigation.

**How do I know if I am a Class Member?** The Settlement Class includes owners of New York properties where there was a mortgage upon the property and where Bank of America failed to present a satisfaction of mortgage to the county clerk's office within the time required by New York law after the loan was paid off. Our records indicate you may have owned such a property.

**What can I get from the Settlement?** If you are a Class Member and if the Court approves the Settlement, you may receive a payment which can range from $180-$780 depending on when the satisfaction of mortgage for the Mortgaged Property was presented to the county.

**How do I submit a claim for Payment?** To qualify for a payment, you must submit a timely and properly completed Claim Form under penalty of perjury. You may submit a Claim Form online at the website, or you can call the toll-free number to request a paper form. Claim Forms must be signed and postmarked or submitted through the Settlement website by Month Day, 2016.

**Lawyer Assistance.** Class Counsel represents the Settlement Class as a whole. If you want your own lawyer, you may hire one at your own cost.

**Other options.** If you do not want to be legally bound by the Settlement, you must exclude yourself by Month Day, 2016. If you stay in the Settlement, you may object to it by Month Day, 2016. The Court will hold a hearing on Month Day, 2016 to consider whether to approve the Settlement and a request by Class Counsel for attorneys' fees up to $1,500,000 and service awards for the Class Representatives of $5,000 each. The Court may award less than these amounts. Detailed information about the Settlement, including specific instructions about how to object to, or exclude yourself from, the Settlement are available at the website.

{00275685 }

# EXHIBIT 3

{00275685 }

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DENISE JAFFE and DANIEL ADLER, in their capacity as co-executors of Milton Adler's estate, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> BANK OF AMERICA, N.A., <br><br> Defendant. | Civil Action No. 13-cv-4866 (VB) |
| DERECK WHITTENBURG and JACQUELINE WHITTENBURG, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> BANK OF AMERICA, N.A., <br><br> Defendant. | Civil Action No. 14-cv-0947 (VB) |

## PROOF OF CLAIM

**TO BE ELIGIBLE TO RECEIVE A CLAIM PAYMENT IN THE SETTLEMENT OF THE ABOVE-CAPTIONED ACTIONS (THE "SETTLEMENT"), PLEASE PROVIDE THE INFORMATION REQUESTED BELOW AND SUBMIT THIS FORM CONSISTENT WITH THE INSTRUCTIONS SET FORTH AT THE END. ALL CO-OWNERS OF A MORTGAGED PROPERTY MUST SIGN AND SUBMIT A PROOF OF CLAIM.**

1.   <u>Notice Identification Number</u>:

Please state the Notice Identification Number that was printed on the Postcard Notice you received informing you of this settlement: _____

{00275685 }

2.      <u>Claimant/Mortgaged Property Owner</u>:

_____

*First*                              *Middle*                        *Last*

_____

*Last four (4) digits of your Social Security Number*

3.      <u>Claimant/Mortgaged Property Co-Owner (*if applicable*)</u>:

_____

*First*                              *Middle*                        *Last*

_____

*Last four (4) digits of co-owner's Social Security Number*

4.      **Your current preferred mailing address**:

_____

Street Address (including apartment number, if applicable)

_____

City, State and ZIP code

5.      **Your current preferred phone number and e-mail address:**
(optional)

(__ __ __) __ __ __ - __ __ __ __
Phone Number

_____

E-mail Address

6.      Are you subject to a bankruptcy trustee or bankruptcy court order, request or demand requiring that the settlement benefit be paid to the trustee or to the court?

{00275685 }                                    2

Yes _____   No _____

If you answered "Yes," provide full contact information for the trustee or court to which your settlement benefit must be paid:

_____

_____

_____

7.   *Verifications of Claimants/Owners of Mortgaged Property*

*I/we declare under penalty of perjury under the laws of the United States of America:*

- *that the information provided on this form is true to the best of my/our knowledge;*

- *that I/we have not previously received payment for any alleged violation of New York Real property Actions and Proceedings Law § 1921 and New York Real Property Law § 275, including failing to transmit properly a satisfaction or cancellation of the security instrument for the Settlement Property; and*

- *that I/we am not: a partner, associate, officer, director, or employee of Bank of America, N.A. or its subsidiaries or affiliates; or a judge or magistrate of the United States or any state, or their spouse.*

**REQUIRED SIGNATURE (ALL OWNERS OF A MORTGAGED PROPERTY MUST SIGN):**

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.  EXECUTED ON THE DATE SET FORTH BELOW

_____          _____
Signature                                                            Date


_____          _____
Co-Owner (if applicable)                                      Date

{00275685 }

4

**INSTRUCTIONS:**

1.  All information required to be supplied should be typed or legibly written.

2.  This form may be submitted either (a) on-line at www.**NYLienSettlement**.com (the "Settlement Website") at the section entitled "Submit A Proof Of Claim" or (b) by mail, first class postage pre-paid, addressed as followed:

    > NY Lien Settlement
    > Settlement Administrator
    > PO Box 2995
    > Portland, OR 97208-2995

    Please submit only one Proof of Claim unless contacted by the Settlement Administrator (Epiq Systems Class Action and Claims Solutions) who instructs you to submit a Revised Proof of Claim and, in such event, submit the Revised Proof of Claim consistent with such instructions.

3.  **The Proof of Claim must be submitted on-line through the Settlement Website no later than _____, 2016 or by mail, at the address set forth above, post-marked no later than _____, 2016. If you fail to timely submit your Proof of Claim, it will be rejected and you will not be eligible to receive a Claim Payment from the Settlement.**

    You will have received your Unique Identification Number on the settlement notice postcards mailed directly to you. If you did not receive such notices or have misplaced them, contact Class Counsel, D. Gregory Blankinship and Todd S. Garber of the law firm of Finkelstein, Blankinship, Frei-Pearson & Garber LLP, by calling them at (844) 323-4999.

4.  You will not incur any charges or costs for contacting Class Counsel.

5.  Use of the Unique Identification Number will cause portions of the on-line form to be automatically completed and will also reveal the amount of the Claim Payment you will receive if the Court approves the Settlement. If your current mailing address is incorrect or has changed, please manually change the address in Item 3.

6.  Item 5 is not required to be completed. The information requested, however, will allow the Settlement Administrator to quickly contact you, if necessary.

7.  To confirm whether you are a Class Member, use either of the following options: First, visit the Settlement Website and go to the section entitled "Are You a Class Member." Use the search feature of the Settlement Website to find if the address of the residential mortgage serviced by Bank of America, N.A., that you fully paid or satisfied between July 12, 2010 and November 27, 2015 is listed. Second, request confirmation from Class Counsel.

8.  If you believe you belong in a different Claim Payment Group and are entitled to be placed in a Claim Payment Group that provides a greater Claim Payment, please provide a written statement with proof supporting your reassignment.

9.  A Benefits Check will be issued jointly payable to all Class Members identified as property co-owners on the approved Valid Claim Form.

{00275685 }

6