UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
DENISE JAFFE and DANIEL ADLER, in their        :
capacity as co-executors of Milton Adler's estate,   :
on behalf of themselves and all others similarly     :
situated,                                            :
                        Plaintiffs,           :        **OPINION AND ORDER**
                                              :
v.                                            :        13 CV 4866 (VB)
                                              :
BANK OF AMERICA, N.A.,                        :
                        Defendant.            :
------------------------------------------------------------x
DEREK WHITTENBURG and JACQUELINE    :
WHITTENBURG, on behalf of themselves and all   :
others similarly situated,                     :
                        Plaintiffs,           :
                                              :        14 CV 947 (VB)
v.                                            :
                                              :
BANK OF AMERICA, N.A.,                        :
                        Defendant.            :
------------------------------------------------------------x

Briccetti, J.:

        In these putative class actions, plaintiffs Denise Jaffe and Daniel Adler, in their capacity

as co-executors of Milton Adler's estate, as well as Derek and Jacqueline Whittenburg, allege

defendant Bank of America, N.A., systematically fails to file timely mortgage satisfaction

notices for recording, in violation of Section 275 of the New York Real Property Law ("RPL

§ 275"), and Section 1921 of the New York Real Property Actions and Proceedings Law

("RPAPL § 1921," together, "the statutes").

        The Court preliminarily approved a class-action settlement of both actions and

conditionally certified a class on March 7, 2016.  (Doc. #92[1]).  Since then, the Supreme Court

_____

[1]        Unless otherwise specified, all citations to the docket refer to documents in both dockets,
but refer to the docket numbers from Adler v. Bank of Am., N.A., 13 CV 4866 (S.D.N.Y.).

decided Spokeo, Inc. v. Robins, 136 S. Ct. 1540 (2016), which concerned the injury-in-fact requirement for Article III standing and how it is affected by statutory causes of action.

The Court previously ruled it had "satisfied itself that plaintiff[s] ha[ve] Article III standing." Adler v. Bank of Am., N.A., 2014 WL 3887224, at *2, n.3 (S.D.N.Y. July 17, 2014). However, the Court has an ongoing obligation to scrutinize its own subject matter jurisdiction. See Fed. R. Civ. P. 12(h)(3).

Accordingly, this Opinion and Order addresses whether plaintiffs have Article III standing in light of Spokeo, Inc. v. Robins.  For the reasons set forth below, plaintiffs have standing.

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

## BACKGROUND

Plaintiffs bring claims for defendant's alleged violation of RPL § 275 and RPAPL § 1921.[2]  Plaintiffs claim defendant violated the rights of all class members by "fail[ing] to

---

[2]     RPL § 275 provides in relevant part:

> Whenever a mortgage upon real property is due and payable, and the full amount of principal and interest due on the mortgage is paid, a certificate of discharge of mortgage shall be given to the mortgagor . . . . The person signing the certificate shall, within thirty days thereafter, arrange to have the certificate presented for recording to the recording officer of the county where the mortgage is recorded. Failure by a mortgagee to present a certificate of discharge for recording shall result in the mortgagee being liable to the mortgagor in the amount of five hundred dollars if he or she fails to present such certificate within thirty days, shall result in the mortgagee being liable to the mortgagor in the amount of one thousand dollars if he or she fails to present a certificate of discharge for recording within sixty days and shall result in the mortgagee being liable to the mortgagor in the amount of one thousand five hundred dollars if he or she fails to present a certificate of discharge for recording within ninety days.

present a certificate of discharge or satisfaction of mortgage within [thirty] days [of the mortgage being paid off] to the recording officer of the county where the mortgage was recorded." (Definition of "Class," Stipulation and Agreement of Settlement ¶ 2.6).  Under the statutes, a mortgagee shall be liable to a mortgagor for statutory damages in an amount that increases depending on how much time elapsed between the mortgagor fully paying off the mortgage and the mortgagee filing the mortgage satisfaction notice: $500 if between thirty-one and sixty days; $1000 if between sixty-one and ninety days; and $1500 if ninety-one days or more.

According to plaintiffs, the statutes' requirement, that mortgagees file timely mortgage satisfaction notices, is "no mere procedural peccadillo. . . . The failure to timely present a mortgage satisfaction can [] frustrate landowners who need a marketable title to complete a property sale."  (Adler v. Bank of Am., N.A., Am. Compl. ¶ 9).

Plaintiffs claim they are entitled to statutory damages based solely on defendant's alleged violations of the statutes.  Put another way, plaintiffs do not allege they suffered any additional harm based on defendant's failure to timely file the proper documentation.

---

RPL § 275.  The terms "certificate of discharge" and "satisfaction of mortgage" are used interchangeably.

RPAPL § 1921 provides in relevant part:

> Failure by a mortgagee to present a certificate of discharge for recording shall result in the mortgagee being liable to the mortgagor in the amount of five hundred dollars if he or she fails to present such certificate within thirty days, shall result in the mortgagee being liable to the mortgagor in the amount of one thousand dollars if he or she fails to present a certificate of discharge for recording within sixty days or shall result in the mortgagee being liable to the mortgagor in the amount of one thousand five hundred dollars if he or she fails to present a certificate of discharge for recording within ninety days.

RPAPL § 1921.

The Court is aware of several other putative class action lawsuits against various financial institutions bringing substantively identical claims.  See Villanueva v. Wells Fargo Bank, N.A., 13 CV 5429 (S.D.N.Y.); Zia v. CitiMortgage, Inc., 15 CV 23026 (S.D. Fl.); Zink v. First Niagara Bank, N.A., 13 CV 1076 (W.D.N.Y.).  In each of these cases, the court stayed the action pending the Supreme Court's decision in Spokeo, Inc. v. Robins.  (Doc. #97).  In the present case, on May 4, 2016, the Court declined to stay the action, but solicited briefing from the parties setting forth their positions on the impact of the Supreme Court's decision.  (Doc. #100).

Plaintiffs argue Spokeo, Inc. v. Robins has not materially altered the standing doctrine, and thus the Court should adhere to its prior finding that plaintiffs have standing in this case. (Doc. #105).  Moreover, plaintiffs contend defendant's alleged failure to timely file mortgage satisfaction notices with the county is a concrete injury because the statutes create a mortgagor's legal right to the mortgagee's timely filing of such a notice.

Defendant initially declined to express an opinion on the standing issue so as not to violate the parties' settlement agreement.  (Doc. #104).  After the Court held defendant could set forth its position on the impact of Spokeo, Inc. v. Robins without violating the agreement (Doc. #107), defendant argued the violation of the statutes does not constitute a concrete injury because it is a "bare procedural violation, divorced from any concrete harm."  (Doc. #108 at 5).

Of the cases listed above, thus far, only the court in Zink v. First Niagara Bank, N.A., has opined on the standing issue in light of Spokeo Inc. v. Robins.  See 13 CV 1076 (Doc. #119) (W.D.N.Y. July 1, 2016).  In a well-reasoned opinion, Magistrate Judge Jeremiah J. McCarthy held, for the purposes of preliminary approval of a class action settlement, that the named plaintiff has Article III standing.

**DISCUSSION**

If plaintiffs lack Article III standing, a court lacks subject matter jurisdiction to hear their claim.  Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C., 433 F.3d 181, 198 (2d Cir. 2005).  The Supreme Court has held that constitutional standing requires a plaintiff to establish at minimum three elements: (i) he or she suffered an "injury in fact"; (ii) a causal connection between the injury and defendant's conduct; and (iii) a federal court decision is likely to redress the injury.  Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).

"To establish injury in fact, a plaintiff must show that he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical."  Spokeo, Inc. v. Robins, 136 S. Ct. at 1548 (internal quotations omitted).  In Spokeo, Inc. v. Robins, the Supreme Court clarified that "concreteness" and "particularization" are two separate inquiries.  See id.  "Concreteness" means the injury must be "'real, and not abstract,'" though not necessarily "tangible."  Id. at 1548-49.  (internal quotations omitted).  "Particularization" means the injury "must affect the plaintiff in a personal and individual way."  Id. at 1548 (internal quotations omitted).

One factor in determining whether an intangible injury is nevertheless concrete is whether Congress, via statute, has "define[d the] injur[y] and articulate[d] chains of causation that [] give rise to a case or controversy where none existed before."  Spokeo, Inc. v. Robins, 136 S. Ct. at 1549 (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 580 (1992) (Kennedy, J., concurring in part and concurring in judgment)).  That is, a statute may grant an individual a statutory right he or she would not otherwise have, the violation of which constitutes an injury in

fact.  Id.  In such a case, a plaintiff "need not allege any <u>additional</u> harm" beyond the violation of the right.  Id.

On the other hand, a plaintiff does not "automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right," such as when a plaintiff sues to vindicate "a bare procedural violation divorced from any concrete harm."  <u>Spokeo, Inc. v. Robins</u>, 136 S. Ct. at 1549.  Nevertheless, "the violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact."  Id.

To illustrate what differentiates a procedural violation that constitutes an injury in fact from a "bare" procedural violation, the Supreme Court in <u>Spokeo, Inc. v. Robins</u> cited several examples of rights whose violation presented "the risk of real harm," but whose "harms may be difficult to prove or measure," including the common law tort of slander <u>per se</u> and "a group of voters' 'inability to obtain information' that Congress had decided to make public."  136 S. Ct. at 1549-50 (citing Restatement (First) of Torts §§ 569 (libel), 570 (1938); <u>Fed. Election Comm'n v. Akins</u>, 524 U.S. 11, 20-25 (1998)).  In contrast, the Court suggested if a consumer reporting agency disclosed information about a person but listed an incorrect zip code, this would be a bare procedural violation of the Fair Credit Reporting Act because it would not "present any material risk of harm."  Id. at 1550.

In short, in determining whether a procedural violation of a statutory right creates standing, the Court should look to whether the violation "entail[s] a degree of risk sufficient to meet the concreteness requirement."  <u>Spokeo, Inc. v. Robins</u>, 136 S. Ct. at 1550.

With this guidance in mind, the Court turns to the present case.

I.     Concreteness

The Court finds the concreteness requirement is met because RPL § 275 and RPAPL § 1921 create a procedural right, namely, the right to a timely filed mortgage satisfaction notice, the violation of which is a concrete injury.

As an initial matter, it is an open question in the Second Circuit whether a state statute can define a concrete injury for the purposes of Article III standing.  See Ross v. AXA Equitable Life Ins. Co., 115 F. Supp. 3d 424, 434 (S.D.N.Y. 2015) ("[T]he Court is not aware of (and Plaintiffs do not cite) any authority suggesting that a state legislature can confer Article III standing upon a plaintiff who suffers no concrete harm merely by authorizing a private right of action based on a bare violation of a state statute.").

However, the Seventh and Ninth Circuits have held state statutes, like federal statutes, may define an injury for Article III standing.  See FMC Corp. v. Boesky, 852 F.2d 981, 993 (7th Cir. 1988) ("[T]he actual or threatened injury required by Art. III may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing. . . . The same must also be true of legal rights growing out of state law."); Cantrell v. City of Long Beach, 241 F.3d 674, 684 (9th Cir. 2001) ("[S]tate law can create interests that support standing in federal courts.  If that were not so, there would not be Article III standing in most diversity cases."); see also Utah ex rel. Div. of Forestry, Fire & State Lands v. United States, 528 F.3d 712 (10th Cir. 2008) ("Although Article III standing is a question of federal law, state law may create the asserted legal interest.").

The Court finds the reasoning of these circuits persuasive, and holds that a state statute, like a federal statute, may create a legal right, the invasion of which may constitute a concrete injury for Article III purposes.

Moreover, the Court holds the state statutes at issue here create a legal right, the invasion of which constitutes a concrete injury.

As alleged, when defendant violated plaintiffs' statutory right to a timely filed mortgage satisfaction notice, it created a "real risk of harm" by clouding the titles to their respective properties.  See Spokeo, Inc. v. Robins, 136 S. Ct. at 1549.  The State Legislature has provided a private right of action and a heuristic for quantifying damages, possibly in recognition of both the concreteness of this harm and the difficulty in otherwise measuring damages.  The types of harm the statutes protect against are real.  Because to the public, these mortgages appeared not to have been satisfied, plaintiffs could have realized that harm if they had, for example, tried to sell or encumber the subject property, or tried to finance another property and been subjected to a credit check.  Through no fault of their own, plaintiffs would have faced unnecessary obstacles to their goals.  Whether such harm actually was realized is of no moment, because a plaintiff "need not allege any additional harm" beyond the violation of the statutory right.  Id.

The injury recognized by RPL § 275 and RPAPL § 1921 is no less concrete than the examples of intangible, concrete injuries given by the Supreme Court in Spokeo, Inc. v. Robins.  "Timely, clear title" is a right just as recognizable as one's good name, see Restatement (First) of Torts §§ 569 (libel), 570, or one's ability to be an informed voter, see Fed. Election Comm'n v. Akins, 524 U.S. at 20-25.  See also Donoghue v. Bulldog Inv'rs Gen. P'ship, 696 F.3d 170, 177-78 (2d Cir. 2012) (violation of securities issuer's statutorily-created "interest in maintaining a reputation of integrity, an image of probity . . . and in insuring the continued public acceptance and marketability of its stock" was a concrete injury) (internal quotations omitted).

For these reasons, and for the reasons articulated by Magistrate Judge McCarthy in Zink v. First Niagara Bank, N.A., 13 CV 1076 (Doc. #119), plaintiffs' alleged injury is concrete.

II.   <u>Particularity</u>

The Court is untroubled by the particularity requirement.  Each plaintiff claims his or her

<u>individual</u> right to a timely filed mortgage satisfaction notice was violated, because defendant

failed to timely file such a document for each property after each individual had fully paid off his

or her mortgage.  Therefore, the injury is particular to each plaintiff.

III.   <u>Traceability and Redressability</u>

Given that plaintiffs were injured by failing to receive timely filed mortgage satisfaction

notices, there is a causal connection between this injury and defendant's conduct.  Indeed, it was

defendant who allegedly failed to timely file these documents.  Moreover, the award of statutory

damages to compensate plaintiffs for their injuries would redress these injuries.

## CONCLUSION

Plaintiffs have standing.  Therefore, this action will not be dismissed for lack of subject

matter jurisdiction.

Dated: July 15, 2016
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge